IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF
REPRESENTATIVES, *et al.*,

    *Defendants*.

                            /

## **JOINT SCHEDULING REPORT**

The parties met telephonically for their Rule 26(f) conference on July 2, 2024. Nicholas Warren, Patrick Jones, and Emily Murphy appeared on behalf of Plaintiffs. Andy Bardos and David Axelman appeared on behalf of Defendant Florida House of Representatives. Mohammad Jazil and Michael Beato appeared on behalf of Defendant Secretary of State.

## I. DISCOVERY PLAN

Pursuant to Rule 26(f)(3) and Local Rule 16.1(b)(2), the parties discussed a discovery plan:

A. **Initial disclosures:** The parties agree to exchange initial disclosures by 7/16/24.

B. **Discovery:**

    a. **Scope:** Plaintiffs intend to seek discovery on (1) whether race predominated in the drawing of the challenged districts; (2) whether the use of race was narrowly tailored to a compelling interest; (3) the administrability of a remedial decree; and (4) affirmative defenses. The topics on which Defendants intend to seek discovery include Plaintiffs' standing, Plaintiffs' expert evidence, any alternative maps that Plaintiffs intend to present, and any affirmative defenses that might be raised.

    b. **Timing:** The parties agree to separate deadlines for documentary discovery and other discovery. The parties propose a 12/31/24 deadline to complete document productions and a 2/27/25 deadline to complete all other discovery.

## II. OTHER MATTERS

Pursuant to Local Rule 16.1(b)(2), the parties discussed the following issues:

A. **Likelihood of settlement:** The parties agree that, at this juncture, settlement is not likely.

1

B. **Likelihood of appearance of additional parties:** It is possible that Plaintiffs will seek to add other plaintiffs. Additional defendants are not likely.

C. **Proposed limits on the time:**
   a. **To join other parties and to amend the pleadings:** 9/13/24.
   b. **To file pretrial motions:** 6/23/25.
   c. **To hear pretrial motions:** 8/11/25.
   d. **To complete discovery:** The parties agree it will be beneficial to establish separate deadlines to complete document productions and to complete all other discovery.

   The parties propose a 12/31/24 deadline to complete document productions (*i.e.*, a 12/1/24 deadline to serve requests for production) and a 2/27/25 deadline to complete all other discovery. The parties do not intend their proposed document-production deadline to abridge the time periods set forth in Local Rule 26.1(g)(2) or to limit the parties' continuing duty to supplement under Rule 26(e).

D. **Proposals for:**
   a. **The formulation and simplification of issues, including the elimination of frivolous claims or defenses:** The parties will work to simplify the issues for trial. Plaintiffs filed a First Amended Complaint (ECF No. 31) eliminating certain claims, simplifying issues, and dropping two parties in response to the House's Motion to Dismiss (ECF No. 25).
   b. **The number and timing of motions for summary judgment or partial summary judgment:** The parties propose that Plaintiffs be limited to one motion for summary judgment or partial summary judgment, due 3/31/25. The Secretary and House of Representatives should be limited to one motion for summary judgment or partial summary judgment each, due 3/31/25.

E. **The necessity or desirability of amendments to the pleadings:** Plaintiffs may determine that further amendments to their Complaint may be necessary, but Plaintiffs will not expand the claims beyond challenges to congressional and Florida House districts in South Florida as racial gerrymanders under the Fourteenth Amendment. Defendants have not yet filed answers to the Complaint.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding**

**authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will work to obtain admissions of fact and of documents, ESI, and stipulations on authenticity. Advance rulings from the Court on the admissibility of evidence may streamline each party's trial presentation.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The parties will work to avoid unnecessary proof and cumulative evidence. To that end, the parties discussed negotiating stipulations regarding redistricting maps and data and the extent of the Executive Office of the Governor's involvement in the development of the challenged districts. The parties will also discuss stipulations regarding the authenticity and admissibility of relevant documents in the legislative record.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:** Plaintiffs defer to the Court on whether to refer pretrial and discovery matters to a Magistrate Judge. Defendants oppose referral of matters to a Magistrate Judge or master but note that certain matters may be decided by a single member of the three-judge court. *See* 28 U.S.C. § 2284(b)(3). The parties agree that dispositive motions should not be referred.

I. **A preliminary estimate of the time required for trial:** 5 days.

J. **Requested date or dates for:**
   a. **Conferences before trial:** None needed at this time.
   b. **Plaintiffs' expert disclosures:** 8/30/24.
   c. **Defendants' expert disclosures:** Plaintiffs propose a deadline of 10/29/24. Defendants propose a deadline of 11/30/24.
   d. **Plaintiffs' rebuttal expert reports:** Plaintiffs propose a deadline of 12/2/24. Defendants propose a deadline of 12/31/24.
   e. **Plaintiffs' disclosure of alternative maps that Plaintiffs intend to offer either as evidence or as a proposed remedy (assuming the Court concludes that such disclosure was not required at the pleading stage):** Defendants propose a deadline of 8/30/24. Defendants contend that this deadline is necessary to afford their expert witnesses an opportunity to evaluate and opine on the alternative maps that Plaintiffs intend to present to the Court as evidence that the Legislature could

3

and should have drawn the challenged districts differently. As the Supreme Court recently explained, alternative maps perform a unique role in redistricting litigation. *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221, 1235–36, 1249–51 (2024). Unlike most evidence, alternative maps are ordinarily created for purposes of litigation. Unless Plaintiffs timely disclose their alternative maps, the Court may be denied the benefit of full expert analysis of key evidence. Plaintiffs have had more than two years to analyze the enacted districts and to prepare their alternative maps. Given that alternative maps are "remarkably easy to produce," *id*. at 1251, the proposed deadline promotes fairness and a resolution of this case according to its merits, while no good reason supports Plaintiffs' desire to withhold alternative maps until the late stages of litigation, after Defendants' expert-disclosure deadline.

Plaintiffs oppose introducing any special deadline to disclose alternative maps for either evidentiary or remedial purposes. Plaintiffs do not intend to "withhold alternative maps until the late stages of the litigation" but believe there is no need for any early, special map-related deadlines. Plaintiffs will disclose the evidence they will rely upon in the ordinary course of discovery. *Alexander* does not stand for the proposition that a plaintiff must disclose an alternative map before the defendants' expert reports are due; the Court faulted the plaintiffs for their lack of "explan[ation of] why, if such a map can be created, the [plaintiffs'] experts did not produce one *during the trial*." 144 S. Ct. at 1251 (emphasis added). *Alexander* also noted that in a prior gerrymandering case the Court "faulted the plaintiffs" for not coming forward with an "alternative map showing that a rational legislature sincerely driven by its professed partisan goals would have drawn a different map with greater racial balance," but only "[a]fter the State asserted a partisan-gerrymandering defense." *Id.* at 1235 (discussing *Easley v. Cromartie*, 532 U.S. 234 (2001)) (emphasis added). It would be premature to require Plaintiffs in this case to develop and disclose alternative maps before Defendants have raised any defenses at all, and before Plaintiffs can engage in discovery over the State's defenses and "legitimate political objectives." *Id.* at 1249. Moreover, it is premature to set deadlines for a potential post-trial remedial phase.

f.  **Rule 26(a)(3) disclosures:** 6/23/25.

      g.  **Submission of pretrial briefs:** 7/28/25.

      h.  **A final pretrial conference:** 8/11/25.

      i.  **Trial:** August 25–29, 2025.

K.  **Any issues about:**

      a.  **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**: None at this time.

      b.  **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:** The parties discussed Defendants' assertions of legislative privilege protecting members of the legislature and their staff, and members of the Executive Office of Governor DeSantis, from compelled testimony. The parties are working to reach a stipulation that will resolve these privilege claims and limit the scope of compelled testimony without Court intervention.

      c.  **When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:** The parties have not agreed to use the ESI Checklist, but have agreed to revisit the matter after propounding their first requests for production.

L.  **Any other information that might be helpful to the Court in setting the case for status or pretrial conference:** The Plaintiffs believe it will be helpful for the Court to know the date by which a liability ruling is needed (if it is in Plaintiffs' favor) "to afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure" in time to be implemented for the 2026 regular elections.[1] Plaintiffs believe that date is no earlier than the end of the calendar year 2025.

    The attorneys representing the Secretary of State and Plaintiffs have a trial set for June 9–13, 2025 in *Nord Hodges v. Passidomo*, No. 8:24-cv-879 (M.D. Fla.), and they propose a schedule that will not conflict with their obligations in that case.

---

[1] *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) ("When a federal court declares an existing apportionment scheme unconstitutional, it is [] appropriate, whenever practicable, to afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure rather than for the federal court to devise and order into effect its own plan.").

Respectfully submitted July 16, 2024,

| | |
|---|---|
| /s/ Nicholas L.V. Warren | /s/ Andy Bardos |

Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida**
1809 Art Museum Drive, Suite 203
Jacksonville, FL 32207
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

Jorge L. Vasquez, Jr.*
Esperanza Segarra (FBN 527211)
**Vasquez Segarra LLP**
5 West 37th Street, Suite 6003
New York, NY 10018
(212) 752-8459
jorge@vsllplaw.com
esperanza@vsllplaw.com

Andrew J. Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Gabrielle S. Jackson*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com

Andy Bardos (FBN 822671)
andy.bardos@gray-robinson.com
**GrayRobinson, P.A.**
301 South Bronough Street, Suite 600
Tallahassee, FL 32301
(850) 577-9090

*Counsel for Defendant Florida House of Representatives*


 /s/ Mohammad O. Jazil 

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph S. Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
**Florida Department of State**
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6536

Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
**Holtzman Vogel Baran
Torchinsky & Josefiak PLLC**
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Counsel for Defendant Florida Secretary of State*

emurphy@omm.com
gjackson@omm.com

\* *Admitted pro hac vice*

*Counsel for Plaintiffs*