IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES, et al.,

    *Defendants*.

_____/

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs move for leave to file the attached proposed Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed Second Amended Complaint adds one plaintiff, adds allegations regarding alternative maps the Plaintiffs have now developed, and updates certain allegations to conform to newly discovered information.

Plaintiffs' counsel conferred with counsel for Defendants, who oppose Plaintiffs' request.

**MEMORANDUM OF LAW**

**I. Procedural History**

Plaintiffs filed this action on May 23, 2024, alleging that four congressional districts and seven Florida House districts are racially gerrymandered in violation of the Fourteenth Amendment's Equal Protection Clause. ECF No. 1. On June 13, 2024, Defendants the Florida House of Representatives and Secretary of State moved to dismiss the initial Complaint. ECF Nos. 25, 27. On June 25, 2024, Plaintiffs filed a First Amended Complaint to eliminate from contention certain issues the House raised in its motion, including dropping Plaintiffs' claims against one congressional district. ECF No. 31. Defendants then moved to dismiss the First Amendment Complaint on July 9, 2024. ECF Nos. 32–33. The Court set oral argument on the pending motions to dismiss for October 7, 2024. ECF No. 52. The Court has not yet set a deadline to amend the pleadings or add parties.

**II. Legal Standard**

Courts must "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P 15(a)(2). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the

district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Parties who seek to amend their pleadings before the deadline to amend under a Rule 16 scheduling order need not satisfy the "good cause" standard. Fed. R. Civ. P. 16(b)(4); *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418–19 (11th Cir. 1998).

### III.  Argument

The proposed Second Amended Complaint makes only a few changes from the operative complaint. **First**, it adds a new Plaintiff challenging a district already at issue in the case (proposed Plaintiff Diana Belbruno in Congressional District 26). **Second**, it presents alternative maps the Plaintiffs have developed during their ongoing preparation for trial, and removes an allegation regarding an alternative congressional map submitted during the legislative process (at Paragraphs 185–86). **Finally**, it updates allegations in Paragraphs 17, 21, 197, and 198 to reflect newly discovered information that Plaintiffs learned during their ongoing investigation of this case.

These changes do not expand the scope of the case, substantively change the operative complaint's allegations, or create new and unexplored topics for discovery. The Second Amended Complaint challenges the same seven State House and three congressional districts, under the same racial-gerrymandering theory, as the operative complaint. The proposed amendment will therefore not delay the Parties' ongoing discovery (for which there is not yet a deadline) or their preparations for trial (which has not yet been scheduled).

Nor do these changes create new issues not already raised in Defendants' motions to dismiss. Rather, Plaintiffs' presentation of alternative maps moots one of the arguments Defendants raised—the Secretary of State's arguments regarding Plaintiffs' failure to present alternative maps at the pleading stage. *See* ECF No. 32 at 5–10. The proposed amendment therefore simplifies the issues in the case.

### IV.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the attached proposed Second Amended Complaint.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with the counsel for Defendants in a good-faith effort to resolve the issues raised in this motion, by email on September 17–18, 2024, sharing a copy of the proposed Second Amended Complaint with changes tracked from the First Amended Complaint. Defendants oppose the relief requested by this motion.

Respectfully submitted September 18, 2024,

 /s/ *Nicholas L.V. Warren*

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018)<br>**ACLU Foundation of Florida. Inc.**<br>1809 Art Museum Drive, Suite 203<br>Jacksonville, FL 32207<br>(786) 363-1769<br>nwarren@aclufl.org | Jorge L. Vasquez, Jr.*<br>Esperanza Segarra (FBN 527211)<br>**Vasquez Segarra LLP**<br>5 West 37th Street, Suite 6003<br>New York, NY 10018<br>(212) 752-8459<br>jorge@vsllplaw.com<br>esperanza@vsllplaw.com |
| Daniel B. Tilley (FBN 102882)<br>Caroline A. McNamara (FBN 1038312)<br>**ACLU Foundation of Florida, Inc.**<br>4343 West Flagler Street, Suite 400<br>Miami, FL 33134<br>(786) 363-2714<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org | Brian P. Quinn*<br>Patrick J. Jones*<br>Emily Murphy*<br>Gabrielle S. Jackson*<br>**O'Melveny & Myers LLP**<br>1625 Eye Street NW<br>Washington, DC 20006<br>(202) 383-5300<br>bquinn@omm.com<br>pjones@omm.com<br>emurphy@omm.com<br>gjackson@omm.com |
| Andrew Frackman*<br>**O'Melveny & Myers LLP**<br>1301 Avenue of the Americas<br>17th Floor<br>New York, NY 10019<br>(212) 326-2000<br>afrackman@omm.com | *Admitted pro hac vice |

*Counsel for Plaintiffs*

3