IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-21983-CIVIL BECERRA/TORRES

CUBANOS PA'LANTE, et al.,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES,
et al.,

    *Defendants*.
_____/

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

    This Court should deny Plaintiffs' request to amend their complaint for a second time. While there's "a policy of 'liberally'" granting leave to amend pleadings, *Dada v. Campbell*, No. 23-cv-22736, 2023 U.S. Dist. LEXIS 133392, at *1 (S.D. Fla. Aug. 1, 2023) (relying on *Espey v. Wainright*, 734 F.2d 748, 750 (11th Cir. 1984)), this policy isn't limitless. Limits include futile amendments, amendments that present "substantial reason to deny leave," amendments that delay proceedings, or amendments that would cause "undue prejudice to the defendants." *Id.* (relying on *Espey*, 734 F.2d at 750, and *Maynard v. Bd. of Regents of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). Here, there are substantial reasons for denial. And, contrary to Plaintiffs' contentions, the proposed amendments would neither simplify things nor avoid prejudicing the Defendants, the Secretary of State and Florida House of Representatives.

    **A.** The substantial reasons for denial are these: Plaintiffs have already amended their complaint once, Doc.31, mooting the first set of motions to dismiss that Defendants filed, Docs.37, 45. Two motions to dismiss are currently pending. Both take issue with whether Plaintiffs have satisfied the *Twombly-Iqbal* standard—whether they've stated a claim for relief that's plausible on its face. If Plaintiffs are making only "a few changes" that "do not expand the scope of the case" or "substantively change the operative complaint's allegations, or create new and unexplored topics for discovery," Doc.53 at 2, then it's best to assess whether the *operative* complaint plausibly states a claim for relief. Let's see whether Plaintiffs' theory for relief is plausible before making slight changes around the edges.

1

By contrast, allowing an amendment days before a hearing on the motions to dismiss invariably causes delay. The latest amendment would moot the pending motions to dismiss, as the last amendment did, and will result in yet another set of motions to dismiss and possibly another hearing on those motions at some later time before Plaintiffs' complaint can be tested in any meaningful way by Defendants or this Court.

Under the circumstances, it's best to hold the hearing on the pending motions to dismiss and allow the parties and the Court to use the hearing to assess whether further amendments would be futile or motions to dismiss would be fruitful. These are substantial reasons for denial of the motion to amend the complaint for a second time.

**B.** Nor would allowing Plaintiffs to amend simplify things; it would only prejudice Defendants. Plaintiffs' theory of simplification is that it "moots one of the arguments Defendants raised," namely the Secretary's "arguments regarding Plaintiffs' failure to present alternative maps at the pleading stage." Doc.53 at 2. That's not quite right.

In his motion to dismiss, the Secretary explained why the alternative maps referenced in prior iterations of the complaint aren't any better than the maps being challenged and why the alternative maps fail to show that race predominated over race-neutral principles. Doc.32 at Parts II.B-II.D. Because Plaintiffs cited alternative maps in both their initial complaint and their first amended complaint, the Secretary could and did attack those maps in his motion to dismiss based on material referenced or otherwise incorporated into the complaints. Doc.32 at 1-2 (discussing the incorporation-by-reference doctrine and citing cases). Yet, unlike before, the six new alternative maps referenced in the proposed second amended complaint don't rely on submissions on the legislature's website; these are new maps that Plaintiffs first disclosed on September 17, 2024—the day before they moved for leave to amend their complaint.

The six new alternative maps force the Secretary to choose from a list of bad options: (1) rush his evaluation of the new maps and then quickly make arguments against them if he wishes to keep the October 7 hearing date—if it is even possible to evaluate the new maps and file a new motion to dismiss in time for a response and reply to be filed by October 7, (2) waive certain arguments at the motion to dismiss stage to keep the October 7 hearing date, or (3) ask for the hearing to be pushed back, delaying the resolution of other meritorious arguments in the two currently pending motions to dismiss while discovery is ongoing. Each option prejudices the Secretary. The last one prejudices both the Secretary and the House.

For these reasons, the Secretary can't simply agree to treat his pending motion to dismiss as directed to the second amended complaint. His motion would require revision to address the new maps, just as his pending motion critiques the maps referenced in the first amended complaint.

If this Court postpones the October 7 hearing in response to Plaintiffs' eleventh-hour request for leave to amend their complaint a second time, then Defendants respectfully suggest that a stay of discovery pending this Court's resolution of yet-to-be-filed motions to dismiss directed to the second amended complaint would mitigate the prejudice caused by the delay.

**C.** In their Rule 26(f) conference report, the parties jointly proposed September 13, 2024, as the deadline to amend the pleadings. Doc.34 at 2. Plaintiffs filed their motion for leave to amend after the jointly proposed deadline without any explanation of their failure to seek leave within the agreed-upon timeframe.[1]

\*   \*   \*

For these reasons, Defendants ask this Court to deny Plaintiffs' motion and continue with the hearing on the now pending motions to dismiss.

---

[1] On August 27, Plaintiffs filed an amendment to the scheduling report. Doc.49. Plaintiffs, in part, sought a new deadline of September 27 to "join other parties and to amend the pleadings." Doc.49 at 1. The House opposed that extension. Doc.51. The Secretary agreed to that extension; however, that was before this Court scheduled the October 7 oral arguments for the motions to dismiss. Doc.52 (Aug. 28, 2024).

Dated: September 25, 2024                    Respectfully submitted by,

| | |
|---|---|
| Bradley R. McVay (FBN 79034) | */s/ Mohammad O. Jazil* |
| brad.mcvay@dos.myflorida.com | Mohammad O. Jazil (FBN 72556) |
| Joseph S. Van de Bogart (FBN 84764) | mjazil@holtzmanvogel.com |
| joseph.vandebogart@dos.myflorida.com | Michael Beato (FBN 1017715) |
| Ashley Davis (FBN 48032) | mbeato@holtzmanvogel.com |
| ashley.davis@dos.myflorida.com | zbennington@holtzmanvogel.com |
| FLORIDA DEPARTMENT OF STATE | HOLTZMAN VOGEL BARAN |
| R.A. Gray Building | TORCHINSKY & JOSEFIAK PLLC |
| 500 S. Bronough St. | 119 S. Monroe St. Suite 500 |
| Tallahassee, FL 32399 | Tallahassee, FL 32301 |
| (850) 245-6536 | (850) 270-5938 |

*Counsel for the Secretary*

| | |
|---|---|
| | */s/ Andy Bardos* |
| Christopher M. Kise (FBN 855545) | Andy Bardos (FBN 822671) |
| ckise@continentalpllc.com | andy.bardos@gray-robinson.com |
| CONTINENTAL PLLC | GRAYROBINSON, P.A. |
| 101 North Monroe Street, Suite 750 | 301 South Bronough Street, Suite 600 |
| Tallahassee, Florida 32301 | Tallahassee, Florida 32301-1724 |
| Telephone: 850-270-2211 | Telephone: 850-577-9090 |

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707

*Counsel for the Florida House of Representatives*

4

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies that the foregoing does not exceed ten pages inclusive of all parts.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil