UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-21983-JB

CUBANOS PA'LANTE, ENGAGE MIAMI, INC.,
FIU ACLU CLUB, CINDY POLO, LUIS SORTO,
and GENESIS M. CASTILLA FALCON,

     Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

     Defendants.
_____/

## FLORIDA HOUSE OF REPRESENTATIVES' MOTION TO COMPEL DISCOVERY FROM CUBANOS PA'LANTE

Defendant, the Florida House of Representatives (the "House"), respectfully moves to compel Plaintiff, Cubanos Pa'lante ("Cubanos"), to produce documents responsive to Request No. 13 of the House's Second Request for Production of Documents to Cubanos ("Second Request for Production"). The documents sought directly address whether Cubanos has standing to bring this suit. Specifically, the House seeks names and contact information of Cubanos' membership, which demonstrate whether Cubanos has members who reside and are registered to vote in the challenged districts. The Court, therefore, should compel Cubanos to produce documents responsive to Request No. 13.

### I.    FACTUAL BACKGROUND

On October 11, 2024, the House served its Second Request for Production, which sought the following information:

> **Request for Production No. 13**
>
> A list, directory, or other documents that identify all your members, sufficient to show all contact information, including but not limited to each member's address, email address, and phone number. The date range for this request is August 1, 2021, through the present.

*See* Exhibit 1 at 6, House's Second Request for Production.

On November 18, 2024, Cubanos served its Response to the Second Request for Production and objected to Request No. 13 as follows:

> **RESPONSE TO REQUEST NO. 13:** Plaintiff objects to this Request because disclosure of the names and addresses of Plaintiffs' members is protected by the First Amendment associational privilege, because there is a reasonable probability that disclosure of this personal information would subject Plaintiffs' members to threats, harassment, or reprisals from either government officials or private parties; discourage new members; encourage member withdrawal; and otherwise chill Plaintiffs' members' associational rights. *Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 WL 2686860, at *6 (S.D. Fla. June 29, 2008); *Edmondson v. Velvet Lifestyles, LLC*, No. 15-24442-CIV, 2016 WL 7048363, at *9 (S.D. Fla. Dec. 5, 2016). Plaintiff will provide names and contact information for board members.

*See* Exhibit 2, Cubanos' Response to House's Second Request for Production. On that same date, two other Plaintiffs—Engage Miami Inc. ("Engage Miami") and FIU ACLU Club ("FIU ACLU")—agreed to produce documents in response to identical requests for production served upon them. *See* Exhibit 3, Engage Miami's Response to House's Second Request for Production; Exhibit 4, FIU ACLU's Response to House's Second Request for Production.

The House conferred with Cubanos over its objection, explaining the membership lists were relevant to the House's challenge to Cubanos' standing. Despite good-faith conferrals between the parties on this issue, however, Cubanos is unwilling to withdraw its objection.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *2 (S.D. Fla. Sept. 12, 2014) (citing Fed. R. Civ. P. 26(b)(1)). "Courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure." *Id.* (citing *Burn v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)). "Motions to compel are committed to the sound discretion of the court." *Felicia v. Celebrity Cruises, Inc.,* 286 F.R.D. 667, 670 (S.D. Fla. 2012) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).

## III.   ARGUMENT

### a.  The requested information is relevant to Cubanos' lack of standing.

A membership organization that has not suffered its own injury may sue in limited circumstances "as the representative of its members." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). To prove standing to sue on behalf of its members, the organization must demonstrate that "its members would . . . have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Ga. Republican Party v. SEC*, 888 F.3d 1198, 1203 (11th Cir. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528

U.S. 167, 181 (2000)). As explained in detail in the House's motion to dismiss Plaintiffs' original complaint, ECF No. 25 at 4–6, 9–10, only a voter who resides in the challenged district has standing to bring a racial-gerrymandering claim. *See United States v. Hays*, 515 U.S. 737, 746 (1995). Thus, an entity has associational standing to assert a racial-gerrymandering claim only against "districts where its members reside and are registered to vote." *League of United Latin Am. Citizens v. Abbott*, 604 F. Supp. 3d 463, 484 (W.D. Tex. 2022); *see also Johnson v. Mortham*, 915 F. Supp. 1529, 1536 (N.D. Fla. 1995) ("Registered voters have standing . . . in an action challenging the voting district in which the voters are registered.").

The House seeks the names and contact information of Cubanos' membership to determine whether Cubanos has members who live and are registered to vote in the challenged districts. By analogy, in *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015), the district court found *sua sponte* that an association lacked standing to prosecute a racial-gerrymandering claim, since the trial record contained no evidence of the residency of the association's members. The Supreme Court reversed, however, to "give the [association] an opportunity to provide evidence of member residence." *Id*. The Court explained that it had "no reason to believe that the [association] would have been unable to provide a list of members . . . had it been asked" and directed the district court on remand to "reconsider the [association's] standing by permitting the [association] to file its list of members and permitting the State to respond, as appropriate." *Id*. The information sought is discoverable and relevant to the House's contention that Cubanos lacks standing.

### b. Cubanos' invocation of associational privilege is without merit.

Cubanos invokes associational privilege to protect information relating to its membership. To establish the privilege, Cubanos must first make a *prima facie* showing that associational

4

privilege applies. *Edmondson v. Velvet Lifestyles, LLC*, No. 15-24442-CIV, 2016 WL 7048363, at *9 (S.D. Fla. Dec. 5, 2016). "This *prima facie* showing requires the party claiming the privilege to demonstrate that enforcement of the discovery requests will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." *Id.* (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)). To meet this requirement, "[t]he party claiming the privilege 'must demonstrate 'objective and articulable' facts that disclosure of information may chill association rights.'" *Id.* (quoting *In re GlaxoSmithKline plc*, 732 N.W. 2d 257, 271 (Minn. 2007)).

Cubanos' objection fails to meet this burden. Cubanos has "not provided any actual *evidence* to support [its] speculative theories" that there is a risk of threat, harassment, or reprisal if it provides the requested membership information. *Id.* at *10 (emphasis in original). Notably, the similarly-situated plaintiffs in this action, Engage Miami and FIU ACLU, agreed to provide the information requested without invoking associational privilege. Cubanos has not provided any support in its conferral or otherwise to meet its *prima facie* burden to demonstrate that the production of these relevant documents will result in harassment or even have a chilling effect on membership.

Moreover, even if Cubanos had met its *prima facie* burden, the House has a compelling interest in the information, and Cubanos is the exclusive source for obtaining the information. *Id.* at *9 ("If the party claiming the privilege makes the necessary prima facie showing, then the evidentiary burden will shift to the party opposing a privilege claim to demonstrate that the information sought is rationally related to a compelling interest of the party, and the least restrictive means of obtaining the information.") (citations omitted); *see also Christ Covenant Church v.*

5

*Town of S.W. Ranches*, No. 07-60516-CIV, 2008 WL 2686860, at *12 (S.D. Fla. June 29, 2008) (ordering church to identify names and contact information of all members who were relevant to test the church's contentions). In *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, defendant issued interrogatories that generally sought "information regarding the identity of NIACCF's members" because the information was relevant to issues in the case, "including standing to sue." No. 12-CV-20756, 2014 WL 4545918, at *2–3 (S.D. Fla. Sept. 12, 2014). The Court's analysis in *NIACCF* is directly on point:

> After considering these factors, this Court finds that the information requested in Interrogatories 1 to 4 (membership identity information) is relevant to the claims in this case. First, **the information sought goes to the heart of this case, as it could potentially determine whether NIACCF has standing to bring this action**. Second, the information is not likely to be available from alternative sources, since NIACCF is the only source that can confirm its membership. Third, any effect on NIACCF or its members would result from Cold Stone seeking to defend against the lawsuit and not from an attempt to infringe on constitutionally protected rights of association. Fourth, the interrogatory requests are limited and disclosure of the information sought is not so broad as to sweep aside the First Amendment's associational privilege. Lastly, Cold Stone is the named Defendant in this litigation and, as in *Christ Covenant Church*, has a right to investigate the factual assertions made by Plaintiff.

*Id.* at *4 (emphasis added).

Moreover, in *NIACCF* the defendant had previously used intimidation tactics against the four members who were named in the Complaint. *Id.* at *2. Notwithstanding the plaintiff's non-speculative evidence of intimidation, the Court found defendant had illustrated a compelling need for the information. *Id.* at *4–5. Here, without actual evidence of intimidation, Cubanos' objection is unavailing, leaving no reason to withhold the relevant documents. *See Edmondson*, 2016 WL 7048363, at *9 (finding defendants' "speculative theories" fail to meet the requisite burden of proof and amount solely to "attorney argument").

### IV. CONCLUSION

The Court should grant the House's Motion to Compel and order Cubanos to produce documents responsive to Request No. 13 of the House's Second Request for Production within thirty (30) days from the date of the Court's Order.

### RULE 7.1(a)(2) CERTIFICATION

Prior to filing this motion, Counsel for the House conferred via email and video conference with Counsel for Cubanos. The parties were able to reach agreement on various issues, but the parties were unable to reach agreement on Cubanos' objection to Request No. 13 of the House's Second Request for Production.

Dated: December 23, 2024.

Respectfully submitted,

*/s/ Carmen Manrara Cartaya*

Andy Bardos (FBN 822671)
andy.bardos@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301-1724
Telephone: 850-577-9090

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707

Christopher M. Kise (FBN 855545)
ckise@continentalpllc.com
CONTINENTAL PLLC
101 North Monroe Street, Suite 750
Tallahassee, Florida 32301
Telephone: 850-270-2211

*Attorneys for Defendant*, *Florida House of Representatives*