# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

    Defendants.
_____/

## DEFENDANT FLORIDA HOUSE OF REPRESENTATIVES' SECOND REQUEST FOR PRODUCTION TO CUBANOS PA'LANTE

Defendant, the Florida House of Representatives, requests that Plaintiff, Cubanos Pa'lante, respond to the following request for production in compliance with Federal Rule of Civil Procedure 34.

## DEFINITIONS

For purposes of this request for production:

1. "Challenged districts" has the same meaning as in paragraph 4 of your Second Amended Complaint (ECF No. 58).

2. "Communication" means any transfer or exchange of information between two or more persons, including, but not limited to, letters, emails, text messages, WhatsApp messaging or other comparable messaging application, instant messages, voice messages, PowerPoint presentations, and social-media posts.

3.  "Document" has the broadest scope permitted by the Federal Rules of Civil Procedure and includes any record of information, including writings, data, communications, correspondence, photographs, video and audio recordings, and images—whether stored physically, electronically, or otherwise—from which information can be obtained directly or after translation into a reasonably usable form, and specifically includes all electronically stored information.

4.  "Non-diminishment provision" means the provision of the Florida Constitution that states: "districts shall not be drawn . . . to diminish [the] ability [of racial or language minorities] to elect representatives of their choice." *See* Art. III, §§ 20(a), 21(a), Fla. Const.

5.  "You" and "your" refer to Cubanos Pa'lante.

## INSTRUCTIONS

1.  Do not assert boilerplate objections. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) (Torres, Mag.) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court. A party properly objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome.").

2.  Do not object and then proceed to respond to this request "subject to" or "notwithstanding" your objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state

whether any responsive materials are being withheld on the basis of that objection."); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, at *3 (S.D. Fla. Nov. 18, 2014) (Seltzer, Mag.) ("Although this practice has become commonplace, courts in the Eleventh Circuit have found that whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." (internal marks omitted)); *Network Tallahassee, Inc. v. Embarq Corp.*, No. 4:10-cv-00038, 2010 WL 4569897, at *1 (N.D. Fla. Sept. 20, 2010) ("According to the motion, a discovery request was met with blanket objections and a statement that discovery would be provided 'subject to and without waiving' the objections. This is an abusive practice that has become commonplace but should end.").

3. Do not object that responsive documents are in the requesting parties' possession or otherwise available to the requesting party. *See Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557, at *3 (S.D. Fla. June 20, 2013) ("A party is entitled to the production of documents even where the requesting party is in possession of the documents."); *CNH Capital Am., LLC v. Bland Farms, LLC*, CV612-003, 2013 WL 587536, at *3 (S.D. Ga. Feb. 14, 2013) ("No one can say for sure whether the requestor is thinking of the same documents sought from the requestee, so for the latter to say you have equal access to them is to travel on sheer speculation."); *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at *5 (S.D. Fla. Jan. 25, 2013) (Seltzer, Mag.) ("Courts, however, have generally held that objections to a discovery request on the ground that it seeks information or documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties (such as from

3

public records) is not sufficient to resist a discovery request, absent a showing of undue burden." (internal marks omitted)).

4. Produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories in this request. *See* Fed. R. Civ. P. 34(b)(2)(E).

5. If you withhold information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, then make the claim expressly and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the State to assess the claim. *See* Fed. R. Civ. P. 26(b)(5)(A).

6. If, after responding to this request, you learn that in some material respect any response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the State during the discovery process or in writing, then supplement or correct your incomplete or incorrect response in a timely manner. *See* Fed. R. Civ. P. 26(e).

7. Except as otherwise indicated, the timeframe for the requests is August 1, 2021, to the present.

## DOCUMENT REQUESTS

**Request for Production No. 1**

All documents (including, but not limited to, meeting agendas, member voting records, meeting minutes, video or audio recordings, and records of actions taken by your board) that reflect or record your decision to initiate this litigation.

**Request for Production No. 2**

All communications in which your members were informed of your decision to initiate this litigation.

**Request for Production No. 3**

All communications that show your members were consulted before your decision to initiate this litigation and all subsequent responses by your members.

**Request for Production No. 4**

All communications between you and one or more of your members regarding this litigation (including, but not limited to, communications that predate your decision to initiate this litigation).

**Request for Production No. 5**

All communications to or from your members regarding the challenged districts or the non-diminishment provision.

**Request for Production No. 6**

All communications between two or more of your officers or board members regarding this litigation (including, but not limited to, communications that predate your decision to initiate this litigation).

**Request for Production No. 7**

All communications between any of your attorneys and any ACLU organization (or any officer, director, or member of any ACLU organization), including student ACLU organizations, regarding this litigation.

**Request for Production No. 8**

All communications between any of your attorneys and any organization that was invited to but did not join this litigation (or any officer, director, or member of any such organization), regarding this litigation.

**Request for Production No. 9**

All documents you identify in response to Interrogatory No. 1 of the Florida House of Representatives' Second Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 10**

All documents you identify in response to Interrogatory No. 2 of the Florida House of Representatives' Second Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 11**

All documents you identify in response to Interrogatory No. 3 of the Florida House of Representatives' Second Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 12**

All documents that reflect the activities or projects that you described in response to Interrogatory No. 4 of the Florida House of Representatives' Second Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 13**

A list, directory, or other documents that identify all your members, sufficient to show all contact information, including but not limited to each member's address, email address, and phone number. The date range for this request is August 1, 2021, through the present.

**Request for Production No. 14**

All information you reviewed in making your decision to join the litigation.

**Request for Production No. 15**

Your application for tax exemption, as defined in 26 C.F.R. § 301.6104(d)-1(b)(3).

**Request for Production No. 16**

Your annual information returns, as defined in 26 C.F.R. § 301.6104(d)-1(b)(4).

**Request for Production No. 17**

The iMessage conference referenced in your answer to Interrogatory No. 6 of the Florida House of Representatives' First Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 18**

All documents that identify the names of "all team members" who "expressed approval" to join the lawsuit as referenced in your answer to Interrogatory No. 6 of the Florida House of Representatives' First Set of Interrogatories to Cubanos Pa'lante.

**Request for Production No. 19**

The Cubanos Pa'lante, Inc. Corporate Bylaws make reference to the organization communicating to "their members matters regarding these causes via newsletters, social media, email, and text." *See* CUBANOS-0000000169. To the extent not encompassed by Request No. 5, produce all communications from you to your members regarding the challenged districts.

**Request for Production No. 20**

The Cubanos Pa'lante, Inc. Corporate Bylaws make reference to the organization communicating to "their members matters regarding these causes via newsletters, social media, email, and text." *See* CUBANOS-0000000169. To the extent not encompassed by Request No. 5, produce all communications from you to your members regarding the non-diminishment provision, including documents regarding its definition, application, or examples of correct or incorrect application of the provision.

Dated October 11, 2024.                                              Respectfully submitted,

Christopher M. Kise (FBN 855545)
ckise@continentalpllc.com
CONTINENTAL PLLC
101 North Monroe Street, Suite 750
Tallahassee, Florida 32301
Telephone: 850-270-2211

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
andy.bardos@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301-1724
Telephone: 850-577-9090

*Attorneys for Defendant, Florida House of Representatives*

## **CERTIFICATE OF SERVICE**

I certify that, on October 11, 2024, a true and correct copy of the foregoing was served by email on all counsel identified on the Service List that follows.

*/s/ Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.

## SERVICE LIST

Nicholas L.V. Warren
ACLU Foundation of Florida
1809 Art Museum Drive, Suite 203
Jacksonville, Florida 32207
nwarren@aclufl.org
*Attorneys for Plaintiffs*

Bradley R. McVay
Joseph S. Van de Bogart
Ashley Davis
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
brad.mcvay@dos.myflorida.com
joseph.vandebogart@dos.myflorida.com
ashley.davis@dos.myflorida.com
*Attorneys for Secretary of State*

Daniel B. Tilley
Caroline A. McNamara
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, Florida 33134
dtilley@aclufl.org
cmcnamara@aclufl.org
*Attorneys for Plaintiffs*

Andrew J. Frackman
O'Melveny & Myers LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
afrackman@omm.com
*Attorneys for Plaintiffs*

Mohammad O. Jazil
Michael Beato
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
*Attorneys for Secretary of State*

Brian P. Quinn
Patrick J. Jones
Emily Murphy
Gabrielle S. Jackson
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
*Attorneys for Plaintiffs*

Jorge L. Vasquez, Jr.
Esperanza Segarra
Vasquez Segarra LLP
5 West 37th Street, Suite 6003
New York, New York 10018
jorge@vsllplaw.com
esperanza@vsllplaw.com
*Attorneys for Plaintiffs*