# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

    *Defendants*.

_____/

### PLAINTIFF FIU ACLU CLUB'S RESPONSES TO DEFENDANT HOUSE OF REPRESENTATIVES' SECOND REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the U.S. District Court for the Southern District of Florida ("Local Rules"), Plaintiff FIU ACLU Club ("Plaintiff"), by and through its undersigned counsel, hereby responds and objects to Defendant House of Representatives' ("Defendant" OR "House") Second Request for Production of Documents ("Requests"), dated October 11, 2024.

### PRELIMINARY STATEMENT

1. Plaintiff's counsel is prepared to meet and confer with the House's counsel about any disputes concerning the meaning, scope, and relevance of the House's Requests or these Responses and Objections.

2. Each response below is on behalf of FIU ACLU Club, and no other entity or individual.

3. The following objections are made without waiving but, instead, preserving: (a) the right to raise all questions of, and to object to, the authenticity, competence, foundation, relevancy, materiality, privilege, and/or admissibility of any information or document provided or identified

in response to the Requests; (b) the right to object on any ground to the use or introduction into evidence of any information or any document in any subsequent proceeding or in the trial of this or any other action on any ground; and (c) the right to object on any ground at any time to additional discovery.

4. As of the date of this response, Plaintiff has not completed its discovery and investigation of the facts in this case, has not completed its review and production of relevant documents, and has not completed its preparation for summary judgment and, if necessary, trial. Accordingly, the responses and objections set forth below are based on information presently known and reasonably available to Plaintiff at this time after a diligent search and reasonable and good-faith inquiry. Plaintiff reserves the right to: (a) amend, alter, supplement, clarify, or otherwise modify these Responses and Objections; (b) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (c) offer expert witness opinions or testimony on any relevant matter, which opinions or testimony may be at variance with these Responses and Objections or the documents and information referenced in these Responses and Objections or produced in response to the Requests.

5. The Responses and Objections set forth below shall not be construed as an admission that Plaintiff has any reasonably accessible, nonprivileged documents or data responsive to any Request in its custody, possession, or control. Any statement in these Responses and Objections that Plaintiff will search for or produce responsive documents or data is not a representation that nonprivileged, responsive documents or data exist; that nonprivileged, responsive documents or data are in Plaintiff's possession, custody, or control; or that

nonprivileged, responsive documents or data are reasonably accessible; but instead reflects Plaintiff's intention, subject to the objections set forth herein and the scope of any agreement reached with Plaintiffs, to conduct a reasonable search for responsive documents in files maintained by or on behalf of employees who are reasonably believed to have had meaningful involvement in the events, transactions, and occurrences alleged in Plaintiffs' First Amended Complaint (ECF No. 31) ("Complaint").

6. The Responses and Objections set forth below shall not be construed as any admission that Plaintiff adopts or agrees with any definition, premise, characterization, or legal conclusion in any Request.

7. Production of documents does not imply an agreement or concession that they are relevant to or admissible in this proceeding, and is not to be construed as waiving any objection stated herein or any objection on any ground to the use of the documents or the information within them in this, or any other, proceeding. Plaintiff reserves the rights to: (a) make any and all applicable evidentiary objections to the documents sought by Plaintiffs, including objections to the documents' authenticity, foundation, relevance, materiality, privilege, and admissibility; and (b) object to the use of these Responses and Objections in any subsequent proceeding in, or the trial of, this or any other action on any grounds.

8. Any inadvertent disclosure of privileged or protected information or documents shall not be deemed a waiver of any privilege. The House shall notify Plaintiff of any inadvertently disclosed privileged or protected information or documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and/or any procedures for doing so in any orders governing discovery in this litigation. The House must not use any privileged or protected information or documents

inadvertently disclosed. In addition, nothing herein is intended to be, or should be construed as, a waiver of any privilege.

9. Plaintiff objects to each of the House's Definitions, Instructions, and Requests to the extent that they seek to impose on Plaintiff any obligations not required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Florida, any protocol governing the production of documents and/or information in this action, the orders of this Court, and/or any agreements of the parties with respect to document collection, search, and/or production.

## RESPONSES AND OBJECTIONS

Plaintiff responds and objects to the House of Representatives' Second Requests for Production, as follows:

**REQUEST NO. 1:** All documents (including meeting agendas, meeting minutes, member voting records, video or audio recordings, and records of actions taken by your board) that reflect or record your decision to initiate this litigation.

**RESPONSE TO REQUEST NO. 1:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 2:** All documents and communications in which your members were informed of your decision to initiate this litigation.

**RESPONSE TO REQUEST NO. 2:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 3:** All communications that show your members were consulted before

your decision to initiate this litigation and all subsequent responses by your members.

**RESPONSE TO REQUEST NO. 3:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 4:** All communications between you and one or more of your members regarding this litigation (including, but not limited to, communications that predate your decision to initiate this litigation).

**RESPONSE TO REQUEST NO. 4:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 5:** All communications to or from your members regarding the challenged districts or the non-diminishment provision.

**RESPONSE TO REQUEST NO. 5:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 6:** All communications between two or more of your officers or board members regarding this litigation (including, but not limited to, communications that predate your decision to initiate this litigation).

**RESPONSE TO REQUEST NO. 6:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 7:** All communications between any of your attorneys and any ACLU organization (or any officer, director, or member of any ACLU organization), including student ACLU organizations, regarding this litigation.

**RESPONSE TO REQUEST NO. 7:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 8:** All communications between any of your attorneys and any organization that was invited or recruited to join this litigation but did not do so (or any officer, director, or member of any such organization), regarding this litigation.

**RESPONSE TO REQUEST NO. 8:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 9:** All documents you identify in response to Interrogatory No. 1 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club.

**RESPONSE TO REQUEST NO. 9:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 10:** All documents you identify in response to Interrogatory No. 2 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club.

**RESPONSE TO REQUEST NO. 10:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 11:** All documents you identify in response to Interrogatory No. 3 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club.

**RESPONSE TO REQUEST NO. 11:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 12:** All documents that reflect the activities or projects that you described

in response to Interrogatory No. 4 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club.

**RESPONSE TO REQUEST NO. 12:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 13:** A list, directory, or other documents that identify all your members, sufficient to show all contact information including but not limited to each member's address, email address, and phone number. The date range for this request is August 1, 2021 through the present.

**RESPONSE TO REQUEST NO. 13:** Plaintiff will produce documents responsive to this Request that are sufficient to show the identity and contact information of its members.

**REQUEST NO. 14:** All information you reviewed in making your decision to join the litigation.

**RESPONSE TO REQUEST NO. 14:** Plaintiff objects to this Request because it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff will not produce such information so protected. Plaintiff will conduct a reasonable search for all documents within their possession, custody, or control that are responsive to this Request and produce any documents responsive to this request that are not protected by attorney-client privilege or attorney work product protection.

**REQUEST NO. 15:** Any responses that you received to the inquiry reflected at CUBANOS-0000000155 and all subsequent communications in the same chain of

communications.

**RESPONSE TO REQUEST NO. 15:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 16:** Any recording or notes of the May 5 FaceTime call mentioned in your answer to Interrogatory No. 6 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club.

**RESPONSE TO REQUEST NO. 16:** Plaintiff will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 17:** The WhatsApp communication mentioned in your answer to Interrogatory No. 6 of the Florida House of Representatives' Second Set of Interrogatories to FIU ACLU Club, including all responses from members to that communication and all subsequent communications in the same chain of communications.

**RESPONSE TO REQUEST NO. 17:** Plaintiff will produce non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 18:** All documents that support your statement that "lawmakers connected distinct, Latino communities (in Miami-Dade County and Collier County) solely because of race," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000153.

**RESPONSE TO REQUEST NO. 18:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 19:** All documents showing that "State House districts were drawn to form long, skinny, non-compact shapes running north-south," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000153.

**RESPONSE TO REQUEST NO. 19:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 20:** All documents showing how and which districts "lump different parts of Miami-Dade County together, and split communities that have a lot in common," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000153.

**RESPONSE TO REQUEST NO. 20:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 21:** All documents showing what all "these districts" have "in common," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000153.

**RESPONSE TO REQUEST NO. 21:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 22:** All documents showing the "distinct communities" that were lumped together "into the same districts," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000153.

**RESPONSE TO REQUEST NO. 22:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 23:** All documents that identify the "Latino voters in South Florida" who are "against the current map," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000154.

**RESPONSE TO REQUEST NO. 23:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 24:** All documents showing how that the challenged districts "suppress South Florida's diverse Latino community," as referenced in the Welcome to the ACLU Club presentation. *See* CUBANOS-0000000152.

**RESPONSE TO REQUEST NO. 24:** Plaintiff will produce all non-privileged documents within its possession, custody, or control that are responsive to this Request.

Dated: November 18, 2024

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc.**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

Andrew Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas
17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

*/s/ Andrew Frackman*

Jorge L. Vasquez, Jr.*
**Vasquez Attorneys at Law, PC**
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
jorge@vasquezpc.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Gabrielle S. Jackson*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com

*Admitted pro hac vice*
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that, on November 18, 2024, the above Plaintiff's Responses to Defendant's Second Set of Requests for Production was served by email on counsel for the House of Representatives.

*/s/ Andrew Frackman*