UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB


CUBANOS PA'LANTE, *et al.*,

      Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

      Defendants.

_____/


**DEFENDANT FLORIDA HOUSE OF REPRESENTATIVES'
RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

      Pursuant to Federal Rule of Civil Procedure 34, Defendant, the Florida House of Representatives, responds to Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024.

**GENERAL STATEMENT AND OBJECTIONS**

      1.      The House objects to the extent that Plaintiffs' definitions and instructions purport to impose obligations different from or additional to the requirements of the Federal Rules of Civil Procedure or to limit the discretion of responding parties under the Federal Rules of Civil Procedure.

      2.      For example, the House objects to the extent that (i) Instruction No. 2 purports to require the House to do more than conduct a reasonable search for responsive documents in the House's possession, custody, or control; (ii) Instruction No. 9 purports to

impose obligations that exceed those of Federal Rule of Civil Procedure 26(e);
(iii) Instruction No. 6 purports to impose obligations that exceed those of Federal Rule of
Civil Procedure 26(b)(5) and Local Rule 26.1(e); and (iv) Instruction No. 4 purports to
impose an obligation that the Federal Rules of Civil Procedure do not.

3.    The House objects that Plaintiffs' definitions of "House," "Senate," and
"Legislature" are vague to the extent they reference "component departments and offices"
and "entities formally or informally associated" with the House, the Senate, or the
Legislature. It is also unclear whether those definitions include employees and consultants of
the House, the Senate, and the Legislature.

4.    The House objects to the definition of "Electronically Stored Information" or
"ESI" to the extent it purports to require the House to collect and produce "onscreen
information, system data, archival data, legacy data, residual data, and metadata," and "all file
fragments and backup files." These data are not relevant to any party's claims or defenses,
and their production would impose undue burden and expense disproportionate to the
needs of this case.

5.    The House's review of information and documents is continuing, as is
discovery. The House reserves the right to revise, correct, supplement, clarify, and amend its
responses as additional documents are identified. The House's responses and objections are
based on information and documents now known to it and are made without prejudice to
the House's right to assert additional objections, or to supplement its responses, if the
House discovers additional responsive documents or additional grounds for objections. The
House's responses and objections are made without waiving or intending to waive, and the

House expressly preserves, all applicable privileges, exemptions, and protections from discovery, including all legislative privileges and immunities of its elected members and staff.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Documents related to the redistricting of congressional or Florida House districts in Miami-Dade County that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents in its possession, custody, or control have some amorphous "relationship" to the redistricting of congressional or Florida House districts in Miami-Dade County.

Further, this request is overly broad, disproportionate, and unduly burdensome because it purports to require the House to search all records of all members and staff of the House to identify potentially responsive documents. The House cannot feasibly review all

documents in its possession, custody, or control to locate all documents "related to" the broadly defined subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome. Thus, any attempt to locate and produce all documents that "relate to" the broadly defined subject matter of this request would impose undue burden and expense.

Absent further specification by Plaintiffs of the requested documents and mutual agreement on a narrowed and reasonable scope, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 2:** All Documents related to Voting Cohesion among Hispanic or Latino voters that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State*

4

*Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents written, drafted, received, commissioned, or edited by the Legislature between January 1, 2020, and April 19, 2022, have some amorphous "relationship" to voting cohesion among Hispanic or Latino voters.

The House further objects that, to the extent it seeks documents that relate to voting cohesion among Hispanic or Latino voters in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

The House further objects that this request imposes undue burden and expense and is disproportionate to the needs of this case. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the House's expert consultants, the House further objects that the requested documents were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 3:** All Documents related to White Bloc Voting that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents

written, drafted, received, commissioned, or edited by the Legislature between January 1, 2020 and April 19, 2022, have some amorphous "relationship" to white bloc voting.

The House further objects that, to the extent it seeks documents that relate to white bloc voting in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

The House further objects that this request imposes undue burden and expense and is disproportionate to the needs of this case. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the House's expert consultants, the House further objects that the requested documents were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 4:** All Documents related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents written, drafted, received, commissioned, or edited by the Legislature between January 1, 2020 and April 19, 2022, have some amorphous "relationship" to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County.

The House further objects that this request imposes undue burden and expense and is disproportionate to the needs of this case. The House cannot feasibly review all

documents in its possession, custody, or control to locate all documents "related to" the subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the House's expert consultants, the House further objects that the requested documents were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 5:** All Documents related to redistricting criteria or methodology that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the

case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents in its possession, custody, or control have some amorphous "relationship" to redistricting criteria or methodology.

Further, this request is overly broad, disproportionate, and unduly burdensome because it purports to require the House to search all records of all members and staff of the House to identify potentially responsive documents. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the broadly defined subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome. Thus, any attempt to locate and produce all documents that "relate to" the broadly defined subject matter of this request would impose undue burden and expense.

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 6:** All Documents related to the analysis "performed by experts" and "counsel" referenced by House Redistricting Committee Chair Rep. Tom Leek on the House floor, as described in paragraph 208 of the Complaint.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House's counsel did not perform an ecological regression or inference analysis, as described in paragraph 208 of the Complaint.[1] To that extent, the House has no responsive documents in its possession, custody, or control.

To the extent this request seeks an "ecological regression or inference analysis" performed by the House's expert consultants, the House objects that this request seeks documents that were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

The House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 7:** All Documents and Communications related to the redistricting of congressional or Florida House districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and

---

[1] As the transcript makes clear, Chair Leek did not say that the House's counsel performed the analysis.

Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all documents and communications related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents in its possession, custody, or control have some amorphous "relationship" to the redistricting of congressional or Florida House districts in Miami-Dade County.

Further, this request is overly broad, disproportionate, and unduly burdensome because it purports to require the House to search all records of all members and staff of the House to identify potentially responsive documents. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the broadly defined subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-

maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome. Thus, any attempt to locate and produce all documents that "relate to" the broadly defined subject matter of this request would impose undue burden and expense.

Absent further specification by Plaintiffs of the requested documents and mutual agreement on a narrowed and reasonable scope, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 8:** All Documents and Communications related to Voting Cohesion among Hispanic or Latino voters that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all Documents and Communications related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad (quoting *Cooper*

*v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008)

(Rosenbaum, Mag.))). This request is also vague because it purports to require the House to

determine which documents that were transmitted to, from, or between the Legislature, the

Legislature's staff, or the Legislature's consultants between January 1, 2020, and April 19,

2022, have some amorphous "relationship" to the redistricting of congressional or Florida

House districts in Miami-Dade County.

The House further objects that, to the extent it seeks documents that relate to voting

cohesion among Hispanic or Latino voters in districts not located wholly or partially in

Miami-Dade County, this request seeks documents that are not relevant to any party's claims

or defenses.

The House further objects that this request imposes undue burden and expense and

is disproportionate to the needs of this case. The House cannot feasibly review all

documents in its possession, custody, or control to locate all documents "related to" the

subject matter of this request. Apart from its 120 elect members, the House employs more

than 400 people. It also maintains more than 600 computers with a total of approximately 80

terabytes of electronically stored information saved locally, on House-maintained shared

drives, or in House-maintained email accounts. Given the volume of documents in the

House's possession, custody, or control, the sweeping search that this request demands is

prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the

House's expert consultants, the House further objects that the requested documents were

prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 9:** All Documents and Communications related to White Bloc Voting that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all Documents and Communications related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))). This request is also vague because it purports to require the House to determine which documents that were transmitted to, from, or between the Legislature, the

15

Legislature's staff, or the Legislature's consultants between January 1, 2020, and April 19, 2022, have some amorphous "relationship" to white bloc voting.

The House further objects that, to the extent it seeks documents that relate to white bloc voting in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

The House further objects that this request imposes undue burden and expense and is disproportionate to the needs of this case. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the House's expert consultants, the House further objects that the requested documents were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 10:** All Documents and Communications related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the following grounds.

The House objects that, because this request seeks "all Documents and Communications related to" a broadly defined subject matter, it is overly broad and disproportionate to the needs of the case, and fails to describe the requested documents with reasonable particularity. *See State Nat. Ins. Co. v. Lamberti*, No. 08-60760-CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009) (Seltzer, Mag.) (explaining that "production requests that seek information 'relating to' subject areas are impermissibly overbroad" (quoting *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag.))).

This request is also vague because it purports to require the House to determine which documents that were transmitted to, from, or between the Legislature, the Legislature's staff, or the Legislature's consultants between January 1, 2020, and April 19, 2022, have some amorphous "relationship" to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County.

The House further objects that this request imposes undue burden and expense and is disproportionate to the needs of this case. The House cannot feasibly review all documents in its possession, custody, or control to locate all documents "related to" the subject matter of this request. Apart from its 120 elect members, the House employs more than 400 people. It also maintains more than 600 computers with a total of approximately 80 terabytes of electronically stored information saved locally, on House-maintained shared drives, or in House-maintained email accounts. Given the volume of documents in the House's possession, custody, or control, the sweeping search that this request demands is prohibitively labor-intensive and burdensome.

To the extent this request seeks documents that reflect analyses performed by the House's expert consultants, the House further objects that the requested documents were prepared for the House in anticipation of litigation and therefore constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A).

Absent mutual agreement on a narrowed and reasonable scope for this request, the House further objects to this request on the basis of the legislative privilege.

**REQUEST NO. 11:** All complete, partial, initial, or preliminary drafts of congressional or Florida House of Representatives redistricting plans, no matter the form, that include districts in Miami-Dade County created by the Legislature, the Legislature's staff, and/or the Legislature's consultants between August 1, 2021 and April 19, 2022, excluding any plans made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

Dated August 9, 2024.                                        Respectfully submitted,


                                                              /s/ *Andy Bardos*

Christopher M. Kise (FBN 855545)                              Andy Bardos (FBN 822671)
ckise@continentalpllc.com                                     andy.bardos@gray-robinson.com
CONTINENTAL PLLC                                              GRAYROBINSON, P.A.
101 North Monroe Street, Suite 750                            301 South Bronough Street, Suite 600
Tallahassee, Florida 32301                                    Tallahassee, Florida 32301-1724
Telephone: 850-270-2211                                       Telephone: 850-577-9090

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707


*Attorneys for Defendant*, *Florida House of Representatives*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on August 9, 2024, a true and correct copy of the foregoing was served by email on all counsel identified on the Service List that follows.


/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.

## SERVICE LIST

Nicholas L.V. Warren
ACLU Foundation of Florida
1809 Art Museum Drive, Suite 203
Jacksonville, Florida 32207
nwarren@aclufl.org
*Attorneys for Plaintiffs*

Mohammad O. Jazil
Michael Beato
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
*Attorneys for Secretary of State*

Bradley R. McVay
Joseph S. Van de Bogart
Ashley Davis
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
brad.mcvay@dos.myflorida.com
joseph.vandebogart@dos.myflorida.com
ashley.davis@dos.myflorida.com
*Attorneys for Secretary of State*

Brian P. Quinn
Patrick J. Jones
Emily Murphy
Gabrielle S. Jackson
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
*Attorneys for Plaintiffs*

Daniel B. Tilley
Caroline A. McNamara
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, Florida 33134
dtilley@aclufl.org
cmcnamara@aclufl.org
*Attorneys for Plaintiffs*

Jorge L. Vasquez, Jr.
Esperanza Segarra
Vasquez Segarra LLP
5 West 37th Street, Suite 6003
New York, New York 10018
jorge@vsllplaw.com
esperanza@vsllplaw.com
*Attorneys for Plaintiffs*

Andrew J. Frackman
O'Melveny & Myers LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
afrackman@omm.com
*Attorneys for Plaintiffs*