# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES, *et al.*,

    *Defendants*.

_____/

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION TO THE FLORIDA HOUSE OF REPRESENTATIVES

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their Second Request for Production of Documents on Defendant Florida House of Representatives. Plaintiffs request that the Florida House of Representatives provide the following documents and things herein requested within 30 days by email; at the offices of the ACLU of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134; or in such other method as may be agreed upon by counsel. Each Document Request is subject to the definitions and instructions set forth below. These Requests are continuing in nature, as provided in Federal Rule of Civil Procedure 26(e). If the Florida House of Representatives subsequently learns of additional information and/or documents responsive to these Requests, it is required to supplement any responses as soon as practicable thereafter. The Plaintiffs reserve the right to amend, supplement, and revise these Requests as necessary.

## DEFINITIONS

1. "House" means the Florida House of Representatives, its members and officers, its component departments and offices, its committees and subcommittees, and all other entities formally or informally associated with the Florida House of Representatives.

2. "Senate" means the Florida Senate, its members and officers, its component departments and offices, its committees and subcommittees, and all other entities formally or informally associated with the Florida Senate.

3. "Legislature" means the Florida Legislature, including its two chambers, its members and officers, its component departments and offices, its committees and subcommittees, and all other entities formally or informally associated with the Florida Legislature and its two chambers.

4. "Associated with" means employed by, under contract with, acting as the agent of, representing, or otherwise affiliated with, an organization or person.

5. "You" or "Your" means the House, as defined above, and all persons acting or purporting to act on its behalf, including its agents and employees.

6. "Communication" is used in the broadest possible sense and means every manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems.

7. "Complaint" means the First Amended Complaint in this case (ECF No. 31) and any subsequently filed amended complaints.

8. "Concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

9. "Document" is used in the broadest possible sense and means anything that may be within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A), and includes any written, printed, typed, photocopied, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, code, or any combination thereof. "Document" includes without limitation: correspondence, memoranda, notes, hand-written notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions of any of the foregoing, whether produced or authored by the Defendants or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

10. "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including PNG, JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling events, invites, and information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax

machines; voicemail systems; geographic information system (GIS) files (including shapefiles and KML, KMZ, GeoJSON, and Florida Redistricting PLAN files; redistricting plan block assignment files (including TXT and CSV files). This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

11. "Database" means any data sets, reports, programs, and files accessible by computer that contain data that can be processed and/or sorted using standard spreadsheet or database software (including, but not limited to, Microsoft Access and Microsoft Excel).

12. "Redistricting" means the drawing or redrawing of Florida House of Representatives and congressional districts.

13. "Meeting" shall refer not only to in-person meetings, but also to telephonic and video conference meetings.

14. "Person(s)" shall refer not only to natural persons, but also without limitation to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, government entities, and/or any other type of legal entities. All references to a person also include that person's agents, employees (whether part-time or full-time), and representatives.

15. "Possession" means Your immediate possession, including items held by agents and employees, and any and all other principals or assigns, as well as constructive possession by virtue of Your ability to retrieve the aforesaid Document or information.

16. The term "including" means including but not limited to.

17. "And" and "or" shall be construed both disjunctively and conjunctively to bring within the scope of these Document Requests all relevant responses that might otherwise be construed outside the scope.

18. "Any" and "all" shall be construed to mean "any and all."

19. "floridaredistricting.gov," "myfloridahouse.gov," and "flsenate.gov" mean those websites and any subpages and subsites of those websites (including web.floridaredistricting.esriemcs.com/redistricting and any private or closed parts of those sites), and any files available for download on those websites.

20. The "Non-Retrogression Requirement" means the provision in Art. III, §§ 20(a) and 21(a) of the Florida Constitution that "districts shall not be drawn . . . to diminish [the] ability [of racial or language minorities] to elect representatives of their choice."

21. The "Non-Dilution Requirement" means the provision in Art. III, §§ 20(a) and 21(a) of the Florida Constitution that "districts shall not be drawn . . . with the intent or result of denying or abridging the equal opportunity of racial or language minorities to participate in the political process."

22. "Section 2" means Section 2 of the Voting Rights Act of 1965, as amended, 52 U.S.C. § 10301.

23. "Voter Cohesion" refers to the second *Gingles* precondition and means the racial, language, or ethnic group is politically cohesive. *See Allen v. Milligan*, 599 U.S. 1, 18 (2023); *Thornburg v. Gingles*, 478 U.S. 30, 51 (1986).

24. "White Bloc Voting" refers to the third *Gingles* precondition and means that white voters vote sufficiently as a bloc to enable them usually to defeat a racial, language, or ethnic minority group's preferred candidate. *See Allen*, 599 U.S. at 18; *Gingles*, 478 U.S. at 51.

### INSTRUCTIONS

1. You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Each Request seeks the requested documents in their entirety, without abbreviation, redaction, or expurgation, including all attachments or other matters affixed to them. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Documents are to be produced as they are kept in the ordinary course of business. Please produce all electronically stored Documents in electronic, machine-readable form, together with sufficient Documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

2. In responding to these Document Requests, produce all documents available to You or subject to Your reasonable access or control. Documents requested are those in the actual or constructive possession, custody, or control of You, Your attorneys, investigators, experts, and anyone else acting on Your behalf. A Document is in Your possession, custody or control (a) if it is in Your physical custody, or (b) if it is in the custody of any other person and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms; or (iii) have an understanding, express or implied, that the You may use, inspect, examine or copy such Document when You seek to do so.

3. If there are no documents responsive to any particular category, so state in writing.

4. If any Documents or parts of Documents called for by these Document Requests have been lost, discarded or destroyed, identify such Documents as completely as possible on a list, including the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the Document.

5. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

6. If any privilege or immunity is claimed as a ground for not producing a Document or tangible thing, provide a written log in compliance with Local Rule 26.1(e) including, among other requirements, a description of the basis for the claim of privilege or immunity that identifies each such Document and states the ground on which each such Document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune Document shall be produced unless You contend that the attachment is also privileged or immune from disclosure.

7. Whenever necessary to bring within the scope of a Request a relevant response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   a. Construing the singular form of any word to include the plural and the plural form to include the singular;

      b. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

      c. Construing the masculine form to include the feminine form.

8. These Document Requests request Documents in Your possession (including Documents of Your officers, employees, agents, and representatives, and unless privileged, Your attorneys) which are and/or were in the custody of the following custodians:

      a. Tom Leek;

      b. Randy Fine;

      c. Tyler Sirois;

      d. Kaylee Tuck;

      e. Cord Byrd;

      f. Will Robinson;

      g. Leda Kelly;

      h. Jason Poreda;

      i. Kyle Langan;

      j. Mat Bahl;

      k. Chris Sprowls;

      l. Redistricting Committee;

      m. State Legislative Redistricting Subcommittee;

      n. Congressional Redistricting Subcommittee.

9. These Document Requests are continuing in character so as to require You to produce additional Documents if You obtain further or different information at any time before trial. All responsive Documents in existence as of the date of production are to be produced. Any Documents created or obtained after that date are to be produced under Your continuing obligation to supplement Your production immediately upon the creation or development of additional responsive Documents.

10. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Plaintiffs should be contacted promptly.

## REQUESTS FOR PRODUCTION

1. All Documents including an analysis or discussion of the redistricting of congressional or Florida House districts in Miami-Dade County that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

2. All Documents including an analysis or discussion of Voting Cohesion among Hispanic or Latino voters that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly

5

available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

3. All Documents including an analysis or discussion of White Bloc Voting that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

4. All Documents including an analysis or discussion of the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

5. All Documents including an analysis or discussion of redistricting criteria or methodology that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

6. All Documents and Communications including an analysis or discussion of the redistricting of congressional or Florida House districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

7. All Documents and Communications including an analysis or discussion of Voting Cohesion among Hispanic or Latino voters that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

8. All Documents and Communications including an analysis or discussion of White Bloc Voting that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

9. All Documents and Communications including an analysis or discussion of the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

10. All deposition transcripts and exhibits for depositions taken in *Black Voters Matter Capacity Building Institute v. Byrd*, No. 2022 CA 666 (Fla. 2d Jud. Cir.) and *Common Cause Fla. v. Byrd*, No. 4:22-cv-109 (N.D. Fla.)

| | |
|---|---|
| Dated November 4, 2024. | */s/ Nicholas L.V. Warren* |
| | |
| Nicholas L.V. Warren (FBN 1019018) | Jorge L. Vasquez, Jr.* |
| Daniel B. Tilley (FBN 102882) | **Vasquez Attorneys at Law, PC** |
| Caroline A. McNamara (FBN 1038312) | 141 Parkway Road, Suite 14 |
| **ACLU Foundation of Florida, Inc.** | Bronxville, NY 10708 |
| 4343 West Flagler Street, Suite 400 | (212) 752-8408 |
| Miami, FL 33134 | jorge@vasquezpc.com |
| (786) 363-1769 | |
| nwarren@aclufl.org | Brian P. Quinn* |
| dtilley@aclufl.org | Patrick J. Jones* |
| cmcnamara@aclufl.org | Emily Murphy* |
| | Gabrielle S. Jackson* |
| Andrew Frackman* | **O'Melveny & Myers LLP** |
| **O'Melveny & Myers LLP** | 1625 Eye Street NW |
| 1301 Avenue of the Americas | Washington, DC 20006 |
| 17th Floor | (202) 383-5300 |
| New York, NY 10019 | bquinn@omm.com |
| (212) 326-2000 | pjones@omm.com |
| afrackman@omm.com | emurphy@omm.com |
| | gjackson@omm.com |
| *\*Admitted pro hac vice* | |
| | *Counsel for Plaintiffs* |