## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

    Defendants.

_____/

## THE FLORIDA HOUSE OF REPRESENTATIVES' RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, the Florida House of Representatives responds to Plaintiffs' Second Request for Production on the Florida House of Representatives, dated November 4, 2024.

## GENERAL STATEMENT AND OBJECTIONS

1.  The House objects to the extent that Plaintiffs' definitions and instructions purport to impose obligations different from or additional to the requirements of the Federal Rules of Civil Procedure or to limit the discretion of responding parties under the Federal Rules of Civil Procedure.

2.  For example, the House objects to the extent that (i) Instruction No. 2 purports to require the House to do more than conduct a reasonable search for responsive documents in the House's possession, custody, or control; (ii) Instruction No. 4 purports to require

identification of documents that have been lost, discarded, or destroyed; (iii) Instruction No. 6 purports to impose obligations that exceed those of Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.1(e); and (iv) Instruction No. 9 purports to impose obligations that exceed those of Federal Rule of Civil Procedure 26(e).

3. The House objects that Plaintiffs' definitions of "House," "Senate," and "Legislature" are vague to the extent they reference "component departments and offices" and "entities formally or informally associated" with the House, the Senate, or the Legislature. It is also unclear whether those definitions include employees and consultants of the House, the Senate, and the Legislature.

4. The House objects to the definition of "Electronically Stored Information" or "ESI" to the extent it purports to require the House to collect and produce "onscreen information, system data, archival data, legacy data, residual data, and metadata," and "all file fragments and backup files." These data are not relevant to any party's claims or defenses, and their production would impose undue burden and expense disproportionate to the needs of this case.

5. The House's review of information and documents is continuing, as is discovery. The House reserves the right to revise, correct, supplement, clarify, and amend its responses as additional documents are identified. The House's responses and objections are based on information and documents now known to it and are made without prejudice to the House's right to assert additional objections, or to supplement its responses, if the House discovers additional responsive documents or additional grounds for objections. The House's responses and objections are made without waiving or intending to waive, and the

House expressly preserves, all applicable privileges, exemptions, and protections from discovery, including all legislative privileges and immunities of its elected members and staff.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Documents including an analysis or discussion of the redistricting of congressional or Florida House districts in Miami-Dade County that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 1 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the

Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 2:** All Documents including an analysis or discussion of Voting Cohesion among Hispanic or Latino voters that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 2 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

The House further objects that, to the extent it seeks documents that relate to voting cohesion among Hispanic or Latino voters in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further

4

objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 3:** All Documents including an analysis or discussion of White Bloc Voting that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 3 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

The House further objects that, to the extent it seeks documents that relate to white bloc voting in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 4:** All Documents including an analysis or discussion of the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 4 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 5:** All Documents including an analysis or discussion of redistricting criteria or methodology that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, excluding any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 5 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

**REQUEST NO. 6:** All Documents and Communications including an analysis or discussion of the redistricting of congressional or Florida House districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 7 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 7:** All Documents and Communications including an analysis or discussion of Voting Cohesion among Hispanic or Latino voters that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 8 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

The House further objects that, to the extent it seeks documents that relate to voting cohesion among Hispanic or Latino voters in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a

9

privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 8:** All Documents and Communications including an analysis or discussion of White Bloc Voting that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 9 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

The House further objects that, to the extent it seeks documents that relate to white bloc voting in districts not located wholly or partially in Miami-Dade County, this request seeks documents that are not relevant to any party's claims or defenses.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further

10

objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 9:** All Documents and Communications including an analysis or discussion of the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, excluding any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The House objects to this request and withholds responsive documents on the basis of the legislative privilege.

The House further objects that this request, although narrower than, is duplicative of Request No. 10 of Plaintiffs' First Request for Production on the Florida House of Representatives, dated July 10, 2024. Under Local Rule 26.1(g)(2)(A), Plaintiffs long ago waived their right to challenge the objections the House served on August 9, 2024. Plaintiffs cannot circumvent Local Rule 26.1(g)(2)(A)'s deadline to submit discovery disputes to the Court by re-serving the same request two months after the deadline passed.

To the extent this request seeks documents prepared in anticipation of litigation by or for the House's expert consultants, John Alford and Randy Stevenson, the House further objects that the requested documents constitute work product protected from disclosure by Federal Rule of Civil Procedure 26(b)(3)(A). The House identified these documents on a privilege log the House produced on August 23, 2024, and Plaintiffs did not present to the Court any discovery dispute related to the privilege log within the time allotted by Local Rule 26.1(g)(2)(A)(i).

**REQUEST NO. 10:** All deposition transcripts and exhibits for depositions taken in *Black Voters Matter Capacity Building Institute v. Byrd*, No. 2022 CA 666 (Fla. 2d Jud. Cir.) and Common Cause Fla. v. Byrd, No. 4:22-cv-109 (N.D. Fla.).

**RESPONSE:** The House will conduct a reasonable search and produce all responsive and non-privileged documents identified by that search.

Dated December 4, 2024. Respectfully submitted,

                                                  /s/ *Andy Bardos*

Christopher M. Kise (FBN 855545)      Andy Bardos (FBN 822671)
ckise@continentalpllc.com      andy.bardos@gray-robinson.com
CONTINENTAL PLLC      GRAYROBINSON, P.A.
101 North Monroe Street, Suite 750      301 South Bronough Street, Suite 600
Tallahassee, Florida 32301      Tallahassee, Florida 32301-1724
Telephone: 850-270-2211      Telephone: 850-577-9090

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707

*Attorneys for Defendant, Florida House of Representatives*

## **CERTIFICATE OF SERVICE**

I certify that, on December 4, 2024, a true and correct copy of the foregoing was served by email on all counsel identified on the Service List that follows.

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.

**SERVICE LIST**

Nicholas L.V. Warren
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, Florida 33134
nwarren@aclufl.org
*Attorneys for Plaintiffs*

Bradley R. McVay
Joseph S. Van de Bogart
Ashley Davis
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
brad.mcvay@dos.myflorida.com
joseph.vandebogart@dos.myflorida.com
ashley.davis@dos.myflorida.com
*Attorneys for Secretary of State*

Daniel B. Tilley
Caroline A. McNamara
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, Florida 33134
dtilley@aclufl.org
cmcnamara@aclufl.org
*Attorneys for Plaintiffs*
Andrew J. Frackman
O'Melveny & Myers LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
afrackman@omm.com
*Attorneys for Plaintiffs*

Mohammad O. Jazil
Michael Beato
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
*Attorneys for Secretary of State*

Brian P. Quinn
Patrick J. Jones
Emily Murphy
Gabrielle S. Jackson
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
*Attorneys for Plaintiffs*

Jorge L. Vasquez, Jr.
Vasquez Attorneys at Law, PC
141 Parkway Road, Suite 14
Bronxville, New York 10708
jorge@vasquezpc.com
*Attorneys for Plaintiffs*