IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-21983-CIVIL BECERRA/TORRES

CUBANOS PA'LANTE, et al.,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES,
et al.,

    *Defendants*.

_____/

## **THE SECRETARY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Secretary responds to Plaintiffs' second amended complaint, Doc.58, as follows. Any allegation in the complaint that's not expressly admitted is denied.

    0.    Admitted that Plaintiffs raise racially gerrymandering challenges to state house and congressional districts in South Florida. Otherwise, denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

### **Introduction**

    1.    Admitted that *Miller v. Johnson*, 515 U.S. 900 (1995), contains the quote in the paragraph. Else, denied—particularly that the "Legislature fell far short of [the applicable] exacting standard when it redrew congressional and State House districts in South Florida in 2022."

    2.    Admitted.

    3.    Admitted.

    4.    Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88. Admitted that Plaintiffs challenge state house and congressional districts in South Florida. Denied that the districts are racial gerrymanders.

    5.    Denied.

1

6. Admitted that paragraph 6 contains figure 1. Without knowledge of whether figure 1 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

7. Admitted that paragraph 7 contains figure 2. Without knowledge of whether figure 2 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

8. Without knowledge as to the specifics of the legislative process or the full context of the debate, therefore denied.

9. Without knowledge as to the specifics of the legislative process or the full context of the debate, therefore denied.

10. Without knowledge as to the specifics of the legislative process or the full context of the debate, therefore denied.

11. Without knowledge as to the specifics of the legislative process or the full context of the debate, therefore denied.

12. Without knowledge as to the specifics of the legislative process or the full context of the debate, therefore denied.

13. Admitted that the cited cases, constitutional provisions, and statute impose redistricting requirements. Otherwise, any allegations and conclusions in the paragraph are denied.

14. Admitted that *Allen v. Milligan*, 599 U.S. 1 (2023), stands for the cited proposition of law in the above-the-line text. Otherwise, any allegations or conclusions in the paragraph and footnote are denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that *Shaw v. Reno*, 509 U.S. 630 (1993), contains the quotation in the paragraph. Otherwise, any allegations or conclusions in this paragraph are denied.

19. Admitted that legislators and members of the public expressed views on redistricting during the legislative debates. Otherwise, any allegations or conclusions in this paragraph are denied.

20. Denied.

**Parties**

21. Without knowledge, therefore denied.
22. Without knowledge, therefore denied.
23. Without knowledge, therefore denied.
24. Without knowledge, therefore denied.
25. Without knowledge, therefore denied.
26. Without knowledge, therefore denied.
27. Without knowledge, therefore denied.
28. Without knowledge, therefore denied.
29. Without knowledge, therefore denied.
30. Without knowledge, therefore denied.
31. Admitted.
32. Admitted.

**Jurisdiction and Venue**

33. Admitted.
34. Admitted.
35. Admitted.

**Facts**

I.

36. Admitted.
37. Admitted.
38. Admitted.
39. Admitted.
40. Admitted.
41. Admitted.
42. Admitted.
43. Admitted.
44. Denied that "Tier One requirements take precedence over the 'Tier Two' requirements." Under the Florida Constitution, tier one requirements take precedence over tier two requirements only when "compliance with" both requirements "conflict[]." *E.g.*, Fla. Const. art. III, § 20(b). Otherwise, admitted.

45. Admitted.

46. Admitted.

47. Admitted that a functional analysis is relevant to a non-diminishment claim under the Florida Constitution. Otherwise, denied.

48. Admitted.

II.

49. Denied.

A.

1.

50. Denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Admitted that paragraph 53 contains figures 3 and 4. Without knowledge of whether the figures are accurate, and without knowledge as to how the figures were created; any allegations or conclusions in this paragraph are therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Without knowledge, therefore denied.

59. Without knowledge, therefore denied.

60. Admitted that paragraph 60 contains figure 5. Without knowledge of whether figure 5 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Admitted that paragraph 66 contains figure 6. Without knowledge of whether figure 6 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

67. Without knowledge, therefore denied.

68. Without knowledge, therefore denied.

69. Without knowledge, therefore denied.

70. Without knowledge, therefore denied.

71. Without knowledge, therefore denied.

72. Without knowledge, therefore denied.

73. Admitted that the house map passed on February 3, 2022. Otherwise, without knowledge, therefore denied.

2.

74. Denied.

75. Without knowledge, therefore denied.

a.

76. Denied.

77. Admitted that paragraph 77 contains figure 7. Without knowledge of whether figure 7 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

78. Denied.

79. Without knowledge, therefore denied.

80. Without knowledge, therefore denied.

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Without knowledge, therefore denied.

84. Without knowledge, therefore denied.

85. Without knowledge, therefore denied.

86. Without knowledge, therefore denied.

87. Admitted that the "highest compactness score possible" is "1.0." Otherwise, without knowledge, therefore denied.

88. Without knowledge, therefore denied.

89. Without knowledge, therefore denied.
90. Without knowledge, therefore denied.
91. Without knowledge, therefore denied.
92. Without knowledge, therefore denied.

b.

93. Denied.
94. Admitted that paragraph 94 contains figures 8 and 9. Without knowledge of whether the figures are accurate, and without knowledge as to how the figures were created; any allegations or conclusions in this paragraph are denied.
95. Without knowledge, therefore denied.
96. Without knowledge, therefore denied.

B.

1.

97. Denied.
98. Admitted that congressional redistricting "proceeded concurrently in both chambers," that the governor's office provided some input to the chambers during the redistricting process, that maps were vetoed, and that Plan 109 became the enacted map. Otherwise, denied.

a.

99. Without knowledge, therefore denied.
100. Without knowledge as to the specifics of the legislative process, therefore denied.
101. Because the meaning of "similar configuration" is unclear, denied.
102. Without knowledge as to the specifics of the referenced drafts, therefore denied.
103. Without knowledge as to the specifics of the referenced drafts, therefore denied.
104. Admitted that paragraph 104 contains figure 10. Without knowledge of whether figure 10 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.
105. Without knowledge as to the specifics of the legislative process, therefore denied.
106. Without knowledge as to the specifics of the legislative process, therefore denied.
107. Without knowledge as to the specifics of the legislative process, therefore denied.
108. Without knowledge as to the specifics of the legislative process, therefore denied.
109. Without knowledge, therefore denied.

110. Without knowledge as to the specifics of the legislative process, therefore denied.
111. Without knowledge as to the specifics of the legislative process, therefore denied.
112. Without knowledge as to the specifics of the legislative process, therefore denied.
113. Without knowledge as to the specifics of the legislative process, therefore denied.
114. Without knowledge as to the specifics of the legislative process, therefore denied.
115. Without knowledge as to the specifics of the legislative process, therefore denied.
116. Without knowledge as to the specifics of the legislative process, therefore denied.
117. Without knowledge as to the specifics of the legislative process, therefore denied.
118. Without knowledge as to the specifics of the legislative process, therefore denied.
119. Without knowledge as to the specifics of the legislative process, therefore denied.
120. Without knowledge as to the specifics of the legislative process, therefore denied.
121. Without knowledge as to the specifics of the legislative process, therefore denied.
122. Without knowledge as to the specifics of the legislative process, therefore denied.
123. Without knowledge as to the specifics of the legislative process, therefore denied.
124. Without knowledge as to the specifics of the legislative process, therefore denied.
125. Without knowledge as to the specifics of the legislative process, therefore denied.
126. Without knowledge, therefore denied.

b.

127. Without knowledge as to the specifics of the legislative process, therefore denied.
128. Without knowledge as to the specifics of the legislative process, therefore denied.
129. Without knowledge as to the specifics of the legislative process, therefore denied.
130. Without knowledge as to the specifics of the legislative process, therefore denied.
131. Without knowledge as to the specifics of the legislative process, therefore denied.
132. Without knowledge as to the specifics of the legislative process, therefore denied.

c.

133. Admitted that the governor exercised his veto power, otherwise denied.
134. Admitted that a special session was convened, otherwise denied.
135. Because the meaning of "identical in Miami-Dade County" is unclear, denied.
136. Without knowledge as to the specifics of the district, therefore denied.
137. Admitted.
138. Admitted as to Plan 109 as a whole.

139. Without knowledge as to the specifics of the testimony or the context as a whole, based on the cited snippet, therefore denied.

140. Without knowledge as to the specifics of the testimony or the context as a whole, based on the cited snippet, therefore denied.

141. Without knowledge as to the specifics of the testimony or the context as a whole, based on the cited snippet, therefore denied.

142. Without knowledge as to the specifics of the testimony or the context as a whole, based on the cited snippet, therefore denied.

143. Without knowledge as to the specifics of the testimony or the context as a whole, based on the cited snippet, therefore denied.

144. Without knowledge as to the specifics of the legislative process, therefore denied.

145. Without knowledge as to the specifics of the legislative process, therefore denied.

146. Without knowledge as to the specifics of the legislative process, therefore denied.

147. Without knowledge as to the specifics of the legislative process, therefore denied.

148. Without knowledge as to the specifics of the legislative process, therefore denied.

149. Without knowledge as to the specifics of the legislative process, therefore denied.

150. Without knowledge as to the specifics of the legislative process, therefore denied.

151. Without knowledge as to the specifics of the legislative process, therefore denied.

152. Without knowledge as to the specifics of the legislative process, therefore denied.

153. Admitted.

2.

154. Denied.

155. Without knowledge as to the specifics of the legislative process, therefore denied. Denied that the districts are racial gerrymanders.

a.

156. Denied.

157. Admitted that paragraph 157 contains figure 11. Without knowledge of whether figure 11 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

158. Without knowledge as to the specifics of the legislative process, therefore denied.

159. Without knowledge as to the specifics of the legislative process, therefore denied.

160. Denied.

161. Without knowledge as to the specifics of the legislative process, therefore denied. Without knowledge as to the specifics of the legislative process, therefore denied.

162. Without knowledge as to the specifics of the legislative process or the context as a whole, based on the cited snippet, therefore denied.

163. Without knowledge as to the specifics of the legislative process or the context as a whole, based on the cited snippet, therefore denied.

164. Without knowledge as to the specifics of the legislative process or the context as a whole, based on the cited snippet, therefore denied.

165. Without knowledge as to the specifics of the legislative process or the context as a whole, based on the cited snippet, therefore denied.

166. Without knowledge as to the specifics of the legislative process, therefore denied.

167. Without knowledge as to the specifics of the legislative process, therefore denied.

168. Without knowledge as to the specifics of the legislative process, therefore denied.

169. Without knowledge as to the specifics of the legislative process, therefore denied.

170. Without knowledge as to the specifics of the legislative process, therefore denied.

171. Admitted that the district has a Reock score of .29. Plaintiffs' characterizations, insinuations, and glosses on the compactness scores are denied.

172. Without knowledge as to the specifics of the legislative process, therefore denied. Denied that the districts are racial gerrymanders.

173. Admitted that paragraph 173 contains figure 12. Without knowledge of whether figure 12 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

174. Denied.

175. Admitted that the district has a Reock score of .33. Plaintiffs' characterizations, insinuations, and glosses on the compactness scores are denied.

176. Without knowledge, therefore denied.

b.

177. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

178. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

179. Admitted that paragraph 179 contains figure 13. Without knowledge of whether figure 13 is accurate, and without knowledge as to how the figure was created; any allegations or conclusions in this paragraph are therefore denied.

180. Plaintiffs' characterizations of the district are denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

181. Plaintiffs' characterizations of the districts are denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

182. Plaintiffs' characterizations of the districts are denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

183. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

C.

184. Denied.

185. Denied.

186. Admitted that paragraph 186 contain Plaintiff-drawn maps. Denied that they are sufficient alternative maps under redistricting case law.

187. Without knowledge as to the specifics of the legislative process, therefore denied.

188. Without knowledge as to the specifics of the legislative process, therefore denied.

189. Without knowledge as to the specifics of the legislative process, therefore denied.

190. Denied.

III.

191. Admitted that the cases cited in the paragraph contain the quotations in the paragraph. Otherwise, denied. Specifically denied that "here, race was the predominant factor," and "[h]ere, the Legislature identified no other compelling interest to justify its predominant use of race in drawing the Challenged Districts."

192. Admitted that the cases in the above-the-line text contain the quotations in the paragraph. Otherwise, the conclusions and allegations in the paragraph and footnote are denied.

A.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

B.

200. Denied.

201. Admitted that the cases cited in the paragraph contain the quotations in the paragraph. Otherwise, denied.

202. Admitted that the paragraph cites a law review article. Otherwise, any allegations or conclusions in the paragraph are denied.

203. Without knowledge, therefore denied.

204. Admitted that the case cited in the paragraph contains the quotations in the paragraph. Otherwise, any allegations or conclusions in the paragraph are denied.

205. Without knowledge as to the specifics of the legislative process, therefore denied.

206. Without knowledge as to the specifics of the legislative process, therefore denied.

207. Without knowledge as to the specifics of the legislative process, therefore denied.

208. Without knowledge as to the specifics of the legislative process, therefore denied.

209. Without knowledge as to the specifics of the legislative process, therefore denied.

210. Without knowledge as to the specifics of the legislative process, therefore denied.

211. Without knowledge as to the specifics of the legislative process, therefore denied.

212. Without knowledge as to the specifics of the legislative process, therefore denied.

213. Without knowledge as to the specifics of the legislative process, therefore denied.

214. Denied.

215. Without knowledge as to the specifics of the legislative process, therefore denied.

216. Denied.

**Claims for Relief**

Count One

217. The Secretary realleges and incorporates by reference the answers to paragraphs 1, 3–6, 8–35, 37–38, 40–49, 75, 81, 83, 97–186, and 189–216. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

218. Admitted.

219. Admitted.

220. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

221. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

222. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

223. Denied. Note that this Court dismissed Plaintiffs' challenges to congressional districts 27 and 28. Doc.88.

Count Two

224. The Secretary realleges and incorporates by reference the answers to paragraphs 1–2, 4–5, 7–26, 28–36, 38–39, 41–96, 155, and 184–216.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

**Request for Relief**

229. Denied.
   a. Denied.
   b. Denied.
   c. Denied.
   d. Denied.
   e. Denied.
   f. Denied.

**Affirmative Defenses**

1. If race predominates whenever the Florida Legislature complies with or attempts to comply with the Fair Districts Amendments, as Plaintiffs seemingly contend, then the Fair Districts

12

Amendments violate the Fourteenth Amendment to the U.S. Constitution, principles of federalism, and principles of equal sovereignty; the Fair Districts Amendments lack a record of race-based problems that justify the need for their race-based solutions.

2. Given redistricting realities—the State's shape and geography, population centers, and political boundaries, for example—the State would have drawn the challenged districts in the same configurations. This is a same-decision defense. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Dated: February 27, 2025

| | |
|---|---|
| Bradley R. McVay (FBN 79034)<br>brad.mcvay@dos.myflorida.com<br>Joseph S. Van de Bogart (FBN 84764)<br>joseph.vandebogart@dos.myflorida.com<br>Ashley Davis (FBN 48032)<br>ashley.davis@dos.myflorida.com<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>(850) 245-6536 | /s/ Mohammad O. Jazil<br>Mohammad O. Jazil (FBN 72556)<br>mjazil@holtzmanvogel.com<br>Michael Beato (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN TORCHINSKY &<br>JOSEFIAK<br>119 S. Monroe St. Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938 |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil