IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF
REPRESENTATIVES, *et al.*,

    *Defendants*.

_____/

**<u>PLAINTIFFS' MOTION FOR NEW MEDIATOR</u>**

    Plaintiffs respectfully move the Court to direct the selection of a new mediator in this case, and in support state as follows:

    1.    Local Rule 16.2 establishes court annexed mediation as "a supervised settlement conference presided over by a qualified, certified, and neutral mediator, or anyone else whom the parties agree upon to serve as a mediator, to promote conciliation, compromise and the ultimate settlement of a civil action." L.R. 16.2(a)(1).

    2.    The Local Rule outlines the requirements for a "certified mediator," including certification by the Chief Judge, and that the mediator "possesses the unique skills required to facilitate the mediation process including the ability to suggest alternatives, analyze issues, question perceptions, use logic, conduct private caucuses, stimulate negotiations between opposing sides, and keep order." *Id.*

    3.    Certification as a mediator in this District requires meeting these and other requirements. *See* L.R. 16.2(b)(1)–(3). The benefit of certification comes with certain obligations, including the duty to accept on a pro bono or reduced-rate basis two mediation assignments annually in cases with a party who cannot afford to compensate the mediator. L.R. 16.2(b)(3).

    4.    Local Rule 16.2(d)(1) outlines how a case is referred to mediation and how a mediator is selected. An order referring a case to mediation:

> shall . . . [d]irect the parties . . . to agree upon a mediator. . . . The parties shall file and serve a "Notice of Selection of Mediator" within [a prescribed] period of time. If the parties are unable to agree upon a mediator, plaintiff's counsel, or plaintiff if self-represented, shall file and serve a "Request For Clerk To Appoint Mediator," and

1

        the Clerk will designate a mediator from the list of certified mediators on a blind, random basis.

5. These rules are logical: they ensure that any mediator meets the qualifications necessary to be certified as a mediator, or else that the parties agree to submit to mediation before a non-certified mediator.

6. In the Parties' Joint Amended Scheduling Report, Defendants suggested the Court direct mediation "to be scheduled on March 26 with Michael Hanzman" because he was set to mediate another racial gerrymandering case on that date, and "having one mediator on one date would conserve the parties' resources."[1] ECF No. 92 at 2. Plaintiffs argued "the selection of a mediator and the scheduling and conduct of the mediation should proceed in the ordinary course of this case and according to the Local Rules." *Id.*

7. Mr. Hanzman is not a certified mediator in this District. *See* https://www.flsd.uscourts.gov/mediation.

8. In its Scheduling Order, the Court ordered the Parties to mediate by May 15, 2025, and, rather than following the mediator-selection procedure outlined in Local Rule 16.2(d)(1), or otherwise appoint a certified mediator not of the Parties' choosing, the Court adopted Defendants' suggestion to appoint Mr. Hanzman. *Id.* at 1.

9. In the end, the Parties were unable to mediate with Mr. Hanzman on March 26 (or by May 15), and the Parties jointly moved to extend the Court's mediation deadline due to scheduling difficulties. ECF No. 102. In that joint motion, the Parties asked the Court to extend the mediation deadline to "the default deadline provided by Local 16.2(d)(1)(A)," and requested as alternative relief that the Court "authorize the Parties to use a different mediator, mutually agreed upon by the Parties, other than Mr. Hanzman." *Id.* at 1–2.

10. The Court granted the Parties' joint request, extending the mediation deadline to the Local Rules' default—November 13, 2025. ECF No. 103.

11. The plaintiffs in the related racial gerrymandering case which Mr. Hanzman *did* mediate on March 26 are represented by some of the same attorneys in this case. That mediation resulted in an impasse. Jt. Status Rep. on Mediation, *Nord Hodges v. Albritton*, No. 8:24-cv-879

---

[1] Mr. Hanzman charges a flat fee of $12,500 per mediation in cases involving governmental parties, regardless of how long it takes, how prepared he is to discuss the issues, or whether he complies with all the court mediation requirements.

(M.D. Fla. May 16, 2025), ECF No. 118.

12. Mr. Hanzman never filed the court-mandated mediation report in that case, which he was required to file within seven days of the mediation. *See* M.D. Fla. L.R. 4.03(f); Case Management & Scheduling Order at 13, *Nord Hodges v. Albritton*, No. 8:24-cv-879 (M.D. Fla. June 6, 2024), ECF No. 37; Endorsed Order, *Nord Hodges v. Albritton*, No. 8:24-cv-879 (M.D. Fla. May 8, 2025), ECF No. 111.

13. Because mediation discussions are confidential, Plaintiffs' counsel are unable to share publicly the details of what transpired. But undersigned counsel assures the Court that this Motion is not made lightly, and the undersigned would not be filing this motion if they, having mediated another similar case with Mr. Hanzman, were not firmly convinced that he would be an ineffective mediator in this one and lacks "the unique skills required to facilitate the mediation process including the ability to suggest alternatives, analyze issues, question perceptions, use logic, conduct private caucuses, stimulate negotiations between opposing sides, and keep order." L.R. 16.2(a)(1).

14. The selection of a new mediator is warranted given the above circumstances, the fact that the Court has already amended its mediation order to conform to the deadline provided by the Local Rules, and the fact that all Parties earlier acknowledged that selecting a new mediator would be appropriate in certain circumstances. Selecting a new mediator in accordance with the Local Rules will ensure no party is compelled to mediate before a non-certified, unqualified, unfit, or biased mediator without their consent. Doing so will also eliminate any appearance of impropriety arising from Mr. Hanzman's selection via a process that strayed from the strictures and protections of the Local Rules.

15. No party will be prejudiced by the selection of a new mediator in accordance with the process outlined in the Local Rules. The Parties have not yet scheduled mediation with Mr. Hanzman, entered into a contract with him, or otherwise begun preparations for mediation before him in this case. More than five months remain before the mediation deadline, which is ample time to select a new mediator and schedule mediation. If mediator selection proceeds under the Local Rules, the Parties will either agree to a mutually agreeable mediator, or else follow the alternative selection process Local Rule 16.2(d)(1) provides.

16. Plaintiffs are committed to mediating in good faith to seek the resolution of their claims without further court intervention. They file this motion not to hinder or frustrate the

mediation process, but because they believe the selection of a new mediator will assist tremendously in "promot[ing] conciliation, compromise and the ultimate settlement of [this] civil action." L.R. 16.2(a)(1).

**WHEREFORE**, Plaintiffs respectfully request that the Court direct the appointment of a new mediator in accordance with the procedures mandated by Local Rule 16.2(d)(1).

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with the counsel Defendants in a good-faith effort to resolve the issues raised in this motion by email on June 6, 2025. Defendants oppose the relief requested.

Respectfully submitted June 6, 2025,

 /s/ Nicholas L.V. Warren 

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc.**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

Andrew Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

*Admitted pro hac vice*

Jorge L. Vasquez, Jr.*
**Vasquez Attorneys at Law, PC**
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
jorge@vasquezpc.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Gabrielle S. Jackson*
Andrea Ojeda*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
aojeda@omm.com

*Counsel for Plaintiffs*