IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-21983-CIVIL BECERRA/TORRES

CUBANOS PA'LANTE, et al.,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES,
et al.,

    *Defendants*.
_____/

## RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR NEW MEDIATOR

Plaintiffs don't like Mr. Hanzman. Citing no specifics, Plaintiffs say he's "unqualified," "unfit," and "biased." Doc.113 at ¶ 14. Defendants disagree.

Mr. Hanzman's past work speaks for itself. As a state trial court judge, he quickly resolved the litigation arising from the Surfside tragedy. Counsel for Defendants have also seen firsthand Mr. Hanzman's work as a mediator. Two recent cases within this district come to mind. The first, titled *Florida Rights Restoration Coalition v. DeSantis*, Case No. 1:23-cv-22688 (S.D. Fla. 2023), included many dozens of parties and concerned complicated issues of constitutional and statutory law. The second, titled *Friends of the Lower Keys, LLC v. City of Marathon*, Case No. 4:22-cv-10002 (S.D. Fla. 2022), was a case arising under the Clean Water Act that raised novel issues tethered to a recent Supreme Court decision. Both cases initially seemed intractable. Neither went to trial.

Plaintiffs rightly note that Mr. Hanzman also served as the mediator in *Hodges v. Albritton*, Case No. 8:24-cv-879 (M.D. Fla. 2024) (three-judge court), another redistricting case that involves Plaintiffs' counsel and the Secretary of State's counsel. Doc.113 at ¶ 11. Though the mediation resulted in an impasse, *id.*, the only noteworthy part of that mediation was Plaintiffs' attempt to scuttle Mr. Hanzman's selection because of the (reduced) fee he charged, *Hodges*, Case No. 8:24-cv-879, Doc.68, 70 at 2 (referencing reduced fee). Nothing more. And, without more, the cost of

1

mediation doesn't unfairly prejudice Plaintiffs, especially when another federal court, in a similar case, with the same lawyers said the fee was appropriate. *Hodges*, Case No. 8:24-cv-879, Doc.73 ("[T]he Court does not find that the fee is unreasonable, as it will be split three ways and is a significant reduction from the mediator's ordinary fee.").

The local rules don't support Plaintiffs' motion either. A district court may "depart from local rules even where the rule is phrased in mandatory language where it has sound rationale and does not unfairly prejudice a party." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 752 (11th Cir. 2002). Mr. Hanzman's experience, most recently in a redistricting case, provides the necessary rationale for this Court's earlier decision. As noted above, there's also no prejudice to Plaintiffs.

Finally, the past interactions between Plaintiffs and Defendants in this case provide no reason to change the mediator. To the extent that paragraphs nine and fourteen of the motion suggest that the Parties requested a different mediator in April of this year, Doc.113 at ¶¶ 9, 14, that's incorrect. The earlier request was made solely because Mr. Hanzman was unavailable within the court-imposed mediation window—and even so, the Parties' primary request was for this Court to extend the mediation deadline to enable the Parties to schedule a mediation with Mr. Hanzman. Doc.102 ("If the Court is disinclined to extend the mediation deadline to November 13, 2025, then the Parties respectfully request the Court either extend the mediation deadline to an extent the Court deems appropriate or to authorize the Parties to use a different mediator, mutually agreed upon by the Parties, other than Mr. Hanzman. This would allow the Parties to select a mediator who has more availability to accommodate the Parties' schedule.").

Paragraph 15 is similarly misleading. It states that the parties "have not yet scheduled mediation with Mr. Hanzman" or "entered into a contract with him." Doc.113 at ¶ 15. True enough. But counsel for Defendants, specifically the House of Representatives, emailed Plaintiffs' counsel on April 22, 2025, to coordinate the scheduling of a mediation with Mr. Hanzman. **Attachment A.** The next day, Plaintiffs' counsel responded and asked the House's counsel to "wait another month or so before asking [Mr. Hanzman's assistant] for availability" because the FIU ACLU Club's leadership was about to change. *Id.* The House's counsel agreed. On June 2, 2025, having heard nothing from Plaintiffs' counsel about mediation, House counsel again asked Plaintiffs' counsel for Plaintiffs' availability for mediation. **Attachment B.** Plaintiffs' counsel neither provided his availability nor expressed dissatisfaction with Mr. Hanzman as the mediator.

It was not until June 4, 2025—six weeks after the House's counsel first contacted Plaintiffs' counsel about scheduling a mediation with Mr. Hanzman—that Plaintiffs' counsel first mentioned the newfound opposition to Mr. Hanzman. The fact that a mediation has not yet been scheduled with Mr. Hanzman owes entirely to Plaintiffs' counsel, who requested a lengthy delay on grounds unrelated to Mr. Hanzman's fitness. And all of this came well after the March 26, 2025 mediation in *Hodges* that Plaintiffs now claim revealed Mr. Hanzman's ineffectiveness and supposedly provided the impetus to Plaintiffs' motion.

In sum, Plaintiffs' attempt to discredit Mr. Hanzman misses the mark. There's no reason to change this Court's earlier decision and select a new mediator.

Dated: June 19, 2025

/s/ Andy Bardos
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301-1724
Telephone: (850) 577-9090
Andy.bardos@gray-robinson.com

/s/ Carmen Manrara Cartaya
Carmen Manrara Cartaya (FBN 73887)
Jesus M. Suarez (FBN 60086)
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: (305) 677-2707
ccartaya@continentalpllc.com
jsuarez@continentalpllc.com

Christopher M. Kise (FBN 855545)
CONTINENTAL PLLC
101 North Monroe Street, Suite 750
Tallahassee, Florida 32301
Telephone: (850) 270-2211
ckise@continentalpllc.com

*Counsel for Florida House of Representatives*

Respectfully submitted by,

Bradley R. McVay (FBN 79034)
Ashley Davis (FBN 48032)
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536
brad.mcvay@dos.fl.gov
ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for the Secretary*

3

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies that this response does not exceed twenty pages inclusive of all parts.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that on June 19, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil