IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES, *et al.*,

    *Defendants*.

_____/

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR NEW MEDIATOR

Plaintiffs file this short reply in support of their Motion for New Mediator (ECF No. 113) to address a few points raised by Defendants in their Response (ECF No. 114, "Resp.").

*First*, Plaintiffs move the Court to direct the selection of a new mediator not because they "don't like" Mr. Hanzman, Resp. at 1, but because—based on their counsel's direct experience with him mediating a similar case—they are convinced that Mr. Hanzman would not be an effective mediator in this case, and for the other reasons stated in the Motion.

*Second*, Defendants suggest that Plaintiffs have inappropriately delayed scheduling mediation. Resp. at 2–3. But as Defendants recount, all parties agreed to schedule mediation "later rather than sooner," ECF 114-1 at 1, and Plaintiffs' counsel asked to wait to schedule a mediation date until Plaintiff FIU ACLU Club's new leadership was in place, so that no club leaders would be excluded from mediation. *Id.*; Resp. at 2. Defendants' counsel agreed and asked to be notified once the new club leadership was in place. ECF No. 114-1 at 1. But to-date, the club's executive board for the 2025–26 academic year is still not fully set. Plaintiffs' counsel stands by their previous agreement with Defendants' counsel to notify them and schedule mediation once Club leadership is fully in place for the upcoming academic year.

*Third*, Plaintiffs reiterate that their request is not made lightly, nor was it a rushed decision. The undersigned attorneys would not be filing this motion if they, having mediated another similar case with Mr. Hanzman, were not firmly convinced that he would be ineffective here.[1]

---

[1] Needless to say, Plaintiffs' counsel are unable to share any more specific details in a public filing due to mediation confidentiality.

1

Respectfully submitted June 25, 2025,

/s/ *Nicholas L.V. Warren*

| | |
|---|---|
| Nicholas L.V. Warren (FBN 1019018)<br>Daniel B. Tilley (FBN 102882)<br>Caroline A. McNamara (FBN 1038312)<br>**ACLU Foundation of Florida**<br>4343 West Flagler Street, Suite 400<br>Miami, FL 33134<br>(786) 363-1769<br>nwarren@aclufl.org<br>dtilley@aclufl.org<br>cmcnamara@aclufl.org<br><br>Jorge L. Vasquez, Jr.*<br>**Vasquez Attorneys at Law, PC**<br>141 Parkway Road, Suite 14<br>Bronxville, NY 10708<br>(212) 752-8408<br>jorge@vasquezpc.com<br><br>**Admitted pro hac vice* | Andrew Frackman*<br>**O'Melveny & Myers LLP**<br>1301 Avenue of the Americas, 17th Floor<br>New York, NY 10019<br>(212) 326-2000<br>afrackman@omm.com<br><br>Brian P. Quinn*<br>Patrick J. Jones*<br>Emily Murphy*<br>Gabrielle S. Jackson*<br>Andrea Ojeda*<br>**O'Melveny & Myers LLP**<br>1625 Eye Street NW<br>Washington, DC 20006<br>(202) 383-5300<br>bquinn@omm.com<br>pjones@omm.com<br>emurphy@omm.com<br>gjackson@omm.com<br>aojeda@omm.com |

*Counsel for Plaintiffs*