UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    Plaintiffs,

v.                                             **THREE-JUDGE COURT**

FLORIDA HOUSE OF REPRESENTATIVES, *et al.*,

    Defendants.

_____/

**ORDER DENYING MOTION FOR NEW MEDIATOR**

    Approximately three months ago, the Court ordered the parties to complete mediation before Michael Hanzman, a retired judge from Florida's Eleventh Judicial Circuit. *See Scheduling Order,* ECF No. [98] at 1. In the parties' Amended Joint Scheduling Report, Defendants proposed Mr. Hanzman because he was scheduled to act as mediator in another redistricting case, *Nord Hodges v. Albritton*, No. 8-24-cv-879 (M.D. Fla. filed Apr. 10, 2024). ECF No. [92] at 2. Plaintiffs objected to the mediation date that Defendants proposed, but did not raise any specific objection to the selection of Mr. Hanzman. *Id.*

    Plaintiffs now ask the Court to direct the parties to select a new mediator because Mr. Hanzman is not a certified mediator in this District and Plaintiffs' counsel were dissatisfied with his services in the *Nord Hodges* mediation. ECF No. [113] ¶¶ 12–14. Plaintiffs argue that such relief is warranted to "eliminate any appearance of impropriety arising from Mr. Hanzman's selection via a process that

1

strayed from the strictures and protections of the Local Rules." *Id*. ¶ 14. We do not agree.

At the time the parties filed their Amended Joint Scheduling Report, Plaintiffs were undoubtedly aware that Mr. Hanzman was not a certified mediator in this District yet made no objection on that basis. And in any event, the Local Rules do not require the parties to select a certified mediator but, rather, merely "encourage" them to do so. L.R. 16.2(d)(1)(B) ("The parties are encouraged to utilize the list of certified mediators established in connection with Local Rule 16.2(b) . . . ."). Given the complexities of this case and Mr. Hanzman's experience, the Court ordered that he conduct the mediation. To be sure, Mr. Hanzman has significant experience—both as a former state court trial judge and now as a mediator—evaluating complex disputes.

The Court determined that Mr. Hanzman was a suitable mediator for this case when it entered its Scheduling Order, and the objections that Plaintiffs now raise in the Motion do not cause the Court to doubt the correctness of that decision. These objections appear to be rooted in Plaintiffs' recent dissatisfaction with results from another mediation. The Court is not persuaded that another mediator should be selected because the complexities of this case warrant a mediator with more unique experience.

Accordingly, upon due consideration of the parties' submissions, the record, and the relevant authorities, it is hereby **ORDERED AND ADJUDGED** that

Plaintiffs' Motion for New Mediator, ECF No. [113], is **DENIED**.

**DONE AND ORDERED** this 30th day of June, 2025.

_____
**BRITT C. GRANT**
**UNITED STATES CIRCUIT JUDGE**

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**