IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF
REPRESENTATIVES, *et al.*,

    *Defendants*.

_____/

## PLAINTIFFS' EXPEDITED MOTION TO CALL WITNESS OUT OF TURN

Plaintiffs seek leave to call Florida State Representative Fentrice Driskell out of turn, should she be unable to attend court before Plaintiffs have concluded the rest of our case. Plaintiffs seek an expedited ruling of this motion by December 16, 2025, so that Rep. Driskell has adequate time to make travel arrangements and ensure her availability if the motion is granted, and so Plaintiffs can prepare accordingly if the motion is denied.

## BACKGROUND

Trial in this case is set to begin Monday, January 12, 2026. Among Plaintiffs' will-call witnesses is Florida State Representative Fentrice Driskell, who served on the House Redistricting Committee from 2021–22, was the Democratic caucus's policy chair during the redistricting process, and is currently the House minority leader. Plaintiffs intend to call Rep. Driskell to testify about the redistricting process, the questions she asked about the challenged districts, the information she and other members received about the challenged districts and the racial vote-dilution and diminishment requirements, and other facts about the legislative process that yielded the plans at issue in this case.

Florida's 2026 legislative session begins Tuesday, January 13. Rep. Driskell has agreed to testify at trial,[1] but her duties as minority leader require her to be at the Capitol on January 12 and

---

[1] Rep. Driskell cannot be compelled to attend trial since she does not reside, is not employed, and does not regularly transact business in person within 100 miles of Miami. *See* FRCP 45(c)(1)(A). She also enjoys a privilege against compelled testimony on her motives and actions in the legislative process. *See Common Cause Fla. v. Byrd*, 674 F. Supp. 3d 1097, 1104–05 (N.D. Fla. 2023).

1

13. On January 12, Rep. Driskell will be preparing for the first day of session (including meetings with her caucus and the ten caucus staff members whom she leads), and finalizing and filming her caucus's official response to the Governor's State of the State address. On January 13, Rep. Driskell will be attending the opening of session, including the Speaker's and Governor's addresses. These obligations also make testifying by videoconference on January 12 or 13 impractical, if not impossible. Moreover, Plaintiffs plan to play video clips from the House's redistricting process during Rep. Driskell's testimony, which will also make videoconference testimony challenging.

Rep. Driskell *is* able to travel from Tallahassee to Miami on the night of Tuesday, January 13, and appear in court the next day. It is possible that all of Plaintiffs' other witnesses will have testified and Plaintiffs will have rested our case by the time she is able to attend. To accommodate Rep. Driskell's legislative duties in Tallahassee, Plaintiffs seek leave to call her after we have otherwise concluded our case, should she be unable to attend court before that time.

## LEGAL STANDARD

The rules of evidence and civil procedure afford a trial judge wide latitude in "determin[ing] generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion." *Geders v. United States*, 425 U.S. 80, 86 (1976). "If convinced that practical reasons justify calling a witness out of turn and that the testimony will not produce undue confusion in the minds of the jurors, experienced trial courts will permit the practice. If it is the product of an informed discretion, the decision will not be disturbed." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978)); *see also United States v. Webb*, 533 F.2d 391, 395 (8th Cir. 1976) ("Questions relating to the order of proof and permission for a party to reopen its case after resting are entrusted to the trial court's wide discretion. Relevant factors for decision are whether the evidence caused surprise to the defendant, whether he was given adequate opportunity to meet the proof, and whether the evidence was more detrimental to him because of the order in which it was introduced." (citations omitted)).

Federal Rule of Evidence 611(a) explicitly provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

## ARGUMENT

The Court should permit Plaintiffs to call Rep. Driskell out of turn if we have concluded

2

the remainder of our case by the time she is able to attend court. Rep. Driskell's duties as an elected official in Florida's legislative branch prevent her from attending court before January 14. There is no jury to confuse, and Defendants will suffer no surprise or prejudice from a single witness testifying out of order. As for whether the other party "was given adequate opportunity to meet the proof," *Webb*, 533 F.2d at 395, Plaintiffs will not object to Defendants recalling any of their witnesses to rebut Rep. Driskell's testimony, should Defendants decide they need to do so. Practically speaking, only one of Defendants' listed witnesses (House Chief Map Drawer Jason Poreda) could testify to matters overlapping with Rep. Driskell's testimony. The prejudice to Defendants is therefore minimal.

Plaintiffs, on the other hand, will not be able to call Rep. Driskell *at all* unless she is permitted to testify on or after January 14, since she has not agreed to testify before that date and cannot be compelled to do so. Such a severe consequence is unjustifiable and unnecessary.

Permitting a witness to testify out of order to accommodate their schedule is the type of routine trial-management matter left to the Court's sound discretion.[2] *Geders*, 425 U.S. at 86; *Lis*, 579 F.2d at 823. The Court should make this accommodation here out of respect for Rep. Driskell's legislative duties and to allow Plaintiffs to present a witness we would otherwise not be able to call at all.[3]

---

[2] It is also the type of matter on which courteous parties routinely agree. *See, e.g.*, *Galli v. Marques*, No. 6:21-cv-358, 2021 WL 7451915, at *9 n.21 (M.D. Fla. Dec. 23, 2021) (witness testified in the middle of another witness's cross-examination); *Anders v. United States*, 307 F. Supp. 3d 1298, 1303, 1311 (M.D. Fla. 2018) (two Daytona Beach-based witnesses testified out of turn "to avoid these witnesses' having to make another trip to Orlando"); *Sawyer v. United States*, No. 17-CIV-23173, 2018 WL 10812709, at *1 n.1 (S.D. Fla. Feb. 20, 2018) (parties agreed to hear witness out of turn "as a courtesy to counsel in order to minimize the amount of time they would be kept waiting"); *United States v. Charlton*, No. 03-80116-CR, 2014 WL 1767101, at *3 n.8 (S.D. Fla. May 2, 2014) (parties agreed to hear out-of-turn testimony from witness who had to return to work); *United States v. De La Cruz Suarez*, 410 F. App'x 250, 253 (11th Cir. 2011) (parties agreed to hear witness out of turn); *United States v. Rothman*, No. 08-20894-CR, 2010 WL 3259927, at *26 n.19 (S.D. Fla. Aug. 18, 2010) (witness testified out of turn "to accommodate his travel schedule"); *Dodd v. Singer Co.*, 669 F. Supp. 1079, 1080 n.1 (N.D. Ga. 1987); *Marrero v. City of Hialeah*, 581 F. Supp. 1207, 1208 (S.D. Fla. 1984) (two witnesses "permitted to testify out of turn to eliminate scheduling conflicts"), *aff'd*, 774 F.2d 1177 (11th Cir. 1985); *United States v. Fedorenko*, 455 F. Supp. 893, 897 (S.D. Fla. 1978) (multiple witnesses on both sides testified out of turn "as a convenience to the witnesses"), *rev'd on other grounds*, 597 F.2d 946 (5th Cir. 1979), *aff'd*, 449 U.S. 490 (1981).

[3] Notably, Florida law affords each legislator an absolute immunity from testifying in state court when the Legislature is in session, plus a 15-day period before and after each session. Fla. Stat.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court permit Rep. Driskell to testify after we have otherwise concluded our case, should she be unable to attend court before that time. Plaintiffs ask that Rep. Driskell be permitted to testify as early on Wednesday, January 14 as practical, without interrupting another witness's testimony.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Plaintiffs' counsel conferred with counsel for Defendants, who oppose the requested relief. When the parties conferred, Defendants stated they would not object to Rep. Driskell appearing by video in Plaintiffs' case, but as explained above, remote testimony is impractical, if not impossible.

Respectfully submitted December 2, 2025,

Andrew Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Gabrielle S. Jackson*
Helena M. Li*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
hli@omm.com

/s/ *Nicholas L.V. Warren*
Nicholas L.V. Warren (FBN 1019018)
Caroline A. McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida, Inc.**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
cmcnamara@aclufl.org
dtilley@aclufl.org

Jorge L. Vasquez, Jr.*
**Vasquez Attorneys at Law, PC**
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
jorge@vasquezpc.com

*Admitted pro hac vice*

*Counsel for Plaintiffs*

---

§ 11.111. While that statute obviously does not govern this Court, it reflects the public policy and inter-branch comity concerns that favor granting Plaintiffs' request.