UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
EXPEDITED MOTION TO CALL WITNESS OUT OF TURN**

Defendants, the Florida House of Representatives and the Florida Secretary of State, jointly submit this response in opposition to Plaintiffs' Expedited Motion to Call Witness Out of Turn (D.E. 158). In support, Defendants state as follows:

**INTRODUCTION**

Defendants object to Representative Driskell being called after Plaintiffs rest their case. Representative Driskell has been listed on Plaintiffs' Initial Disclosures for over a year—since October 8, 2024. On March 17, 2025, the Court set this matter for the two-week trial period commencing on January 12, 2026. (D.E. 98 at 1). And Plaintiffs were well-aware the legislative session would begin the following day, on Tuesday, January 13. *See* Art. III, § 3(b), Fla. Const. Plaintiffs had significant advance notice of both the trial date and the start date for legislative session and chose not to plan for it. On June 25, 2025, Defendants deposed Representative Driskell. Plaintiffs had an opportunity to elicit her testimony in advance of trial, but chose instead to conduct a limited examination. Now, only a month before trial, Plaintiffs seek expedited relief to allow

Representative Driskell, the House Minority Leader, to testify on their terms—after Defendants have begun to call their witnesses. The Court should not allow Representative Driskell to be called out of turn during Defendants' case when more efficient and less prejudicial options are readily available.

**ARGUMENT**

Plaintiffs' proposal to call Representative Driskell out of turn is inefficient and prejudicial to Defendants and will unfairly limit Defendants' ability to rebut Plaintiffs' evidence. Defendants do not have the burden of proof; Plaintiffs do. Defendants should have the ability to assess and understand the totality of the evidence presented by Plaintiffs before Defendants present their case in chief. Defendants expect to call only 3 witnesses during their case—two experts and one fact witness, Mr. Poreda. (D.E. 151 at 1). In fact, Mr. Poreda is already likely to be called twice during the trial proceedings, as Plaintiffs have also listed him as a witness they expect to call in their case. (D.E. 150 at 1). Potentially calling Mr. Poreda a third time in response to any evidence that Representative Driskell might present is inefficient, disjointed, and prejudicial. *See* Fed. R. Civ. P. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time.").

The cases relegated to a footnote in Plaintiffs' Motion are readily distinguishable, as the witnesses were called out of turn based on the agreement of the parties (not present here), and most deal with a defense witness being called during plaintiff's case (whereas here, it is the opposite). *See, e.g., United States v. De La Cruz Suarez*, 410 F. App'x 250, 253 (11th Cir. 2011) (government calling rebuttal witness after resting with no objection from defendant); *Anders v. United States*, 307 F. Supp. 3d 1298, 1301, 1311 (M.D. Fla. 2018) (defendant's witnesses during plaintiffs' case); *Sawyer v. United States*, No. 17-CIV-23173, 2018 WL 10812709, at *1 n.1 (S.D. Fla. Feb. 20,

2018) (agreement of parties, and non-movant's witnesses testifying in movant's case); *United States v. Rothman*, No. 08-20895-CR, 2010 WL 3259927, at *2, *25 n.19 (S.D. Fla. Aug. 18, 2010) (non-movant's witness during movant's case); *Dodd v. Singer Co.*, 669 F. Supp. 1079, 1080 n.1 (N.D. Ga. 1987) (called out of turn by defendant before plaintiff rested his case); *Marrero v. Hialeah*, 581 F. Supp. 1207, 1208 (S.D. Fla. 1984) (defendants' witnesses testified during plaintiffs' case).

Defendants are willing to accommodate Representative Driskell's testimony via videoconferencing during Plaintiffs' case in chief. Plaintiffs claim that testimony via videoconferencing would be "impractical, if not impossible" due to Representative Driskell's schedule and Plaintiffs' intention to play video clips during her testimony. (D.E. 158 at 2). As to the latter point, courts routinely accept testimony at trial via videoconferencing. *See* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."); *see also Toland v. Phx. Ins. Co.*, 855 F. App'x 486, 491 (11th Cir. 2021) ("The plain language of the rule gives the district court 'discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" (citations omitted)); *Neuromd Med. Techs., LLC v. Amazon.Com, Inc.*, No. 1:23-cv-21760-DPG, 2023 WL 11892480, at *4 (S.D. Fla. Dec. 28, 2023) (allowing testimony at trial via Zoom). And there should be no technical issues with playing video clips on Zoom, either through screenshare or Zoom's built-in video player.[1]

---

[1] *See* Zoom Support, *Sharing a recorded video with sound during your meeting*, available at https://support.zoom.com/hc/en/article?id=zm_kb&sysparm_article=KB0064733; *see also* Zoom support, *Sharing your screen or desktop on Zoom*, available at https://support.zoom.com/hc/en/article?id=zm_kb&sysparm_article=KB0060596.

3

The House has robust videoconferencing capabilities and multiple rooms available at the Capitol in Tallahassee to facilitate Representative Driskell's testimony.

As to the former, Plaintiffs have been well-aware of the trial date and legislative session for over a year. Representative Driskell has been disclosed as a potential witness since October of last year. Plaintiffs had the opportunity to elicit her full testimony at her deposition in June of this year, but chose not to. Representative Driskell's official legislative duties will not interfere with her testifying even in person on the first day of trial, January 12; the legislative session begins only the following day. On the other hand, testifying on the Wednesday of trial (as Plaintiffs propose) makes it harder, not easier, to accommodate Representative Driskell's official legislative duties. Historically, legislative duties during the first week of session have run from Tuesday through Friday and have included committee meetings and sometimes even floor sessions. Under the House Rules, Representative Driskell is obligated to attend committee meetings unless excused by the committee chair, FLA. HOUSE RULE 3.3(a) (2024–26), and to attend floor sessions absent written notification to the Speaker and the Clerk of the Florida House, FLA. HOUSE RULE 3.3(b)(1) (2024–26).[2]

There is no justification for Plaintiffs' failure until now to call Representative Driskell's schedule to the Court's attention. With more notice, Representative Driskell could even have been called by video sometime before January 12. Plaintiffs cite no intervening or recent event that requires this prejudicial and extraordinary accommodation. Defendants remain willing to proceed with Representative Driskell's virtual testimony at any time before Plaintiffs rest. Other more efficient, and less prejudicial options, besides Plaintiffs' introduction of more evidence after

---

[2] *See* https://www.flhouse.gov/Sections/Documents/loaddoc.aspx?PublicationType=Reference&CommitteeId=&Session=2026&DocumentType=The+Rules+Of+The+House+of+Representatives&FileName=2024-2026+House+Rules+online.pdf.

Defendants have begun to call their witnesses, exist to allow Representative Driskell's testimony during Plaintiffs' case.

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' Expedited Motion to Call Witness Out of Turn.

Dated: December 5, 2025.   Respectfully submitted,

*/s/ Andy Bardos*
Andy Bardos (FBN 822671)
andy.bardos@gray-robinson.com
GRAYROBINSON, P.A.
301 South Bronough Street, Suite 600
Tallahassee, Florida 32301-1724
Telephone: 850-577-9090

*/s/ Carmen Manrara Cartaya*
Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
Jennifer M. Hernandez (FBN 1018836)
jhernandez@continentalpllc.com
CONTINENTAL PLLC
245 Alcazar Avenue,
Coral Gables, Florida 33134
Telephone: 305-677-2707

Christopher M. Kise (FBN 855545)
ckise@continentalpllc.com
CONTINENTAL PLLC
101 North Monroe Street, Suite 750
Tallahassee, Florida 32301
Telephone: 850-270-2211

*Attorneys for the House*

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

*Attorney for the Secretary*