# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF
REPRESENTATIVES, *et al.*,

    *Defendants*.

_____/

### PLAINTIFFS' ANSWERS TO DEFENDANT HOUSE OF REPRESENTATIVES' SECOND REQUEST FOR ADMISSIONS

Plaintiffs answer and object to Defendant House of Representatives' Second Request for Admissions, dated May 27, 2025.

### GENERAL STATEMENT AND OBJECTIONS

1. Plaintiffs object to the extent that Defendant House of Representatives' definitions and instructions purport to impose obligations different from or additional to the requirements of the Federal Rules of Civil Procedure, or to limit the discretion of answering parties under the Federal Rules of Civil Procedure.

2. Plaintiffs review of information and documents is continuing, as is discovery. Plaintiffs' answers are based on information now known to them and are provided without prejudice to Plaintiffs' right to assert additional objections or to revise, correct, supplement, clarify, or amend their answers, if Plaintiffs discover additional grounds for objections or additional, responsive information.

3. Plaintiffs provide their answers without waiving or intending to waive, and Plaintiffs expressly preserve, all applicable privileges, exemptions, and protections from discovery. In the answers provided below, Plaintiffs have not withheld any responsive information on the basis of privilege.

### DEFINITIONS

For purposes of these requests:

1. "House" means the Florida House of Representatives.

2. "HVAP" means Hispanic voting-age population.

3. "Legislature" means the Florida Legislature.

1

**EXHIBIT**
**D201**

4. "Miami-Dade/Collier District" means a congressional district that includes portions of Miami-Dade and Collier Counties.

5. "Senate" means the Florida Senate.

## ANSWERS TO REQUESTS FOR ADMISSION

**Request No. 1:** Admit that, on November 10, 2021, the Senate published four congressional redistricting plans (Plans S000C8002, S000C8004, S000C8006, and S000C8008).

Admitted.

**Request No. 2:** Admit that, on November 16, 2021, the Senate Select Subcommittee on Congressional Reapportionment considered Plans S000C8002, S000C8004, S000C8006, and S000C8008.

Admitted.

**Request No. 3:** Admit that, on November 24, 2021, the Senate published four congressional redistricting plans (Plans S000C8018, S000C8020, S000C8022, and S000C8024).

Admitted.

**Request No. 4:** Admit that, on November 29, 2021, the House published two congressional redistricting workshop maps (H000C8001 and H000C8003).

Admitted.

**Request No. 5:** Admit that, on November 29, 2021, the Senate Select Subcommittee on Congressional Reapportionment considered Plans S000C8018, S000C8020, S000C8022, and S000C8024.

Admitted.

**Request No. 6:** Admit that, on December 2, 2021, the House Congressional Redistricting Subcommittee considered Plans H000C8001 and H000C8003.

Admitted.

**Request No. 7:** Admit that, on January 5, 2022, the Senate published four congressional redistricting plans (Plans S000C8036, S000C8038, S000C8040, and S000C8042).

Admitted.

**Request No. 8:** Admit that, on January 10, 2022, the Senate Select Subcommittee on Congressional Reapportionment considered Plans S000C8036, S000C8038, S000C8040, and S000C8042.

Admitted.

**Request No. 9:** Admit that, on January 10, 2022, the Senate Select Subcommittee on Congressional Reapportionment recommended Plans S000C8038 and S000C8040 to Senator Ray Rodrigues, Chair of the Senate Committee on Reapportionment.

Admitted.

**Request No. 10:** Admit that the Legislature convened in regular session on January 11, 2022.

Admitted.

**Request No. 11:** Admit that, on January 11, 2022, Senator Ray Rodrigues, Chair of the Senate Committee on Reapportionment, filed an amendment (Amendment 652836) to Senate Bill 102 to reflect Plan S000C8040.

Admitted.

**Request No. 12:** Admit that, on January 13, 2022, the House Redistricting Committee considered Plans H000C8001 and H000C8003.

Admitted.

**Request No. 13:** Admit that, on January 13, 2022, the Senate Committee on Reapportionment adopted Chair Rodrigues' amendment (Amendment 652836) and thus amended Senate Bill 102 to reflect Plan S000C8040.

Admitted.

**Request No. 14:** Admit that, on January 13, 2022, by a 10-to-2 vote, the Senate Committee on Reapportionment favorably reported Committee Substitute for Senate Bill 102, which contained Plan S000C8040.

Admitted.

**Request No. 15:** Admit that, on January 18, 2022, the Senate published Plan S035C8060, a congressional redistricting plan sponsored by Senator Shevrin Jones.

Admitted.

**Request No. 16:** Admit that, on January 19, 2022, the Senate considered Committee Substitute for Senate Bill 102 on second reading and adopted Amendment 578304, sponsored by Senator Shevrin Jones, to reflect Plan S035C8060.

Admitted.

**Request No. 17:** Admit that, on January 20, 2022, by a 31-to-4 vote, the Senate passed Committee Substitute for Senate Bill 102, as amended, which contained Plan S035C8060.

3

Admitted.

**Request No. 18:** Admit that, on February 10, 2022, the House published a congressional redistricting plan (Plan H000C8011).

Admitted.

**Request No. 19:** Admit that, on February 18, 2022, the House Congressional Redistricting Subcommittee considered and, by a 14-to-7 vote, favorably reported Proposed Committee Bill CRS 22-01 (House Bill 7503), which contained Plan H000C8011.

Admitted.

**Request No. 20:** Admit that, on February 24, 2022, the House published two congressional redistricting plans (Plans H000C8015 and H000C8017).

Admitted.

**Request No. 21:** Admit that, on February 25, 2022, the House Redistricting Committee considered and, by a 15-to-9 vote, favorably reported Committee Substitute for House Bill 7503, which contained a primary map (Plan H000C8017) and a secondary map (Plan H000C8015).

Admitted.

**Request No. 22:** Admit that, on March 1, 2022, the House published a congressional redistricting plan (Plan H000C8019).

Admitted.

**Request No. 23:** Admit that, on March 3, 2022, the House considered Committee Substitute for Senate Bill 102 on second reading and amended the bill to substitute a primary map (Plan H000C8019) and a secondary map (Plan H000C8015) for Plan S035C8060.

Admitted.

**Request No. 24:** Admit that, on March 4, 2022, the House passed Committee Substitute for Senate Bill 102, as amended, by a 67-to-47 vote.

Admitted.

**Request No. 25:** Admit that, on March 4, 2022, the Senate considered Committee Substitute for Senate Bill 102, concurred in the House amendment, and passed the bill, as amended, by a 24-to-15 vote.

Admitted.

**Request No. 26:** Admit that, on March 29, 2022, the Governor vetoed Committee Substitute for Senate Bill 102, as amended.

Admitted.

**Request No. 27:** Admit that, on April 19, 2022, the Legislature convened in Special Session C.

Admitted.

**Request No. 28:** Admit that, on April 19, 2022, the Senate Committee on Reapportionment considered and, by an 8-to-4 vote, favorably reported Senate Bill 2-C, which contained a congressional redistricting plan (Plan P000C0109).

Admitted.

**Request No. 29:** Admit that, on April 19, 2022, the Senate considered Senate Bill 2-C on second reading and adopted two amendments that did not alter any district boundaries.

Admitted.

**Request No. 30:** Admit that, on April 19, 2022, the House Congressional Redistricting Subcommittee considered and, by a 15-to-7 vote, favorably reported House Bill 1-C, which contained a congressional redistricting plan (Plan P000C0109).

Admitted.

**Request No. 31:** Admit that, on April 20, 2022, the House considered House Bill 1-C on second reading.

Admitted.

**Request No. 32:** Admit that, on April 20, 2022, the Senate passed Senate Bill 2-C, as amended, by a 24-to-15 vote.

Admitted.

**Request No. 33:** Admit that, on April 21, 2022, the House passed Senate Bill 2-C by a 68-to-38 vote.

Admitted.

**Request No. 34:** Admit that, during the 2021–22 redistricting process, members and staff of the House and Senate submitted 21 congressional redistricting plans: Plans H000C8001, H000C8003, H000C8011, H000C8015, H000C8017, H000C8019, S000C8002, S000C8004, S000C8006, S000C8008, S000C8018, S000C8020, S000C8022, S000C8024, S000C8036, S000C8038, S000C8040, S000C8042, S019C8052, S019C8062, and S035C8060.

Admitted.

**Request No. 35:** Admit that, during the 2021–22 redistricting process, all 21 congressional

5

redistricting plans submitted by members and staff of the House and Senate contained a district that included portions of Miami-Dade and Collier Counties.

Admitted.

**Request No. 36:** Admit that the HVAP of Enacted Congressional District 26 is lower than the HVAP of the Miami-Dade/Collier District in each of the 21 congressional redistricting plans submitted by members and staff of the House and Senate during the 2021–22 redistricting process.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 37:** Admit that Plans S000C8002, S000C8004, S000C8006, and S000C8008 contained the same Miami-Dade/Collier District and that the HVAP of that district was 76.9 percent.

Admitted.

**Request No. 38:** Admit that Plans S000C8018, S000C8020, S000C8022, S000C8024, S000C8036, S000C8038, S000C8040, S000C8042, S019C8052, and S019C8062 contained the same Miami-Dade/Collier District and that the HVAP of that district was 76.8 percent.

Admitted that the HVAP of the Miami-Dade/Collier District in Plan S000C8040 was 76.8 percent. Plaintiffs are without knowledge and are therefore unable to admit or deny the remainder of this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny the remainder of this request.

**Request No. 39:** Admit that the HVAP of the Miami-Dade/Collier District in Plan H000C8001 was 75.1 percent.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 40:** Admit that the HVAP of the Miami-Dade/Collier District in Plan H000C8003 was 74.1 percent.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 41:** Admit that the HVAP of the Miami-Dade/Collier District in Plan

S035C8060 was 76.3 percent.

Admitted.

**Request No. 42:** Admit that the HVAP of the Miami-Dade/Collier District in Plan H000C8011 was 74.0 percent.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 43:** Admit that Plans H000C8015, H000C8017, and H000C8019 contained the same Miami-Dade/Collier District and that the HVAP of that district was 75.4 percent.

Admitted.

**Request No. 44:** Admit that the HVAP of Enacted Congressional District 26 is 73.2 percent.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, admitted that, according to 2020 Census data, the HVAP of Enacted Congressional District 26 is 73.2 percent.

**Request No. 45:** Admit that, according to 2020 Census data, 135,175 individuals of voting age who lived in Benchmark Congressional District 25 do not live in Enacted Congressional District 26, and that 77.0 percent of them are Hispanic.

Admitted that, according to 2020 Census data, 135,175 individuals of voting age who lived in Benchmark Congressional District 25 do not live in Enacted Congressional District 26. Plaintiffs are without knowledge and are therefore unable to admit or deny the remainder of this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny the remainder of this request.

**Request No. 46:** Admit that, according to 2020 Census data, 135,094 individuals of voting age who did not live in Benchmark Congressional District 25 live in Enacted Congressional District 26, and that 71.7 percent of them are Hispanic.

Admitted.

**Request No. 47:** Admit that Enacted Congressional District 26 contains 456,512 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, admitted that, according to 2020 Census data,

7

Enacted Congressional District 26 contains 456,512 Hispanics of voting age.

**Request No. 48:** Admit that District 26 in Dr. McCartan's Congressional Map A contains 574,334 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 49:** Admit that District 26 in Dr. McCartan's Congressional Map B1 contains 565,289 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 50:** Admit that District 26 in Dr. McCartan's Congressional Map B2 contains 447,686 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 51:** Admit that District 26 in Dr. McCartan's Congressional Map C1 contains 574,334 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 52:** Admit that District 26 in Dr. McCartan's Congressional Map C2 contains 574,334 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 53:** Admit that District 26 in Dr. McCartan's Congressional Map D contains 574,334 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 54:** Admit that Enacted Congressional Districts 26, 27, and 28 contain 1,375,103 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 55:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map A contain a combined 1,392,056 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 56:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map B1 contain a combined 1,364,507 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 57:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map B2 contain a combined 1,365,085 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 58:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map

C1 contain a combined 1,392,056 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 59:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map C2 contain a combined 1,392,056 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 60:** Admit that Districts 26, 27, and 28 in Dr. McCartan's Congressional Map D contain a combined 1,392,056 Hispanics of voting age.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 61:** Admit that Black voters in Benchmark Congressional District 20 had the ability to elect representatives of their choice.

Admitted.

**Request No. 62:** Admit that Black voters in Benchmark Congressional District 24 had the ability to elect representatives of their choice.

Admitted.

**Request No. 63:** Admit that Enacted Congressional District 20 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 64:** Admit that Enacted Congressional District 24 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request.

Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 65:** Admit that, on November 29, 2021, the House published two State House workshop maps, H000H8005 and H000H8007.

Admitted.

**Request No. 66:** Admit that, on December 3, 2021, the House State Legislative Redistricting Subcommittee considered workshop maps H000H8005 and H000H8007.

Admitted.

**Request No. 67:** Admit that, on January 13, 2022, the House Redistricting Committee considered workshop maps H000H8005 and H000H8007.

Admitted.

**Request No. 68:** Admit that, on January 18, 2022, the House published a State House redistricting plan (Plan H000H8009).

Admitted.

**Request No. 69:** Admit that, on January 20, 2022, by a 34-to-3 vote, the Senate passed Committee Substitute for Senate Joint Resolution 100, which contained a redistricting plan for Senate districts.

Admitted.

**Request No. 70:** Admit that, on January 21, 2022, the House State Legislative Redistricting Subcommittee considered and, by a 13-to-7 vote, favorably reported Proposed Committee Bill SRS 22-01 (House Joint Resolution 7501), which contained Plan H000H8009.

Admitted.

**Request No. 71:** Admit that, on January 26, 2022, the House Redistricting Committee considered and, by a 17-to-7 vote, favorably reported Committee Substitute for House Joint Resolution 7501, which contained Plan H000H8013.

Admitted.

**Request No. 72:** Admit that, on February 1, 2022, the House considered Committee Substitute for Senate Joint Resolution 100 on second reading and adopted an amendment to add a redistricting plan for State House districts to the bill (Plan H000H8013).

Admitted.

**Request No. 73:** Admit that, on February 2, 2022, by a 77-to-39 vote, the House passed

Committee Substitute for Senate Joint Resolution 100, as amended, which contained Plan H000H8013.

Admitted.

**Request No. 74:** Admit that, on February 3, 2022, the Senate considered Committee Substitute for Senate Joint Resolution 100, concurred in the House amendment, and passed the bill, as amended, by a 37-to-0 vote.

Admitted.

**Request No. 75:** Admit that Black voters in Benchmark State House District 101 had the ability to elect representatives of their choice.

Admitted.

**Request No. 76:** Admit that Black voters in Benchmark State House District 102 had the ability to elect representatives of their choice.

Admitted.

**Request No. 77:** Admit that Black voters in Benchmark State House District 107 had the ability to elect representatives of their choice.

Admitted.

**Request No. 78:** Admit that Black voters in Benchmark State House District 108 had the ability to elect representatives of their choice.

Admitted.

**Request No. 79:** Admit that Black voters in Benchmark State House District 109 had the ability to elect representatives of their choice.

Admitted.

**Request No. 80:** Admit that Black voters in Benchmark State House District 117 had the ability to elect representatives of their choice.

Admitted.

**Request No. 81:** Admit that Enacted State House District 104 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 82:** Admit that Enacted State House District 105 does not diminish the ability

of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 83:** Admit that Enacted State House District 107 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 84:** Admit that Enacted State House District 108 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 85:** Admit that Enacted State House District 109 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 86:** Admit that Enacted State House District 117 does not diminish the ability of Black voters to elect representatives of their choice.

Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 87:** Admit that 61.1 percent of the total population of Enacted State House District 112 was contained in Benchmark District 111.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 88:** Admit that 66.0 percent of the total population of Enacted State House

District 113 was contained in Benchmark District 113.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 89:** Admit that 57.2 percent of the total population of Enacted State House District 114 was contained in Benchmark District 114.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 90:** Admit that 66.1 percent of the total population of Enacted State House District 115 was contained in Benchmark District 115.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 91:** Admit that 89.5 percent of the total population of Enacted State House District 116 was contained in Benchmark District 116.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 92:** Admit that 64.0 percent of the total population of Enacted State House District 118 was contained in Benchmark District 118.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

**Request No. 93:** Admit that 67.6 percent of the total population of Enacted State House District 119 was contained in Benchmark District 119.

Plaintiffs object that this request is vague as it does not include what time period the request is limited to. Subject to Plaintiffs' objections, Plaintiffs are without knowledge and are therefore unable to admit or deny this request. Plaintiffs have made reasonable inquiry, but the information they know or can readily obtain is insufficient to enable them to admit or deny this request.

Dated: June 26, 2025

/s/ Nicholas L.V. Warren

Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

Jorge L. Vasquez, Jr.*
**Vasquez Attorneys at Law, PC**
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
jorge@vasquezpc.com

*Admitted pro hac vice*

Andrew Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Gabrielle S. Jackson*
Andrea Ojeda*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
aojeda@omm.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document on counsel for all parties by email on June 26, 2025.

 /s/ *Nicholas L.V. Warren*
Nicholas L.V. Warren

*Counsel for Plaintiffs*
