

# Congressional Redistricting Subcommittee

## Wednesday, November 3, 2021
## 4:00 PM – 5:30 PM
## 17 HOB

## Meeting Packet

EXHIBIT
J37

**Chris Sprowls**
**Speaker**

**Tyler Sirois**
**Chair**

# Committee Meeting Notice

## HOUSE OF REPRESENTATIVES

### Congressional Redistricting Subcommittee

| | |
|---|---|
| **Start Date and Time:** | Wednesday, November 03, 2021  04:00 pm |
| **End Date and Time:** | Wednesday, November 03, 2021  05:30 pm |
| **Location:** | Morris Hall (17 HOB) |
| **Duration:** | 1.50 hrs |

Legal Presentation on Redistricting Law

For information about attending or testifying at a committee meeting, please see the "Visiting the House" tab at www.myfloridahouse.gov.

**NOTICE FINALIZED on 10/27/2021  4:20PM by Ellerkamp.Donna**



# Florida House of Representatives Congressional Redistricting Subcommittee

Chair Tyler Sirois
*November 3, 2021*

# Agenda

1. Federal Redistricting Law

2. Florida Redistricting Law



# Federal Redistricting Law

# Voting Rights Act

The Voting Rights Act was signed into law in 1965 to enforce the Fifteenth Amendment, which provides:

"The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."



# Voting Rights Act
## *Section 2*

**Section 2 of the Voting Rights Act (VRA)** prohibits a State from imposing any voting qualification or prerequisite to voting or standard, practice, or procedure in a manner that results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color or membership in a language minority group.



# Voting Rights Act
## Section 2

*Thornburg v. Gingles*, 478 U.S. 30 (1986)

A State must create a minority opportunity district if:

> (1) a minority population is sufficiently large and geographically compact to constitute a majority in a single-member district;
>
> (2) the minority population is politically cohesive;
>
> (3) the majority votes sufficiently as a bloc to enable it usually to defeat the minority population's preferred candidate; and

based on the totality of circumstances, members of the minority group have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.



# Voting Rights Act
## Section 5

**Section 5 of the VRA** prohibited changes to election laws that caused "retrogression" in the position of racial minorities.

- Section 5 applied only to select jurisdictions. In Florida, it applied to Collier, Hardee, Hendry, Hillsborough, and Monroe Counties.

- Section 5 required States to obtain federal "preclearance" of all changes to election laws enforced in covered jurisdictions.

In *Shelby County v. Holder*, **570 U.S. 529 (2013),** the U.S. Supreme Court determined that the VRA's selection of jurisdictions for coverage no longer reflected current conditions and was therefore constitutionally unenforceable.



# U.S. Supreme Court Ruling
## *Racial Gerrymandering*

*Miller v. Johnson*, 515 U.S. 900 (1995)

- Race may not be "the predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district."

- Race *may* be the predominant factor in limited circumstances, when justified by a compelling state interest, such as the need to comply with the Voting Rights Act.



# U.S. Supreme Court Ruling
## *Partisan Gerrymandering*

***Rucho v. Common Cause*, 139 S. Ct. 2484 (2019)**

- "[P]artisan gerrymandering claims present political questions beyond the reach of the federal courts," and are therefore non-justiciable in federal court.

- "Deciding among just these different visions of fairness . . . poses basic questions that are political, not legal. There are no legal standards discernible in the Constitution for making such judgments, let alone limited and precise standards that are clear, manageable, and politically neutral."





# Florida Redistricting Law

# Florida Constitution

**Article III, Section 16**

- Directs the Legislature at its Regular Session in the second year after each decennial census (2022) to redraw state legislative boundaries

- 30-40 senatorial districts

- 80-120 representative districts

- Districts shall be contiguous and consecutively numbered

- Provides directives and timelines for establishing new districts



# Florida Constitution

## Article III, Sections 20 & 21

### Tier 1 Standards

- No apportionment plan or individual district shall be drawn with the intent to favor or disfavor a political party or an incumbent
- Districts shall not be drawn with the intent or result of denying or abridging the equal opportunity of racial or language minorities to participate in the political process or to diminish their ability to elect representatives of their choice
- Districts shall consist of contiguous territory

### Tier 2 Standards

- Districts shall be as nearly equal in population as is practicable
- Districts shall be compact
- Districts shall, where feasible, utilize existing political and geographical boundaries



# Constitutional Standards
## *Apportionment Ruling*

### Tier 1 Standard

No apportionment plan or individual district shall be drawn with the intent to favor or disfavor a political party…

*In re Senate Joint Resolution of Apportionment 1176*, 83 So. 3d 597 (2012):

"Florida's constitutional provision prohibits intent, not effect…"

"[T]here is no acceptable level of improper intent."

"We also reject the suggestion that once the political results of the plan are known, the Legislature must alter the plan to bring it more in balance with the composition of voters statewide."

"The Florida Constitution does not require the affirmative creation of a fair plan, but rather a neutral one in which no improper intent was involved."



# Constitutional Standards
## *Apportionment Ruling*

**Tier 1 Standard**

No apportionment plan or individual district shall be drawn with the intent to favor or disfavor…an incumbent

*In re Senate Joint Resolution of Apportionment 1176*, 83 So. 3d 597 (2012):

*"[T]he inquiry for intent to favor or disfavor an incumbent focuses on the shape of the district in relation to the incumbent's legal residence, as well as other objective evidence of intent,"* such as *"the maneuvering of district lines in order to avoid pitting incumbents against one another in new districts or the drawing of a new district so as to retain a large percentage of the incumbent's former district."*



# Constitutional Standards
## *Apportionment Ruling*

### Tier 1 Standard

Districts shall not be drawn with the intent or result of denying or abridging the equal opportunity of racial or language minorities to participate in the political process

*In re Senate Joint Resolution of Apportionment 1176*, 83 So. 3d 597 (2012):

*This provision "is essentially a restatement of Section 2 of the [VRA], which prohibits redistricting plans that afford minorities 'less opportunity' than other members of the electorate to participate in the political process."*



# Constitutional Standards
## *Apportionment Ruling*

### Tier 1 Standard

Districts shall not be drawn… to diminish [the] ability [of racial or language minorities] to elect representatives of their choice

*In re Senate Joint Resolution of Apportionment 1176*, 83 So. 3d 597 (2012):

"[T]he Legislature cannot eliminate majority-minority districts or weaken other historically performing minority districts where doing so would actually diminish a minority group's ability to elect its preferred candidates."

"[D]etermining whether the ability to elect exists in the benchmark plan and whether it continues in the proposed plan . . . requires a functional analysis of the electoral behavior within the particular jurisdiction or election district."



# Constitutional Standards
## *Apportionment Ruling*

**Tier 2 Standards**

| Districts shall be as nearly equal in population as is practicable | Districts shall be compact | Districts shall, where feasible, utilize existing political and geographical boundaries |
|---|---|---|
| • "One person, one vote." | • "Visual compactness"<br>• "Mathematical measures of compactness" | • "County and city boundaries"<br>• "Rivers, railways, interstates, state roads, and other easily ascertainable and commonly understood geographical boundaries" |






# Congressional Redistricting Subcommittee

Rep. Tyler Sirois, Chair
Redistricting Committee Staff
850-717-5234
RedistrictingCommittee@myfloridahouse.gov
www.FloridaRedistricting.gov