### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CUBANOS PA'LANTE, et al.,

    *Plaintiffs*,

v.                                                                    Case No:  1:24-cv-21983-JB

FLORIDA HOUSE OF
REPRESENTATIVES, et al.,

    *Defendants*.

_____/

### FLORIDA SENATE'S RESPONSES AND OBJECTIONS TO
### <u>CUBANOS PA'LANTE'S SUBPOENA TO PRODUCE DOCUMENTS</u>

Plaintiff Cubanos Pa'lante served on non-party the Florida Senate a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on July 11, 2024. Pursuant to the Federal Rules of Civil Procedure, the Florida Senate responds as follows:

### GENERAL OBJECTIONS

A.    The Florida Senate objects to the Subpoena to the extent it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, legislative privilege, joint defense privilege, or any other privilege or doctrine available under federal or state law, either statutory, regulatory, constitutional, or common law.

B.    The Florida Senate objects to the Subpoena to the extent it imposes obligations that exceed those imposed by the Federal Rules of Civil Procedure and relevant orders issued in this case.



PLAINTIFFS' TRIAL EXHIBIT

P14

1:24-cv-21983-JB

exhibitsticker.com

C.      The Florida Senate objects to the Subpoena to the extent it is overly broad or seek information that is neither relevant to the claim or defense of any party in this action nor proportional to the needs of the case.

D.      The Florida Senate objects to the Subpoena as overly broad, unduly burdensome, and proportional to the needs of the case to the extent it purport to require the Florida Senate to search every member's, former member's, employee's, and former employee's files, both electronic and those in hard copy or other forms, all computer-generated documents, handwritten notes, calendar entries, video and audio recordings, and more, both business and personal, over the course of more than two years, regardless of whether those members or employees had any material involvement in the redistricting process.  The Florida Senate agrees to produce non-privileged, responsive communications and documents from a relevant subset of members and employees to include those individuals who were materially involved in map drawing and map analysis for redistricting on behalf of the Florida Senate.

E.      The Florida Senate's failure to object on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.  In making these objections, the Florida Senate does not in any way waive or intend to waive any additional objections, but rather intends to preserve and does preserve any additional objections should they become appropriate.

F.      The Florida Senate responds to the Subpoena to the best of its present knowledge, information, and belief.  The Florida Senate continues to investigate the matters that are the subject of this litigation.  The responses set forth herein are at all times subject to additional or different information that discovery or further investigation may disclose.

G.     The Florida Senate objects to the Subpoena to the extent it is unduly burdensome or to the extent it seeks information that (a) is in the possession, custody, or control of Plaintiffs; (b) is equally available to Plaintiffs; or (c) is available from other sources that are more convenient, less burdensome, or less expensive such as other state agencies or entities, and/or production of documents and data in this action.

H.     The Florida Senate objects to the introductory definitions to the Subpoena to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request to the extent that such enlargement, expansion, or alteration renders the request vague, ambiguous, unintelligible, overly broad, or uncertain.

## OBJECTIONS TO SPECIFIC DEFINITIONS

A.     The Florida Senate objects to the definition of "Senate" to the extent it purports to refer to or encompass any individual or entity other than the Florida Senate.

B.     The Florida Senate objects to the definition of "Legislature" to the extent it purports to refer to or encompass any individual or entity other than the Florida Legislature.

C.     The Florida Senate objects to the definitions of "You" or "Your" to the extent they purport to refer to or encompass any individual or entity other than the Florida Senate.

D.     The Florida Senate objects to the definition of "possession" to the extent it purports to include "constructive possession by virtue of Your ability to retrieve the aforesaid Document or information."

## OBJECTIONS TO SPECIFIC INSTRUCTIONS

A.     The Florida Senate objects to Instruction No. 1 to the extent it requires the production of documents in a format that deviates from or is inconsistent with, the requirements of the Federal Rules of Civil Procedure, any orders or other rulings the Court has entered or will

3

enter, or any other applicable source of governing law.  Documents will be produced in the format in which they are kept and maintained in the Florida Senate's regular course of business.  The Florida Senate also objects to the extent this Instruction purports to require it to create documents for production.

B.      The Florida Senate objects to Instruction No. 2 to the extent it purports to impose a duty to obtain documents that are in the possession and control of third parties.  The Florida Senate also objects to this Instruction because it requests documents that are protected by the attorney-client privilege and work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, and other privileges under Florida or federal law.

C.      The Florida Senate objects to Instruction No. 4 to the extent this Instruction purports to impose obligations or burdens that are in addition to or inconsistent with, the Federal Rules of Civil Procedure, any orders or other rulings the Court has entered or will enter, or any other applicable source of governing law.

D.      The Florida Senate objects to Instruction No. 6 to the extent this Instruction purports to impose obligations or burdens that are in addition to or inconsistent with, the Federal Rules of Civil Procedure, any orders or other rulings the Court has entered or will enter, or any other applicable source of governing law.

Subject to and without waiving these General and Specific Objections, the Florida Senate sets forth its responses and objections to the Subpoena as follows:

## REQUESTS FOR DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1**: All Documents related to the redistricting of congressional districts in Miami-Dade County that were written, drafted, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made, publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 2:** All Documents related to Voting Cohesion among Hispanic or Latino voters that were written, drafted, received, commissioned, and/or edited by the Legislature between January l, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 3:** All Documents related to White Bloc Voting that were written, drafted, received, commissioned, and/or edited by the Legislature between January 1, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 4:** All Documents related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority congressional districts in Miami-Dade County that were written, drafted, received, commissioned, and/or edited by the Legislature between January l, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistiicting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law.  Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 5:** All Documents related to congressional redistricting criteria or methodology that were written, drafted, and/or edited by the Legislature between January l, 2020 and April 19, 2022, **excluding** any Documents made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law.  Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 6:** All Documents and Communications related to the redistricting of congressional districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law.  Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

The Florida Senate further objects that Plaintiffs' request for "[a]ll Documents and Communications related to the redistricting of congressional districts in Miami-Dade County" is overbroad and unduly burdensome as written. The Florida Senate is comprised of 40 members and hundreds of employees. Requiring the Florida Senate to search every member's and employee's files, both electronic and those in hard copy or other forms, all computer-generated documents, personal notes, handwritten notes, calendar entries, video and audio recordings, and more, both business and personal, over the course of more than two years, regardless of whether those members or employees had any material involvement in the redistricting process, for "[a]ll Documents and Communications related to the redistricting of congressional districts in Miami-Dade County" would be unduly burdensome, overly broad, consume an exorbitant amount of time that should be spent on other matters, and is not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request with respect to individual legislators, staff members, and consultants who assisted or advised the Senate on the drawing, consideration of, and passage of redistricting plans, and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 7:** All Documents and Communications related to Voting Cohesion among Hispanic or Latino voters that were transmitted to, from, and/or between the Legislature, the-Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

The Florida Senate further objects that Plaintiffs' request for "[a]ll Documents and Communications related to Voting Cohesion among Hispanic or Latino voters" is overbroad and unduly burdensome as written. The Florida Senate is comprised of 40 members and hundreds of employees. Requiring the Florida Senate to search every member's and employee's files, both electronic and those in hard copy or other forms, all computer-generated documents, personal notes, handwritten notes, calendar entries, video and audio recordings, and more, both business and personal, over the course of more than two years, regardless of whether those members or employees had any material involvement in the redistricting process, for "[a]ll Documents and Communications related to Voting Cohesion among Hispanic or Latino voters" would be unduly burdensome, overly broad, consume an exorbitant amount of time that should be spent on other matters, and is not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request with respect to individual legislators, staff members, and consultants who assisted or advised the Senate on the drawing,

consideration of, and passage of redistricting plans, and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 8:** All Documents and communications related to white Bloc voting that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January 1, 2020 and April 19, 2022, **excluding** any Documents and Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

The Florida Senate further objects that Plaintiffs' request for "[a]ll Documents and Communications related to white Bloc voting" is overbroad and unduly burdensome as written. The Florida Senate is comprised of 40 members and hundreds of employees. Requiring the Florida Senate to search every member's and employee's files, both electronic and those in hard copy or other forms, all computer-generated documents, personal notes, handwritten notes, calendar entries, video and audio recordings, and more, both business and personal, over the course of more than two years, regardless of whether those members or employees had any material involvement in the redistricting process, for "[a]ll Documents and Communications related to white Bloc voting" would be unduly burdensome, overly broad, consume an exorbitant amount of time that should be spent on other matters, and is not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request with respect to individual legislators, staff members, and consultants who assisted or advised the Senate on the drawing, consideration of, and passage of redistricting plans, and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 9:** All Documents and Communications related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority congressional districts in Miami-Dade County that were transmitted to, from, and/or between the Legislature, the Legislature's staff, and/or the Legislature's consultants between January l, 2020 and April 19, 2022, **excluding** any Documents aid Communications made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to the extent the Request seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, legislative privilege as to documents that are not otherwise subject to disclosure under Florida public records laws, or other privileges under Florida or federal law. Instead, a privilege log will be produced in compliance with the Federal Rules of Civil Procedure with regard to any such documents.

The Florida Senate further objects that Plaintiffs' request for "[a]ll Documents and Communications related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority congressional districts in Miami-Dade County" is overbroad and unduly burdensome as written. The Florida Senate is comprised of 40 members and hundreds of employees. Requiring the Florida Senate to search every member's and employee's files, both electronic and those in hard copy or other forms, all computer-generated documents, personal notes, handwritten notes, calendar entries, video and audio recordings, and more, both business and personal, over the course of more than two years, regardless of whether those members or employees had any material involvement in the redistricting process, for "[a]ll Documents and Communications related to the application of the Non-Retrogression Requirement, Non-Dilution Requirement, or Section 2 to Hispanic-majority congressional districts in Miami-Dade County" would be unduly burdensome, overly broad, consume an exorbitant amount of time that should be spent on other matters, and is not proportional to the needs of this case.

Subject to and without waiving the foregoing General and Specific objections, the Florida Senate will conduct a reasonable search for documents responsive to this request with respect to individual legislators, staff members, and consultants who assisted or advised the Senate on the drawing, consideration of, and passage of redistricting plans, and will produce responsive, non-privileged documents identified by that search.

**REQUEST FOR DOCUMENTS NO. 10:** All complete, partial, initial, or preliminary drafts of congressional redistricting plans, no matter the form, that include districts in Miami-Dade County created by the Legislature, the Legislature's staff, and/or the Legislature's consultants between August 1, 2021 and April 19, 2022, excluding any plans made publicly available on floridaredistricting.gov, myfloridahouse.gov, or flsenate.gov.

**RESPONSE:** The Florida Senate objects to this request because it seeks information protected by legislative privilege. *See*, *e.g.*, *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339 (11th Cir. 2023); *Florida v. Byrd*, 674 F. Supp. 3d 1097 (N.D. Fla. 2023); *Florida v. United States*, 886 F. Supp. 2d 1301 (N.D. Fla. 2012); *see also* § 11.0431(2)(e), Fla. Stat. (providing exemption from copying or inspection of "[a] draft, and a request for a draft, of a reapportionment plan or redistricting plan and an amendment thereto" and "[a]ny supporting documents associated with such plan or amendment until a bill implementing the plan, or the amendment, is filed").

Dated: August 16, 2024

Respectfully submitted,

|  |  |
|---|---|
| | */s/  Daniel Nordby* |
| CARLOS REY (FBN 11648) | DANIEL E. NORDBY (FBN 14588) |
| **FLORIDA SENATE** | **SHUTTS & BOWEN LLP** |
| 404 South Monroe Street | 215 South Monroe Street, Suite 804 |
| Tallahassee, Florida 32399 | Tallahassee, Florida 32301 |
| (850) 487-5855 | (850) 241-1717 |
| *Rey.Carlos@flsenate.gov* | *DNordby@shutts.com* |

*Counsel for the Florida Senate*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, I served this document by electronic mail on:

Nicholas L.V. Warren
ACLU of Florida
1809 Art Museum Dr., Ste. 203
Jacksonville, FL 23305
nwarren@aclufl.org

*Counsel for Plaintiffs*

*/s/  Daniel Nordby*
Attorney