UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

    Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

    Defendants.
_____/

THE FLORIDA HOUSE OF REPRESENTATIVES'
<u>ANSWERS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION</u>

Defendant, the Florida House of Representatives (the "House"), answers Plaintiffs' First Set of Requests for Admission on the Florida House of Representatives, dated August 13, 2024.

<u>GENERAL STATEMENT AND OBJECTIONS</u>

1.  The House objects to the extent that Plaintiffs' definitions and instructions purport to impose obligations different from or additional to the requirements of the Federal Rules of Civil Procedure, or to limit the discretion of answering parties under the Federal Rules of Civil Procedure.

2.  For example, the House objects that Instructions Nos. 2 and 5 purport to impose obligations different from or additional to the requirements of Rule 36(a)(4), that the first sentence of Instruction No. 10 purports to impose obligations different from or



additional to the requirements of Rule 36(a)(5), and that Instruction No. 7 purports to impose obligations not contained in the Federal Rules of Civil Procedure.

3. In the House's answers, "Challenged Districts" has the same meaning as in paragraph 4 of Plaintiffs' First Amended Complaint (ECF No. 31).

4. The House's review of information and documents is continuing, as is discovery. The House's answers are based on information now known to it and are provided without prejudice to the House's right to assert additional objections or to revise, correct, supplement, clarify, or amend its answers, if the House discovers additional grounds for objections or additional, responsive information.

5. The House provides its answers without waiving or intending to waive, and the House expressly preserves, all applicable privileges, exemptions, and protections from discovery. In the answers provided below, the House has not withheld any responsive information on the basis of privilege.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that, in the development of each of the following, the House complied with the Florida Constitution's prohibition on drawing an apportionment plan or district with the intent to favor or disfavor a political party:

    a. The 2022 enacted House plan (Plan H000H8013).

    b. Districts 112, 113, 114, 115, 116, 118, and 119 in the 2022 enacted House plan (Plan H000H8013).

    c. The 2022 enacted congressional plan (Plan P000C0109).

    d. Districts 26, 27, and 28 in the 2022 enacted congressional plan (Plan P000C0109).

**ANSWER:** Admitted as to the Challenged Districts. To the extent this request seeks information about districts not challenged in this litigation, the House objects that this request seeks information that is not relevant to any party's claims or defenses.

**REQUEST NO. 2:** Admit that, in the development of each of the following, the House complied with the Florida Constitution's prohibition on drawing an apportionment plan or district with the intent to favor or disfavor an incumbent, with respect to the following:

    a. The 2022 enacted House plan (Plan H000H8013).

    b. Districts 112, 113, 114, 115, 116, 118, and 119 in the 2022 enacted House plan (Plan H000H8013).

    c. The 2022 enacted congressional plan (Plan P000C0109).

**ANSWER:** Admitted as to the Challenged Districts. To the extent this request seeks information about districts not challenged in this litigation, the House objects that this request seeks information that is not relevant to any party's claims or defenses.

**REQUEST NO. 3:** Admit that retaining the "cores" of pre-existing districts, as described by the U.S. Supreme Court in *Alexander v. South Carolina State Conference of the NAACP*, 144 S. Ct. 1221, 1245 (2024) (citing *Allen v. Milligan*, 599 U.S. 1, 21 (2023)), *was not* a criterion utilized in the drawing of each of the following:

    a. The 2022 enacted House plan (Plan H000H8013).

    b. Districts 112, 113, 114, 115, 116, 118, and 119 in the 2022 enacted House plan (Plan H000H8013).

  c. The 2022 enacted congressional plan (Plan P000C0109).

  d. Districts 26, 27, and 28 in the 2022 enacted congressional plan (Plan P000C0109).

**ANSWER:** The House objects that the word "criterion" is vague and undefined. The House understands "criterion" to mean a redistricting standard that the House consistently sought to achieve in drawing congressional and State House districts. With that understanding, the House admits that, although it was aware of the historical configuration of pre-existing districts, retaining the cores of pre-existing districts was not a criterion in the House's drawing of the Challenged Districts.

To the extent this request seeks information about districts not challenged in this litigation, the House objects that this request seeks information that is not relevant to any party's claims or defenses.

**REQUEST NO. 4:** Admit that, in the development of each of the following, the House complied with Article I, Section 24 of the Florida Constitution:

  a. The 2022 enacted House plan (Plan H000H8013).

  b. The 2022 enacted congressional plan (Plan P000C0109).

**ANSWER:** The House objects that this request seeks information that is not relevant to any party's claims or defenses.

**REQUEST NO. 5:** Admit that, in the development of each of the following, the Florida Senate complied with Article I, Section 24 of the Florida Constitution:

  a. The 2022 enacted House plan (Plan H000H8013).

      b. The 2022 enacted congressional plan (Plan P000C0109).

**ANSWER:** The House objects that this request seeks information that is not relevant to any party's claims or defenses. The House further responds that it is without knowledge and is therefore unable to admit or deny this request. The House has made reasonable inquiry, but the information it knows or can readily obtain is insufficient to enable it to admit or deny this request.

**REQUEST NO. 6:** Admit that, in the development of the 2022 enacted congressional plan (Plan P000C0109), the Executive Office of the Governor complied with Article I, Section 24 of the Florida Constitution.

**ANSWER:** The House objects that this request seeks information that is not relevant to any party's claims or defenses. The House further responds that it is without knowledge and is therefore unable to admit or deny this request. The House has made reasonable inquiry, but the information it knows or can readily obtain is insufficient to enable it to admit or deny this request.

**REQUEST NO. 7:** Admit that the boundary between Miami-Dade and Collier Counties is a political boundary.

**ANSWER:** Admitted that all county boundaries, including the boundary between Miami-Dade and Collier Counties, are political boundaries for purposes of article III, sections 20(b) and 21(b) of the Florida Constitution.

Dated September 12, 2024.                                   Respectfully submitted,

                                                            /s/ *Andy Bardos*
Christopher M. Kise (FBN 855545)                            Andy Bardos (FBN 822671)
ckise@continentalpllc.com                                   andy.bardos@gray-robinson.com
CONTINENTAL PLLC                                            GRAYROBINSON, P.A.
101 North Monroe Street, Suite 750                          301 South Bronough Street, Suite 600
Tallahassee, Florida 32301                                  Tallahassee, Florida 32301-1724
Telephone: 850-270-2211                                     Telephone: 850-577-9090

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Carmen Manrara Cartaya (FBN 73887)
ccartaya@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
Telephone: 305-677-2707

*Attorneys for Defendant, Florida House of Representatives*

## CERTIFICATE OF SERVICE

I certify that, on September 12, 2024, a true and correct copy of the foregoing was served by email on all counsel identified on the Service List that follows.

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.

## **SERVICE LIST**

Nicholas L.V. Warren
ACLU Foundation of Florida
1809 Art Museum Drive, Suite 203
Jacksonville, Florida 32207
nwarren@aclufl.org
*Attorneys for Plaintiffs*

Bradley R. McVay
Joseph S. Van de Bogart
Ashley Davis
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
brad.mcvay@dos.myflorida.com
joseph.vandebogart@dos.myflorida.com
ashley.davis@dos.myflorida.com
*Attorneys for Secretary of State*

Daniel B. Tilley
Caroline A. McNamara
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, Florida 33134
dtilley@aclufl.org
cmcnamara@aclufl.org
*Attorneys for Plaintiffs*

Andrew J. Frackman
O'Melveny & Myers LLP
1301 Avenue of the Americas, 17th Floor
New York, New York 10019
afrackman@omm.com
*Attorneys for Plaintiffs*

Mohammad O. Jazil
Michael Beato
Holtzman Vogel Baran
Torchinsky & Josefiak PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
*Attorneys for Secretary of State*

Brian P. Quinn
Patrick J. Jones
Emily Murphy
Gabrielle S. Jackson
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
gjackson@omm.com
*Attorneys for Plaintiffs*

Jorge L. Vasquez, Jr.
Esperanza Segarra
Vasquez Segarra LLP
5 West 37th Street, Suite 6003
New York, New York 10018
jorge@vsllplaw.com
esperanza@vsllplaw.com
*Attorneys for Plaintiffs*