**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-21983-CIVIL BECERRA/TORRES**

CUBANOS PA'LANTE, et al.,

 *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES,
et al.,

 *Defendants*.

_____/

**THE SECRETARY'S RESPONSES TO
<u>PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>**

 Secretary of State Cord Byrd responds to Plaintiffs' first set of interrogatories as follows:

**Interrogatory No. 1: What were the State of Florida's "legitimate political objectives," as described by the U.S. Supreme Court in *Alexander v. South Carolina State Conference of the NAACP*, 144 S. Ct. 1221, 1235 (2024) (quoting *Easley v. Cromartie*, 532 U.S. 234, 258 (2001)), in adopting:**
  **a. the 2022 enacted House of Representatives plan (Plan H000H8013), including Districts 112, 113, 114, 115, 116, 118, and 119 of Plan H000H8013?**
  **b. the 2022 enacted congressional plan (Plan P000C0109), including Districts 26, 27, and 28 of Plan P000C0109?**

**Response:** For part (a), the Secretary is unable to answer. Drafting and approving legislative districts is solely up to the Florida House and the Florida Senate. *See* Fla. Const. art. III, § 16. Because he lacks a role in the legislative redistricting process, the Secretary is unaware of the "legitimate political objectives" the Florida House and the Florida Senate, collectively or as a separate chamber, or individual representatives or senators, tried to advance during the 2022 legislative redistricting process. That said, the legislative record speaks for itself.
 For part (b), the Secretary objects to this part of the interrogatory. It's unclear what "legitimate political objective[s]" means in this part of the interrogatory. Without waiving this objection, the Secretary maintains that in adopting the Enacted Map, the Florida Legislature sought to adhere to federal and state redistricting standards.

1



**Interrogatory No. 2: If there are any items in Plaintiffs' Requests for Admissions Nos. 1-7 that you denied, please set forth, for each such item, the factual reason that you denied it, including the names and contact information of all witnesses who are able to testify about such factual bases and listing all documents that support such factual bases.**

**Response:** The Secretary notes that his responses to relevant requests provide detailed reasons. No documents support the Secretary's responses other than the legislative record. The individuals speaking on the legislative record have pertinent information. Their contact information is available through the Florida Senate and Florida House websites:

    Florida House: https://www.myfloridahouse.gov/representatives?legislativetermid=89
    Florida Senate: https://www.flsenate.gov/Senators/2020-2022

## Verification

Pursuant to 28 U.S.C. § 1746, I, Maria Matthews of the Department of State, declare under penalty of perjury that the foregoing answers to the first set of interrogatories are true and correct. Executed on September 12, 2024

/s/ Maria Matthews
Maria Matthews

Dated: September 12, 2024

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Joseph S. Van de Bogart (FBN 84764)
joseph.vandebogart@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

*As to Objections*,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

## CERTIFICATE OF SERVICE

I certify that on September 12, 2024, this response was served to all counsel of record via email.

/s/ Mohammad O. Jazil