IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:24-21983-CIVIL BECERRA/TORRES

CUBANOS PA'LANTE, et al.,

    *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES, et al.,

    *Defendants*.

_____/

## THE SECRETARY'S AMENDED RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Following the discussion with Plaintiffs on May 2, 2025, the Secretary amends his answers to Plaintiffs' first and second interrogatories in their third set of interrogatories.

**Interrogatories**

1. Describe in detail whether and how EOG determined which districts in the benchmark Congressional plans were Protected Districts. Your answer should Include an explanation of:
    a. Which data were examined, including particular election results and particular demographic statistics.
    b. What analysis of any data EOG conducted.
    c. EOG's conclusions regarding any such data analyses.
    d. Whether and how EOG determined who the minority group's candidate of choice was.
    e. Whether and how EOG determined who the white majority's candidate of choice was.
    f. Whether EOG determined the district was protected under the Non-Dilution Standard, Non-Diminishment Standard, or Section 2 of the Voting Rights Act.
    g. Who was involved in the determination, and each individual's role.

**Amended Response:** The Secretary notes that this interrogatory has eight discrete parts, constituting eight interrogatories.

In addition, each of the eight discrete parts ask the Secretary to "[d]escribe in detail whether and how EOG determined which districts in the benchmark Congressional plans were protected districts." Because the Executive Office of the Governor is in the best position to "[d]escribe in detail" the information sought, the Secretary objects to the interrogatory. The Executive Office of the Governor is a distinct legal entity, and these questions are better directed toward that entity. Fla. Stat. § § 14.201, 15.01.

1



To the extent the Secretary has any duty to respond to the interrogatory, the Secretary's knowledge is limited to the following: J. Alex Kelly's testimony before the Florida Legislature, his deposition testimony in *Black Voters Matter v. Byrd*, and his trial testimony in *Common Cause v. Byrd*. His testimony "[d]escribe[s] in detail" the Executive Office of the Governor's approach to congressional redistricting.

The deposition and trial transcripts are provided with these amended responses, and the legislative testimony can be found here:

| | |
|---|---|
| Florida House: | https://thefloridachannel.org/videos/4-19-22-house-congressional-redistricting-subcommittee/ |
| Florida Senate: | https://thefloridachannel.org/videos/4-19-22-senate-committee-on-reapportionment/ |

2. Separately for each district for which a determination was made, Describe in detail how EOG determined whether newly drawn Protected Districts in Plan 109 did not diminish the protected minority groups' ability to elect representatives of their choice. Your answer should Include an explanation of:
   a. Which data were examined, including particular election results and particular demographic statistics.
   b. What analysis of any data EOG conducted.
   c. EOG's conclusions regarding any such data analyses.
   d. Whether and how EOG determined who the minority group's candidate of choice was.
   e. Who was involved in EOG's determination, and each individual's role.

**Amended Response:** The Secretary notes that this interrogatory has five discrete parts, constituting five interrogatories.

In addition, each of the five discrete parts ask the Secretary to "[d]escribe in detail how EOG determined whether newly drawn Protected Districts in Plan 109 did not diminish the protected minority groups' ability to elect representatives of their choice Because the Executive Office of the Governor is in the best position to "[d]escribe in detail" the information sought, the Secretary objects to the interrogatory. The Executive Office of the Governor is a distinct legal entity, and these questions are better directed toward that entity. Fla. Stat. § § 14.201, 15.01.

To the extent the Secretary has any duty to respond to the interrogatory, the Secretary's knowledge is limited to the following: J. Alex Kelly's testimony before the Florida Legislature, his deposition testimony in *Black Voters Matter v. Byrd*, and his trial testimony in *Common Cause v. Byrd*. His testimony provides any district-specific information this interrogatory seeks. The Secretary is unaware of any other district-specific information.

## Verification

Pursuant to 28 U.S.C. § 1746, I, Maria Matthews of the Department of State, declare under penalty of perjury that the foregoing answers to the third set of interrogatories are true and correct.

Executed on May 13, 2025

/s/ Maria Matthews
Maria Matthews

Dated: May 15, 2025

Bradley R. McVay (FBN 79034)  
Ashley Davis (FBN 48032)  
FLORIDA DEPARTMENT OF STATE  
R.A. Gray Building  
500 S. Bronough St.  
Tallahassee, FL 32399  
(850) 245-6536  
brad.mcvay@dos.fl.gov  
ashley.davis@dos.fl.gov  

*As to objections*:

/s/ Mohammad O. Jazil  
Mohammad O. Jazil (FBN 72556)  
Michael Beato (FBN 1017715)  
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK  
119 S. Monroe St. Suite 500  
Tallahassee, FL 32301  
(850) 270-5938  
mjazil@holtzmanvogel.com  
mbeato@holtzmanvogel.com  
zbennington@holtzmanvogel.com  

*Counsel for the Secretary*

## CERTIFICATE OF SERVICE

I certify that on May 15, 2025, this response was served to all counsel of record via email.

/s/ Mohammad O. Jazil