Docusign Envelope ID: E87F072B-0591-49AB-9E5C-33939277 1384

# AMENDED AND RESTATED BYLAWS

## OF

## ENGAGE MIAMI

### ARTICLE I.  NAME

The name of the corporation is Engage Miami Inc. (the "Corporation").

### ARTICLE II.  PURPOSES AND POWERS

Section 2.1  The Corporation is a Florida not-for-profit corporation that is organized and operated exclusively for the benefit of the social welfare within the meaning of section 501(c)(4) of the Internal Revenue Code of 1986 as now in effect or as may hereafter amended.

Section 2.2  Subject to the restrictions set forth in its Articles of Incorporation and in these Bylaws, the purpose of the Corporation is to engage young people in Florida, educate them on issues and government, and train and empower them to be civically engaged.

### ARTICLE III.  OFFICES

The principal office of the Corporation will be fixed and located at such place as approved by the Board of Directors.

### ARTICLE IV.  MEMBERSHIP

Section 4.1  Membership.  A Member of the Corporation is any person who completes a membership form provided by the Corporation and returns the completed form to the Corporation along with any dues required at that time..  The membership form shall outline the responsibilities of a Member and may be amended by the Board of Directors to align with the needs of the organization.  The membership form will allow the prospective member to affirm alignment with the Corporation's values and goals, agree to pay dues in such amount and at such times as set by the Board of Directors, and any other requirements as determined by the Board of Directors.  Membership begins on the date the person completes all the requirements for membership.

Section 4.2  Hardship Exception for Dues Payment.  For any person who files a membership form and attests that he or she cannot pay the required dues, the Corporation will waive the dues and make the individual a Member.  A person who applies for membership with a request for a hardship exception becomes a Member upon submitting the membership form.





CUBANOS-0000000035

Docusign Envelope ID: E87F072B-0591-49AB-9E5C-339592771384

Section 4.3  Powers of Membership. Members have the following authority:

a. Provide recommendations on the Corporation's priorities and activities at regular intervals; and

b. Periodically recommend new members of the Board of Directors for consideration by the Board of Directors.

Section 4.4  Termination of Membership. Membership automatically terminates when a member provides the Corporation with a written request to terminate their membership or stops paying dues when required.

The Board of Directors may remove any member, as determined by the board in its sole discretion, after affording an opportunity for the member to be heard by the Board before the Board votes on removal. The Executive Director may suspend a member's membership immediately if the Executive Director reasonably determines, in her sole discretion, that such member's conduct poses a threat to the interests of the Corporation. The Board of Directors shall then consider whether to remove that suspended member in accordance with the requirements of this section.

## ARTICLE V.  BOARD OF DIRECTORS

Section 5.1  The affairs of the Corporation will be managed by the Board of Directors of the Corporation. The Directors will act only as the Board of Directors in the manner provided in this Article. The Board of Directors may adopt rules and regulations for the conduct of its meetings, the exercise of its powers, and the management of the affairs of the Corporation as it may deem proper. In addition to the powers expressly conferred by these Bylaws, the Board of Directors may exercise all powers necessary or appropriate to the purposes of the Corporation.

Section 5.2  Number and Term of Office. The number of Directors of the Corporation will be at least three. The number of Directors may be increased or decreased from time to time at any annual or special meeting of the Board of Directors called for that purpose but will in no event be less than three.

The Board of Directors is divided into two classes. The number of Directors in each class shall be as nearly equal as possible. Each incumbent Director serving at the time of these Bylaws are adopted will serve until the next election or until his or her successor is elected and qualified. The Directors serving after these Bylaws are adopted will determine how the Directors are divided into Class I and Class II. The Directors in Class I will be up for reelection at the annual meeting in 2025, and thereafter every two (2) years. The Directors in Class II will be up for reelection at the annual meeting in 2026, and thereafter every (2) years. Each Director will serve their full term, or until his or her successor is elected and qualified, or until his or her death, resignation, or removal.

CUBANOS-0000000036

Docusign Envelope ID: E87F072B-0591-49AB-9E5C-339592771384

If the number of directors is increased, those Directors serving prior to the increase of directors will organize the new Directors into Class I or Class II at the next meeting or by unanimous consent. If the number of directors is decreased, those Directors serving after the decrease of any directors will organize the remaining Directors into Class I or Class II at the next meeting or by unanimous consent. Such reorganization, whether for the increase or decrease in directors, is for the sole purpose of keeping the classes as nearly equal as possible; Directors should not be reorganized into a different class for any other purpose. If a director is moved to the other class, that director will serve to the same date as the other members of the class.

Section 5.3   Vacancies. Vacancies in the Board of Directors will be deemed to exist in the event of the death, resignation, or removal of a Director or in the event of an increase in the number of Directors; and all such vacancies will be filled by a majority of the then remaining Board of Directors, even if the remaining directors constitute less than a quorum of the Board. Any director may resign by giving written notice to the Chair of the Board or the Secretary. The resignation shall be effective when the notice is given unless it specifies a later time for the resignation to become effective.

Directors elected to fill a vacancy will hold office for the remaining portion of the term of the Director whose death, resignation, or removal caused the vacancy, or, in the case of an increase in the number of Directors, until a successor Director is elected and qualified.

Section 5.4   Removal of Directors. Any Director may be removed from office at any time, with or without cause, upon a majority vote of all of the Directors then in office. In case of an even number of directors in office and a tie vote on the issue of the removal of a Director, the Director in question will be removed.

Section 5.5   Annual Meeting. A regular annual meeting of the Board of Directors will be held at least once a year at the principal office of the Corporation, wherever located, or at such place as will be determined by the Board of Directors or Executive Director on the date selected by the Board of Directors or Executive Director. Notice of the Annual Meeting of the Board of Directors will be given to each Director at least one (1) day before the meeting, except that, in the case of notice given by mail, the notice will be timely given if mailed by first-class mail, postage prepaid, at least ten (10) days before the meeting. Notice need not be given in writing and may be given in person, by telephone, email, facsimile transmission, by mail, or by writing personally delivered to the Director or left at his or her residence or usual place of business.

Section 5.6   Regular and Special Meetings. The Board of Directors may provide by resolution the time, form, date and place for the holding of regular meetings, other than the annual meeting, of the Board without other notice than such resolution. The form may be in person, video or telephonic. The Executive Director may call, and upon written request by any one-third of the Directors then holding office, the Secretary will call, special meetings of the Board of Directors. If the Secretary is unavailable or unresponsive, the Board Chair will fill the role of the Secretary here. The Board Chair may also call special meetings of the Board of Directors when she deems necessary. Such special meetings will be held at such time and place as may be designated in the notice of meeting by the person or persons calling the meeting.

CUBANOS-0000000037

Section 5.7    Notice of Special Meetings.  Notice of special meetings of the Board of Directors will be given to each Director at least two (2) days before the meeting, except that, in the case of notice given by mail, the notice will be timely given if mailed by first-class mail, postage prepaid, at least ten (10) days before the meeting.  Notice need not be given in writing and may be given in person, by telephone, email, facsimile transmission, by mail, or by writing personally delivered to the Director or left at his or her residence or usual place of business.

Section 5.8    Quorum.  A majority of the number of Directors then in office will be necessary and sufficient to constitute a quorum for the transaction of business at any meeting of the Board of Directors, but a smaller number may adjourn any such meeting to a later date.  At least one (1) days' notice of such adjourned meeting will be given in the manner provided in Section 5.7 to each Director who was present at such meeting unless such Director waives notice.

Section 5.9    Action by Board of Directors - Majority Vote of Present Directors.  Except as otherwise expressly required by law or these Bylaws, the act of a majority of the Directors present at a meeting at which a quorum is present will be the act of the Board of Directors.  Voting is allowed by electronic means, including emails and proxy.

Section 5.10    Informal Action by Directors; Meetings by Conference Telephone.  Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any action required or permitted to be taken by the Board of Directors may be taken without a meeting if a majority of the Directors consent in writing to the adoption of a resolution authorizing the action.  The resolution and the written consents by the Directors will be filed with the minutes of proceedings of the Board.  If the Articles of Incorporation or these Bylaws require a greater number of directors than a majority to take an action, then that higher vote threshold must be reflected in a consent resolution authorizing that action.

Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any or all Directors may participate in a meeting of the Board or of a Corporation of the Board by means of conference telephone or by any means of communications by which all persons participating in the meeting are able to hear one another, and such participation will constitute presence in person at the meeting.

Section 5.11   Waiver of Notice.  Notice of a meeting need not be given to any director who, either before or after the meeting, signs a waiver of notice or provides written consent to holding the meeting or an approval of the minutes of the meeting, or who attends the meeting without protesting, prior thereto or at its commencement, the lack of notice to such director.  All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meetings.

CUBANOS-0000000038

Section 5.12    Board Committees. The Board of Directors, by resolution adopted by a majority of the directors then in office, may create one or more committees, each consisting of two or more directors, to serve at the pleasure of the Board of Directors. Appointments to committees of the Board will be by majority vote of the directors then in office or by the Board Chair, after consultation with the Board of Directors at a meeting. One or more directors may be appointed as alternate members of any such committee, who may replace any absent member at any meeting. Any such committee will have all the authority of the Board, to the extent provided in a Board resolution, except with respect to:

a. The establishment of the exact number of authorized directors within the range specified in Section 5.2 of these Bylaws;

b. The filling of vacancies on the Board or on any committee of the Board;

c. The amendment of the Articles;

d. The amendment or repeal of these Bylaws or the adoption of new or restated Bylaws;

e. The amendment or repeal of any resolution of the Board that, by its express terms, is not so amendable or repealable;

f. The creation of other committees of the Board or appointment of members to any committee of the Board;

g. The expenditure of corporate funds to support a nominee for director after there are more people nominated for director than can be elected;

h. The approval of any self-dealing transaction; or

i. The merger, reorganization, voluntary dissolution, or disposition of substantially all of the assets of the Corporation.

The Board of Directors will have the power to prescribe the manner in which proceedings of any such committee will be conducted. In the absence of any such prescription, such committee will have the power to prescribe the manner in which its proceedings will be conducted. Unless the Board of Directors or such committee will otherwise provide, the regular and special meetings and other actions of any such Committee will be governed by the provisions of Article V of these Bylaws applicable to meetings and actions of the Board. Minutes will be kept of each meeting of each committee.

Section 5.13    Advisory and Other Committees. The Board of Directors may from time to time create advisory committees and other committees that are not Board committees (collectively, "Other Committees") as deemed appropriate, consisting of directors or persons who are not directors, but such Other Committees will not be deemed Board Committees and will not exercise any powers of the Board.

CUBANOS-0000000039

Other Committees may be delegated with implementation of certain specified tasks under the direction and control of the Board. Notice of, and procedures for, meetings of Other Committees will be as prescribed by the chair of each such Committees, and meetings of any Other Committees may be called by the Chair of the Board, the Board, or the chair of the Other Committees.

## ARTICLE VI.  OFFICERS

Section 6.1    Officers. The officers of the Corporation will be an Executive Director, a Board Chair, a Secretary, and a Treasurer, and it may, if it so determines, elect or appoint one or more Vice-Chairs and such other officers and assistant officers as may be deemed necessary, each to have such duties or functions as are provided in these Bylaws or as the Board of Directors may from time to time determine.

Section 6.2    Term. The officers of the Board of Directors, specifically the Board Chair, a Secretary, and a Treasurer, as well as any other officers that have been deemed necessary, will be elected annually by the Board of Directors by majority vote. If the election of officers is not held at the annual meeting described in Section 5.5, such election will be held as soon thereafter as may be convenient. The term of office of each officer (including any officer who may occupy an additional office created by the Board of Directors) will be one year or until his or her successor is elected and has assumed the role..

Section 6.3    Powers and Duties of Officers. Subject to the control of the Board of Directors, all officers as between themselves and the Corporation will have such authority and perform such duties in the management of the property and affairs of the Corporation as may be provided in these Bylaws or by resolution of the Board and, to the extent not so provided, as generally pertain to their respective offices.

Section 6.4    Vacancies. A vacancy in any office caused by death, resignation, removal, disqualification, or other cause will be filled for the unexpired portion of the term by the Board of Directors at any regular or special meeting.

Section 6.5    Resignations. Any officer may resign at any time, orally or in writing, by notifying the Board of Directors or the Executive Director of the Corporation. Such resignation will take effect at the time specified and, unless otherwise specified, the acceptance of such resignation will not be necessary to make it effective.

Section 6.6    Executive Director. The Executive Director shall serve as the chief executive officer of the Corporation. The Executive Director shall, subject to the supervision and oversight of the Board of Directors, carry out the day-to-day operations and programs of the

CUBANOS-0000000040

Corporation in accordance with policies and directives approved by the Board of Directors; and perform all other duties customary to that office and shall supervise and control all the affairs of the Corporation in accordance with policies and directives approved by the Board of Directors.

Section 6.7  Board Chair. The Board Chair is responsible for leading the Board of Directors, ensuring compliance with these Bylaws and serving as the direct supervisor of the Executive Director. The Board Chair will preside at meetings of the Board of Directors, will have responsibility for the operations of the Corporation, and will perform all duties incident to the office of Chair and such other duties as may from time to time be assigned by the Board of Directors.

Section 6.8  Treasurer. The Treasurer will review and keep an account of all moneys received and expended for the use of the Corporation; may deposit sums received by the Corporation in the name of the Corporation as authorized by the Board of Directors, and in such depositories as will be approved by the Board of Directors; will make reports of the finances of the Corporation at each annual meeting and when called upon by the Chair; and will perform such other duties as will be directed by the Board of Directors or the Chair.

The funds, books, and vouchers in the hands of the Treasurer will at all times be subject to inspection, supervision, and control of the Board of Directors and the Chair, and, at the expiration of his or her term of office, the Treasurer will turn over to his or her successor in the office all books, moneys, and other properties of the Corporation in his or her possession.

Section 6.9  Secretary. The Secretary will act as Secretary of all meetings of the Board of Directors, and will keep the minutes of each in the Corporation's records     proper book or books to be provided for that purpose; he or she will see that all notices required to be given by the Corporation are duly given and served; he or she will have charge of the other books, records and papers of the Corporation; he or she will authenticate records and see that the reports, statements and other documents required by law are properly kept and filed, and he or she will, in general, perform all duties incident to the office of Secretary and such other duties as may from time to time be assigned to him or her by the Board of Directors or the Chair.

Section 6.10  Removal of Officers. Any Officer may be removed from office at any time, with or without cause, upon a majority vote of all of the Board of Directors. An officer's removal does not affect the officer's contract rights, if any, with the corporation.

### ARTICLE VII. SOLICITATION OF FUNDS, CONTRACTS, CHECKS, DRAFTS, BANK ACCOUNTS, ETC.

Section 7.1  Solicitation of Funds. In order to accomplish the purposes set forth in Article II above, the Corporation, through its Board of Directors, officers and authorized employees, will receive contributions made to the Corporation in accordance with applicable law.

CUBANOS-0000000041

Section 7.2    Execution of Contracts. The Board of Directors, except as otherwise expressly provided in these Bylaws, may authorize any officer or officers, or agents, in the name of and on behalf of the Corporation to enter into any contract or execute and satisfy any instrument, and any such authority may be general or subject to specified conditions or confined to specific instances.

Section 7.3    Checks. All checks, drafts and other orders for payment of money out of the funds of the Corporation, will be signed on behalf of the Corporation in such manner as will from time to time be determined by resolution of the Board of Directors. In the absence of such determination by the Board of Directors, such instruments will be signed by the Treasurer.

Section 7.4    Deposits. The funds of the Corporation not otherwise employed will be deposited from time to time to the order of the Corporation in such banks, trust companies or other depositories as the Board of Directors may select or as may be selected by any one or more officers or agents of the Corporation as delegated by the Board of Directors.

## ARTICLE VIII. COMPENSATION OF OFFICERS AND DIRECTORS

Section 8.1    Compensation of Officers. Salaries or other compensation of the officers may be fixed from time to time by the Board of Directors, provided that such salaries and compensation will not be excessive in amount and will be for services which are reasonable and necessary for performance of the Corporation's purposes.

Section 8.2    Compensation. Directors will not receive any salaries for their services as directors. Nothing contained herein will be construed to preclude any Director from serving the Corporation in any other capacity and receiving compensation in that other capacity. Such fixed sums, expenses, and compensation will not be excessive in amount and the services performed therefore will be reasonable and necessary for the Corporation's purposes.

## ARTICLE IX. FISCAL YEAR

The fiscal year of the Corporation will be the calendar year.

## ARTICLE X. LIABILITY AND INDEMNIFICATION

Section 10.1    Liability. In the absence of fraud or bad faith, the officers and Directors of the Corporation will not be personally liable for its debts, obligations or liabilities.

CUBANOS-0000000042

Docusign Envelope ID: E877072B-0591-49AB-9E5C-339592771384

Section 10.2. <u>Loans to Directors or Officers</u>. No loans shall be made by the Corporation to its Directors or officers.

Section 10.3 <u>Definitions</u>. For the purposes of this Article X:

a. "Agent" means any person who is or was a director, officer, employee, or other agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, or other enterprise, or was a director, officer, employee, or agent of a foreign or domestic corporation which was a predecessor corporation of the Corporation or of another enterprise at the request of such predecessor corporation;

b. "Proceeding" means any threatened, pending, or completed action or proceeding, whether civil, criminal, administrative, or investigative; and

c. "Expenses" includes, without limitation, attorneys' fees and any expenses of establishing a right to indemnification under these Bylaws.

Section 10.4 <u>Indemnification</u>. The Corporation will, to the maximum extent permissible under applicable law, indemnify any person who was or is a party or is threatened to be made a party to any proceeding, by reason of the fact that such person is or was an agent of the Corporation, against expenses, judgments, fines, settlements, and other amounts actually and reasonably incurred in connection with such proceeding if such person acted in good faith and in a manner such person reasonably believed to be in the best interests of the Corporation and, in the case of a criminal proceeding, had no reasonable cause to believe the conduct of such person was unlawful.

The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner which the person reasonably believed to be in the best interests of the Corporation or that the person had reasonable cause to believe that the person's conduct was unlawful.

Section 10.5 <u>Indemnification in Actions by or in the Right of the Corporation</u>. The Corporation will, to the maximum extent permissible under applicable law, indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action by or in the right of the Corporation, to procure a judgment in its favor by reason of the fact that such person is or was an agent of the Corporation, against expenses actually and reasonably incurred by such person in connection with the defense or settlement of such action if such person acted in good faith, in a manner such person believed to be in the best interests of the Corporation, and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances.

CUBANOS-0000000043

No indemnification shall be made under this Section 10.5 in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable to the Corporation in the performance of such person's duty to the Corporation, unless and only to the extent that the court in which such proceeding is or was pending shall determine upon application that, in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for the expenses which such court shall determine.

Section 10.6  Indemnification Against Expenses.  To the extent that an agent of the Corporation has been successful on the merits in defense of any proceeding referred to in Section 10.4 or 10.5 of these Bylaws or in defense of any claim, issue or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection with those expenses.

Section 10.7  Required Determination.  Except as provided in Section 10.5 of these Bylaws, any indemnification under this Article X shall be made by the Corporation only if authorized in the specific case, upon a determination that indemnification of the agent is proper in the circumstances because the agent has met the applicable standard of conduct set forth in Section 10.4 or 10.5 of these Bylaws by:

a. A majority vote of a quorum consisting of directors who are not parties to such proceeding; or

b. The court in which such proceeding is or was pending upon application made by the Corporation or the agent or the attorney or other person rendering services in connection with the defense, whether or not such application by the agent, attorney, or other person is opposed by the Corporation.

Section 10.8  Advance of Expenses.  Expenses incurred by a person seeking indemnification under this Article X in defending any proceeding covered by Article X may be advanced by the Corporation prior to the final disposition of such proceeding upon receipt of an undertaking by or on behalf of the agent to repay such amount unless it shall be determined ultimately that the agent is entitled to be indemnified as authorized in this Article X.

Section 10.9  Other Indemnification.  No provision made by the Corporation to indemnify its or its subsidiary's directors or officers for the defense of any proceeding, whether contained in the Articles, these Bylaws, a resolution of members or directors, an agreement, or otherwise, shall be valid unless consistent with this Article X. Nothing contained in this Article X shall affect any right to indemnification to which persons other than such directors and officers may be entitled by contract or otherwise.

CUBANOS-0000000044

Section 10.10 <u>Forms of Indemnification Not Permitted</u>. No indemnification or advance shall be made under this Article X, except as provided in Section 10.6 or 10.7(b) of these Bylaws, in any circumstances where it appears:

a. That it would be inconsistent with a provision of the Articles, these Bylaws, or an agreement in effect at the time of the accrual of the alleged cause of action asserted in the proceeding in which the expenses were incurred, or other amounts were paid, which prohibits or otherwise limits indemnification; or

b. That it would be inconsistent with any condition expressly imposed by a court in approving a settlement.

Section 10.11 <u>Insurance</u>. The Corporation shall have the power to purchase and maintain insurance on behalf of any agent of the Corporation against any liability asserted against or incurred by the agent in such capacity or arising out of the agent's status as such whether or not the Corporation would have the power to indemnify the agent against such liability under the provisions of this Article X.

## ARTICLE XI. CONFLICTS OF INTEREST

Section 11.1 <u>Purpose</u>. The purpose of the conflict of interest policy is to protect the Corporation's interest when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an officer or director of the Corporation or might result in a possible excess benefit transaction. This policy is intended to supplement but not replace any applicable state and federal laws governing conflict of interest applicable to nonprofit corporations.

Section 11.2 <u>Definitions</u>.

a. Interested Person: Any Director, principal officer, or member of a Corporation with Board-delegated powers who has a direct or indirect financial interest, as defined below, is an interested person.
b. Financial Interest: A person has a financial interest if the person has, directly or indirectly, through business, investment, or family:

  (i) An ownership or investment interest in any entity with which the Corporation has a transaction or arrangement;

  (ii) A compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement; or

  (iii) Is considering an ownership or investment interest in or compensation arrangement with any entity or individual with which the Corporation is negotiating a transaction or arrangement.

CUBANOS-0000000045

Docusign Envelope ID: E87F072B-0591-49AB-9E5C-339592771384

    c. Compensation: Direct and indirect remuneration, including gifts or favors that are not insubstantial.

    d. Conflict of Interest: A conflict between the personal or financial interests and the official or professional responsibilities of a person in a position of trust; however, a financial interest is not necessarily a conflict of interest. A person who has a financial interest may have a conflict of interest only if the appropriate Board or Corporation decides that a conflict of interest exists.

Section 11.3   Procedures.

    a. Duty to Disclose. If an actual or possible conflict of interest arises, an interested person must disclose the existence of the personal or financial interest and be given the opportunity to disclose all material facts to the Directors and other employees or members of the Corporation considering the proposed transaction or arrangement.

    b. Determining Whether a Conflict of Interest Exists. After disclosure of the personal or financial interest and all material facts and after any discussion with the interested person, he or she shall leave the Board or Corporation meeting while the determination of a conflict of interest is discussed and voted upon. The remaining Board or Corporation members shall decide if a conflict of interest exists.

    c. Procedures for Addressing the Conflict of Interest.

        (i) An interested person may make a presentation at the Board or Corporation meeting, but after the presentation, he or she shall leave the meeting during the discussion of and the vote on the transaction or arrangement involving the possible conflict of interest.

        (ii) After exercising due diligence, the Board or Corporation shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.

        (iii) If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board or Corporation shall determine by a majority vote of the disinterested Directors or Corporation members whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

    d. Violations of the Conflicts of Interest Policy.

CUBANOS-0000000046

(i) If the Board or Corporation has reasonable cause to believe a Director or officer has failed to disclose an actual or possible conflict of interest, it shall inform the person of the basis for such belief and afford them an opportunity to explain the alleged failure to disclose.

(ii) If, after hearing the Director or officer's response and after making further investigation as warranted by the circumstances, the Board or Corporation determines the person has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary and corrective action.

Section 11.4   Records of Proceedings.  The minutes of the Board and all Corporations with Board delegated powers shall contain:

a. The names of the persons who disclosed or otherwise were found to have a personal or financial interest in connection with an actual or possible conflict of interest, the nature of the interest, any action taken to determine whether a conflict of interest was present, and the Board's or Corporation's decision as to whether a conflict of interest in fact existed.

b. The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion, including any alternatives to the proposed transaction or arrangement, and a record of any votes taken in connection with the proceedings.

Section 11.5   Compensation.

a. A member of the Board who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to his or her compensation.

b. A member of any Corporation whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to his or her compensation.

c. Any member of the Board or any Corporation whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, may provide information to any Corporation regarding compensation.

## ARTICLE XII.  DISSOLUTION

Section 12.1   The Corporation may be dissolved by a majority vote of the members of the Board of Directors.

CUBANOS-0000000047

Section 12.2   Disposition of Funds.  Upon dissolution of the Corporation, the Board of Directors, after paying or making provision for the payment of all the liabilities of the Corporation, shall dispose of all the assets exclusively for the social welfare purposes of the Corporation purposes Corporation.  In no event shall any of such assets or property be distributed to any member, director or officer, or any private individual.

Section 12.3   The Treasurer will then take such action as is necessary to close the books of the Corporation, file any required closing reports with appropriate authorities, make a final audit, and give such notice as may be then required to interested parties that the Corporation will close its functions on the date so selected by the Board of Directors.

### ARTICLE XIII.  AMENDMENT OF THE BYLAWS

These Bylaws may be amended at any Annual or Special Meeting of the Board of Directors by a two-thirds vote of all Directors then serving as Directors, provided that the proposed amendment has been submitted in writing to the Secretary of the Corporation at least fourteen (14) calendar days before the date of the meeting at which such amendment is to be considered at such meeting and circulated by the Secretary to all of the Directors at least ten (10) calendar days before the date of such meeting.

_DocuSigned by: James Lopez_
A10B5B274381490...
James Lopez, Secretary

7/17/2024
Date

CUBANOS-0000000048