**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:24-cv-21983-JB/Torres**

CUBANOS PA'LANTE, *et al.*,

     *Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES,
*et al.*,

     *Defendants*.

_____/

**DEFENDANT SECRETARY OF STATE'S RESPONSE TO ORDER**
**REQUIRING SUPPLEMENTAL BRIEFING (DOC.211)**

This Court asked for supplemental briefing on the impact on this case, if any, of the passage of a new congressional plan and the U.S. Supreme Court's decision in *Louisiana v. Callais*, Nos. 24-109 & 24-110 (U.S. Apr. 29, 2026). The Secretary's position is this: Plaintiffs' case got even harder when it comes to the 2022 version of Congressional District 26.

*First*, as an initial matter, the Secretary maintains that Plaintiffs lack standing to sue. Establishing standing in a redistricting case is easy. Plaintiffs need to produce testimony from a voter who resides in the challenged district *and* testimony that the voter intends to vote in future elections in that district. They failed to do the latter for any of the challenged districts. Doc.206 at 24-25. They also failed to provide evidence of a Plaintiff living in Congressional District 26 or House District 119. Doc.206 at 25-26. This lack of standing should end the matter.

*Second*, the race-neutral 2026 Congressional Plan also makes Plaintiffs' challenge to the 2022 version of Congressional District 26 moot. "Mootness concerns whether 'events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief.'" *Aim Immunotech, Inc. v. Tudor*, No. 23-13576, 2025 U.S. App. LEXIS 7566, at *5 (11th Cir. Apr. 1, 2025) (quoting *Schultz v. State*, 42 F.4th 1298, 1319 (11th Cir. 2022)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting

*Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Or, as the Eleventh Circuit put it, "a moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (quoting *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004)).

The claim concerning former Congressional District 26 is now moot because passage of the new, race-neutral congressional map has done away with that former district. Plaintiffs can't challenge the alleged race-based sorting of voters in a district that no longer exists, particularly when it and the surrounding districts in South Florida were replaced with a race-neutral plan.

*Third*, given Plaintiffs' failure to establish standing, the U.S. Supreme Court's decision in *Callais* shouldn't influence any remaining claims concerning the House Districts.

Dated: May 18, 2026

Respectfully submitted by:

Ashley E. Davis (FBN 48032)
 GENERAL COUNSEL
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6531
ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Florida Secretary of State*

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of

Court by using CM/ECF, which automatically serves all counsel of record for the parties who have

appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil