**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21983-JB**

**CUBANOS PA'LANTE,** *et al.*,

     Plaintiff,

v.                                             **THREE-JUDGE COURT**

**FLORIDA HOUSE OF REPRESENTATIVES,** *et al.*,

     Defendant.

_____/

## CERTIFICATION ORDER PURSUANT TO FED. R. CIV. P. 54(b)

In accordance with the Court's Memorandum Opinion, Findings of Fact, and Conclusions of Law (ECF No. 226) and our previous Order Granting in Part and Denying in Part Motion for Summary Judgment (ECF No. 148), and pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby certifies the Partial Final Judgment (ECF No. 227) as a final judgment and determines that there is no just reason to delay any appeal.

Certification under Rule 54(b) requires a two-step process. *First*, we must determine that the partial final judgment is, in fact, both "final" and a "judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). The judgment here qualifies because it is "an ultimate disposition" of several of the claims entered in the course of a multiple claims action (making it final) and because it is "a decision upon a cognizable claim for relief" (making it a judgment). *Id.* Plaintiffs had cognizable claims for relief against the alleged racial gerrymandering of House Districts 112, 113, 114, 115, 116, 118, and 119, and our partial final judgment—in accordance with our rulings in favor of Defendants at summary judgment and after trial—disposes of those claims entirely.

*Second*, having found that the partial final judgment is a final judgment, we must also determine that there is "no just reason for delay," taking into account "judicial administrative interests as well as the equities involved." *Id.* at 8. "Consideration of the former factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals," while the "latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir. 1997) (internal quotations and citations omitted). We may consider case-specific circumstances, including: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *overruled in part by Curtiss-Wright*, 446 U.S. 1.

Here, there is no just reason for delay. The claims we grant partial final judgment on all deal with State House Districts, while the remaining claims involve Congressional Districts. And because future developments in this Court will relate only to the challenged Congressional Districts, there is no danger that those developments will moot the need for review with respect to the claims against the challenged State House Districts. Nor is there any possibility that those claims will be the subject of recurrent appellate review. Finally, there are no

counterclaims, and the interests of judicial economy support certification for immediate appeal, particularly in light of the upcoming elections in Florida.

Accordingly, certification of the Partial Final Judgment in favor of Defendants as a final judgment is just and appropriate, and that judgment disposes of all claims regarding the challenged State House Districts.

**STATUS OF REMAINING CLAIMS**

The remaining claims in this case concern three of Florida's Congressional Districts. Plaintiffs had cognizable claims for relief against the alleged racial gerrymandering of those districts as well.  We previously dismissed the claims challenging Congressional Districts 27 and 28.  *See* ECF No. 88 at 19–20.  The claim challenging Congressional District 26 survived summary judgment and went to trial.  *See* ECF No. 148 at 20.  After trial was complete, however, Florida replaced the challenged Congressional Districts with a new map, although ongoing state court litigation makes it possible that the old map will be reinstated.  For that reason, we hold the claim challenging Congressional District 26 in abeyance at this time.  *See* ECF No. 226 at 49–50.

**DONE AND ORDERED** in Miami, Florida, this 6th day of August, 2026.

**BRITT C. GRANT**
**UNITED STATES CIRCUIT JUDGE**

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**