**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-21983-JB**

CUBANOS PA'LANTE, *et al.*,

Plaintiffs,

v.

FLORIDA HOUSE OF REPRESENTATIVES
and CORD BYRD, in his official capacity as
Florida Secretary of State,

Defendants.
_______________________________________/

**DEFENDANT FLORIDA HOUSE OF REPRESENTATIVES'**
**MOTION TO TAX COSTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Florida House of Representatives (the "House"), pursuant to Federal Rule of Civil Procedure 54(d), Southern District of Florida Local Rule 7.3(c), and 28 U.S.C. § 1920, moves for a judgment taxing costs against Plaintiffs. The House is the prevailing party in this action and is entitled to an award of taxable costs as a matter of law. The House's Bill of Costs and accompanying invoices were filed at D.E. 233 and D.E. 233-1.[1] In sum, of the $55,723.23 in costs sought by the House, Plaintiffs object to taxation of the following costs:

- $2,910.00 for transcripts of legislative proceedings.
- $2,499.50 for transcripts of legislative proceedings.
- $11,794.46 for copying of trial exhibits.

Notwithstanding Plaintiffs' objection, the House respectfully requests this Court to tax costs against Plaintiffs in the amount of $55,723.23, plus post-judgment interest, because all of the costs were reasonably necessary for the House's successful defense against Plaintiffs' claims.

[1] The parties conferred in an effort to resolve the issues addressed herein but have been unable to reach an amicable resolution.

## INTRODUCTION

Plaintiffs challenged eleven districts—House Districts 112, 113, 114, 115, 116, 118, and 119 and Congressional Districts 19, 26, 27, and 28—as racially gerrymandered in violation of the Equal Protection Clause. [D.E. 1 at 36]. Plaintiffs dropped their challenge to one district after the House moved to dismiss. [D.E. 31 at 36]. The Court dismissed Plaintiffs' challenges to two districts [D.E. 20 at 19] and granted summary judgment as to four more [D.E. 148 at 19]. Finally, on August 6, 2026, this Court entered final judgment in favor of the House regarding House Districts 115, 118, and 119, finding that "each . . . was drawn in accordance with traditional race-neutral criteria." [D.E. 226 at 54]. The Court held in abeyance its decision regarding Congressional District 26 pending further developments in state-court litigation over a new map that, effective May 4, 2026, repealed the map that contained the challenged district. [*Id.* at 53–54]; *see* H.B. 1D, 1st Spec. Sess. (Fla. 2026), https://www.flhouse.gov/Sections/Bills/billsdetail.aspx?BillId=84427 [https://perma.cc/TU7MQ GHM].

For the reasons that follow, this Court should tax costs in favor of the House in the amount of $55,723.23, plus post-judgment interest.

## ARGUMENT

### I. Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party." *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321 (S.D. Fla. 2015) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), and *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Ordinarily, the party in whose favor judgment is entered is the "prevailing

party." *Chiever v. R.J. Schor, Inc.*, No. 08-60461-CIV-ZLOCH, 2008 WL 4097795, at *1 (S.D. Fla. Sep. 2, 2008); *see also Leon v. Atlass Sys. Inc.*, No. 15-24428, 2016 WL 1692107, at *1 (S.D. Fla. Apr. 19, 2016) (noting that the "prevailing party" is the "party in whose favor judgment is rendered").

Costs under Rule 54(d) are limited by the parameters of 28 U.S.C. § 1920. *Moise v. Credit Control Servs., Inc.*, No. 11-60026-CIV, 2012 WL 7996939, at *4 (S.D. Fla. Aug. 3, 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)), *report and recommendation adopted*, 2012 WL 7997538 (S.D. Fla. Aug. 12, 2012). That statute permits the following items to be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, the House seeks $55,723.23 in costs as follows: (1) $43,798.77 for court reporter charges for transcripts and appearance fees relating to depositions, legislative proceedings, hearings, and trial; (2) $11,794.46 for printing of exhibits and demonstratives for use at trial; and (3) $130 for process server fees for deposition subpoenas.

## II. The House is the Prevailing Party.

Here, the House is the prevailing party, as the Court entered a partial final judgment "in favor of the defendants and against the plaintiffs as to all of the challenged House Districts" and certified that judgment as final pursuant to Rule 54(d). *Bueno v. Univ. of Miami*, No. 22-cv-22831-SCOLA/REID,

2023 WL 8097023, at *4 (S.D. Fla. Nov. 3, 2023) ("Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment."); *Wells v. Xpedx*, No. 8:05-cv-02193-T-EAJ, 2007 WL 4206684, at *4 (M.D. Fla. Nov. 27, 2007) (finding that "the granting of summary judgment in favor of Defendant on the majority of Plaintiff's claims renders Defendant the prevailing party for purposes of imposing costs"). Nothing in the plain language of Rule 54(d) excludes partial final judgments certified under Rule 54(b). *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that a partial judgment is a final judgment if "the district court properly certifies [the judgment] as 'final' under Rule 54(b)" (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir.2007))); *McWilliams v. ECN U.S. Holdings Corp.*, No. 23-CV-80038-AMC/BER, 2023 WL 5611909, at *1–2 (S.D. Fla. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 5608006 (S.D. Fla. Aug. 30, 2023) (granting taxable costs with partial final judgment).

As the prevailing party, the House is entitled to an award of its taxable costs. *See, e.g.*, *Health First, Inc. v. Hynes*, No. 6:11-CV-715-ORL-41KRS, 2015 WL 12977509, at *5 (M.D. Fla. Mar. 5, 2015) (noting that the "prevailing party" is entitled to "recover its taxable costs pursuant to Rule 54(d) and § 1920"), *aff'd*, 628 F. App'x 723 (11th Cir. 2016); *Ayala v. Sheriff of Broward Cnty.*, No. 12-61933-CIV, 2014 WL 12616162, at *1 (S.D. Fla. Sep. 16, 2014) (awarding taxable costs to the defendant as the prevailing party).

## III. The Court Should Award the Following Taxable Costs.

### a. Transcript Fees

The House seeks $43,798.77 for court reporter charges for depositions, hearings, trial, and legislative proceedings. "Cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were 'necessarily obtained for use in the case.'" *Toste v. Beach Club at Fontainebleau Condo. Ass'n, Inc.*, No. 1:20-cv-23771-KMM, 2026 WL 950546, at *18 (S.D. Fla. Mar. 2, 2026) (quoting *EEOC v. W & O, Inc.,* 213 F.3d 600, 620–21 (11th Cir. 2000)). "In determining the necessity of a deposition,

the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (quoting *W & O, Inc.,* 213 F.3d at 620–21. Court reporter appearance fees are properly taxable as costs. *Berrios v. Univ. of Miami*, No. 11-22586-CV, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012), *report and recommendation adopted*, 2012 WL 7008241 (S.D. Fla. Dec. 19, 2012).

The House deposed the named Plaintiffs in this action, as well as Plaintiffs' expert witnesses. The House also ordered transcripts of the depositions of Representatives Anna Eskamani and Fentrice Driskell, who were disclosed on Plaintiff's initial disclosures; Plaintiffs' depositions of Defendants' expert witnesses; the map-drawer, Jason Poreda; and Xavier Pichs, corporate representative of the Office of the Miami-Dade Supervisor of Elections.

The House also ordered transcripts of the trial,[2] including daily rough drafts, and of court hearings that were necessary for defense counsel's preparation of the case and trial. *See Covington v. Ariz. Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011) (taxing hearing transcripts because they were "necessary to rebut the plaintiff's arguments" and contained statements used in subsequent proceedings), *report and recommendation adopted*, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, No. 5:97-CV-15, 2001 WL 862642, at *2 (M.D. Fla. May 4, 2001) (finding transcripts of pretrial and discovery hearings reasonably necessary and taxable).

The House also ordered transcripts of the relevant legislative proceedings. In each of their complaints, Plaintiffs relied heavily on statements made by legislators and legislative staff in committee meetings and on the floor during the legislative redistricting process. [*See, e.g.*, D.E. 1 at 3–4, 11–16,

---

[2] Plaintiffs reimbursed the House for a portion of this cost previously ($4,320.26). *See* Ex. 2 at 39 (final page). The House seeks only the remaining portion of the invoice for the final trial transcripts ($4,252.24).

20–27, 29–30, 33–35]. Plaintiffs likewise transcribed the legislative proceedings and submitted more than 16 transcripts of legislative proceedings to the Court in opposition to summary judgment. [*See* D.E. 126-1 to 126-15]. The parties debated the import and consequence of statements in the legislative record throughout their summary-judgment papers [*see*, *e.g.*, D.E. 127 at 1–2, 5–12; D.E. 131 at 1–5], as Plaintiffs insisted that "statements of key legislators and staff undoubtedly show . . . that the use of race crossed the threshold from mere 'consciousness' to 'predominance,'" [D.E. 131 at 5]. In its order on the House's motion to dismiss, this Court recognized that direct evidence in the form of statements made by participants in the legislative redistricting process can be relevant evidence. [D.E. 88 at 8–9]. The parties then included 43 transcripts of legislative proceedings on their joint exhibit list, introduced those exhibits into evidence at trial, and relied on those exhibits in their post-trial briefs. [D.E. 172-1 at 3–4; D.E. 207 at 6, 13–15, 32–33; D.E. 208 at 7–8, 12–13, 17, 19, 23–28, 30–31, 33–37, 41–45]. Clearly, these transcripts were necessarily obtained for use in the House's defense against Plaintiffs' claims.

**b. Costs for Copies**

The House seeks $11,794.46 in copy-related charges needed for trial. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the court's consideration are recoverable." *Lucibella v. Ermeri,* No. 9:20-cv-82156, 2025 WL 4676022, at *7 (S.D. Fla. Oct. 1, 2025). Copy costs may be taxed when accompanied by "backup documentation." *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 WL 7513237, at *6 (S.D. Fla. May 31, 2017), *report and recommendation adopted*, 2017 WL 7411187 (S.D. Fla. July 24, 2017). "This does not require . . . an accounting for each photocopy because that would make it impossible economically to recover these expenses." *Maag v. Silversea Cruises, Ltd.*, No. 18-21535-CIV, 2019 WL 3024130, at *3 (S.D. Fla. July 10, 2019).

At House counsel's request, Minit Print, a print shop in Miami, printed the large, poster-sized maps that Defendants' counsel displayed at trial. Minit Print also printed ten letter-size copies of the maps on the Joint Exhibit List [D.E. 172-1] and Defendants' Exhibit List [D.E. 172-3]—specifically, Defendants' Exhibits 1 through 36 and Joint Exhibits 1 through 9—and one letter-size copy of each of the remaining exhibits on the Joint Exhibit List [D.E. 172-1] and Defendants' Exhibit List [D.E. 172-3]. These copies of maps for display or for counsel's reference at trial were necessarily obtained for use in the House's defense.

Plaintiffs' objections are unpersuasive, as the copy-related charges were incurred for purposes of printing and binding trial exhibits and printing demonstrative maps used in open Court. Therefore, these costs should be taxed against Plaintiffs.

**c. Process Server Fees for Subpoenas**

Fees paid to private process servers are taxable to the extent they do not exceed the Marshal's fees authorized by 28 U.S.C. § 1921. 28 U.S.C. § 1920(1); *Beach-Mathura v. Am. Airlines*, *Inc.*, 571 F. App'x 810, 812–14 (11th Cir. 2014); *U.S. EEOC v. W&O*, *Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The House seeks $130 for the service of two subpoenas ($65 per subpoena) in this action—one for former Senator Annette Taddeo and the other for Plaintiffs' counsel, Nicholas Warren.

These costs were reasonable and necessary in the preparation of the House's defense. Ms. Taddeo was called as a witness at trial [D.E. 226 at 29], and Mr. Warren was reasonably anticipated to be a witness prior to the parties' entering a stipulation that rendered discovery from Mr. Warren unnecessary. Where fees paid to private process servers exceeded the Marshal's authorized fee, the House has limited its request to $65.00 per subpoena, which is the Marshal's fee for one hour. *See* 28 U.S.C. § 1921(a); 28 C.F.R. § 0.114(a)(3).

## IV. The House is entitled to post-judgment interest.

As set forth in the Bill of Costs filed at D.E. 233, the House incurred $55,723.23 in taxable costs. All of these costs were reasonably necessary for the House's successful defense against Plaintiffs' claims. The House seeks post-judgment interest on these costs, calculated from the date of the entry of the Partial Final Judgment (August 6, 2026). A prevailing party is entitled to post-judgment interest on taxable costs, calculated from the date the final judgment is entered. *Joseph v. Nichell's Caribbean Cuisine*, *Inc.*, 950 F. Supp. 2d 1254, 1260 (S.D. Fla. 2013) (citing 28 U.S.C. § 1961; *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994); and *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988)). The post-judgment interest rate is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Here, the applicable interest rate is 4.08%.[3]

## CONCLUSION

The House respectfully requests this Court to tax costs against Plaintiffs in the amount of $55,723.23, plus post-judgment interest.

## CERTIFICATE OF CONFERRAL

I certify that I conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in the motion and have been unable to reach a complete resolution. Plaintiffs object to taxation of the following costs:

- $2,910.00 for transcripts of legislative proceedings.
- $2,499.50 for transcripts of legislative proceedings.
- $11,794.46 for copying of trial exhibits.

Otherwise, Plaintiffs do not object to the relief requested herein.

---

[3] www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15/H15/RIFLGFCY01_N.WF (last accessed Sept. 1, 2026).

Dated: September 25, 2026

Respectfully submitted,

/s/ *Andy Bardos*
Andy Bardos (FBN 822671)
abardos@shutts.com
SHUTTS & BOWEN LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Telephone: 850-201-6269

Christopher M. Kise (FBN 855545)
ckise@continentalpllc.com
CONTINENTAL PLLC
215 South Monroe Street, Suite 750
Tallahassee, Florida 32301
Telephone: 850-270-2211

Jesus M. Suarez (FBN 60086)
jsuarez@continentalpllc.com
Jennifer Marie Hernandez (FBN 1018836)
jhernandez@continentalpllc.com
CONTINENTAL PLLC
245 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: 305-677-2707

*Attorneys for Defendant Florida House of Representatives*