**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:24-cv-21983-JB/Torres**

CUBANOS PA'LANTE, et al.,

*Plaintiffs*,

v.

FLORIDA HOUSE OF REPRESENTATIVES, et al.,

*Defendants*.
________________________________________/

**MEMORANDUM IN SUPPORT OF SECRETARY OF STATE'S BILL OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Southern District of Florida Local Rule 7.3(c), Secretary of State Cord Byrd provides this memorandum in support of his bill of costs. "Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute." *Berkley Ins. Co. v. Suffolk Constr. Co.*, No. 19-23059-CIV, 2025 WL 1191107, at *2 (S.D. Fla. Mar. 17, 2025). "A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920." *Id.* (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

The Secretary filed his bill of costs earlier today. Doc.235. The following chart outlines the costs for which the Secretary is seeking reimbursement:

| Type of Costs | Cost Amount | Notes |
|---|---|---|
| Discovery Subpoena Costs | $65.00 | Private process server used to obtain discovery from Annette Taddeo |
| Deposition Costs | $4,845.35 | Depositions of Anna Eskamani, Diana Belbruno, Fentrice Driskell, Carolyn Abott, Annette Taddeo, and Maria Matthews |

| | | |
|---|---|---|
| Trial Witness Costs | $40.00 | Dr. Sean Trende attended one trial day |
| **Total** | **$4,950.35** | |

Attached to this motion is an affidavit from Kayla Gordon, the records custodian for the Secretary's defense team, who provides greater detail of the costs. *See* **Attachment 1**.

Costs incurred for discovery subpoenas, depositions, and trial witnesses are authorized under Rule 54(d)(1). These costs can, and should, be awarded.

**Discovery Subpoena Costs ($65.00).** The costs the Secretary incurred for service of process in this case are recoverable. "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Private process server costs are recoverable so long as they "do not exceed the statutory fees authorized in § 1921." *Id.* 28 U.S.C. § 1921(b) provides that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected" by the United States Marshals Service. "For process served or executed personally," the current fees are "$65 per hour (or portion thereof) for each item served," "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3); *see also Berkley Ins. Co.*, 2025 WL 1191107, at *3 ("Generally, if completed by a private process server, these costs are recoverable at the U.S. Marshal rate of $65.00 per hour.").

The Secretary seeks discovery subpoena costs for service of process on former Senator Annette Taddeo. It was necessary to obtain discovery from Senator Taddeo given her knowledge of the challenged redistricting in the Senate. Senator Taddeo was served with a deposition subpoena, and Defendants deposed Senator Taddeo on July 1, 2025. Senator Taddeo was listed by Plaintiffs as a witness and provided testimony at trial on January 13, 2026. *See* Docs.150, 168, 172, 184, 200 at 233:1-262:12. Accordingly, these discovery subpoena costs should be recovered by the Secretary.

**Deposition Costs ($4,845.35).** The costs the Secretary incurred for deposition transcripts and court reporter appearances are recoverable. "Taxation of deposition costs is authorized by § 1920(2)." *W&O*, 213 F.3d at 620 (citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" *Id.* at 620-21 (quoting *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981)). The Eleventh Circuit has held that deposition costs may be recovered "where the losing party listed the deponent on its witness list." *Id.* at 621 (citing *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985)). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable," since "the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Id.* (citation and quotation omitted); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1224-25 (11th Cir. 2002). Furthermore, while it is "not necessary to use a deposition at trial for it to be taxable," "admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *W&O*, 213 F.3d at 621 (citing *Kolesar*, 313 F.2d at 840).

The Secretary seeks costs for the deposition transcripts of Representative Anna Eskamani, Ms. Diana Belbruno, Representative Fentrice Driskell, Dr. Carolyn Abott, former Senator Annette Taddeo, and Ms. Maria Matthews. Representative Eskamani, Ms. Belbruno, Representative Driskell, Dr. Abott, and Senator Taddeo were all listed by Plaintiffs as witnesses. *See* Docs.150, 158, 168, 172, 184. Representative Driskell, Dr. Abott, and Senator Taddeo testified at trial. *See* Doc.200 at 138:8-231:19, 233:1-262:12; Doc.201 at 6:12-51:5. The deposition transcripts for Dr.

Abott and Representative Driskell were used at trial. *See, e.g.*, Docs.200 at 183:18-184:19, 201 at 47:22-49:11.

The Secretary can also recover costs for court reporter appearances for these depositions. *See Rivera v. Royal Caribbean Cruises Ltd.*, No. 15-24173-CV, 2017 WL 11220672, at *3 (S.D. Fla. Apr. 4, 2017), *report and recommendation adopted*, No. 15-24173-CIV, 2017 WL 11220676 (S.D. Fla. Apr. 21, 2017) ("As a general matter, the appearance fees of the court reporters are directly related to transcript preparation, and are deemed recoverable." (citing *Berrios v. Univ. of Mia.*, No. 11-22586-CV, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012))); *E.E.O.C. v. Doherty Grp., Inc.*, No. 14-CV-81184, 2020 WL 8181630, at *3 (S.D. Fla. Dec. 29, 2020), *report and recommendation adopted sub nom. E.E.O.C. v. Doherty Enters., Inc.*, No. 9:14-CV-81184, 2021 WL 148734 (S.D. Fla. Jan. 15, 2021) ("[M]any courts in this district have held that court reporter attendance fees are taxable as costs." (quoting *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018))). The Secretary incurred court reporter costs for the depositions of Representative Eskamani, Representative Driskell, and Senator Taddeo.

Although Ms. Matthews was not listed by Plaintiffs as a witness and did not testify at trial, she was the Florida Department of State's Rule 30(b)(6) witness. Plaintiffs deposed Ms. Matthews as the representative of the Department of State on July 14, 2025. As such, the costs for the transcript of Ms. Matthews' deposition are recoverable. *See Cardona v. Mason & Dixon Lines, Inc.*, No. 16-22704-CIV, 2018 WL 369160, at *4-5 (S.D. Fla. Jan. 10, 2018) (awarding transcript costs for the depositions of two Rule 30(b)(6) witnesses that were not used at trial). The recoverable costs include the exhibits attached to the deposition transcript that help put Ms. Matthews's testimony into the necessary and appropriate context. *See Johnson v. Russell Invs. Tr. Co.*, No. 22-

21735-CIV, 2025 WL 928853, at *2 (S.D. Fla. Mar. 27, 2025) ("[I]t would seem to the Court that the exhibits introduced during the depositions, by Johnson—the deposing, non-prevailing party—would be essential components of creating an accurate record of the deposition testimony." (citing *Walker v. Life Ins. Co. of N. Am.*, No. 5:16-CV-00506, 2024 WL 872279, at *6 (N.D. Ala. Feb. 29, 2024))); *Cardona*, 2018 WL 369160, at *5 ("Additionally, the Court will allow the defendants to recover for the costs of the corresponding exhibits. The Court finds that they were necessary for counsel's preparation in this case."). The exhibits (fourteen in total) were needed for a full understanding of the deposition.

**Trial Witness Costs ($40.00).** The costs the Secretary incurred for witnesses at trial are recoverable. 28 U.S.C. § 1821(b) provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." The Secretary called one witness at trial: Dr. Sean Trende. Dr. Trende was the Secretary's expert witness who testified on the last day of trial (January 15, 2026). *See* Doc.202 at 39:10-112:23. Accordingly, these witness costs should be recovered by the Secretary.

In conclusion, the Secretary respectfully requests this Court to award him $4,950.35 in prevailing party costs.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Southern District of Florida Local Rules 7.1(a)(3) and 7.3(c), I certify that the Secretary's counsel conferred with Plaintiffs' counsel in a good faith effort to resolve the items of costs being sought. Plaintiffs object to the Secretary's costs to the extent they were spent on the congressional claim.

Respectfully submitted,

Dated: September 28, 2026

Ashley E. Davis (FBN 48032)
General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6531
ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Florida Secretary of State*

## LOCAL RULE 7.3(c) CERTIFICATION

In compliance with Southern District of Florida Local Rule 7.3(c), the undersigned certifies that the foregoing memorandum does not exceed ten pages.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil