**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-21983-JB

CUBANOS PA'LANTE, *et al.*,

*Plaintiffs*,

v.

FLORIDA HOUSE OF
REPRESENTATIVES, *et al.*,

*Defendants*.
______________________________/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' BILLS OF COSTS AND MOTIONS FOR TAXATION OF COSTS**

Plaintiffs file this consolidated response to the Defendants' respective Bills of Costs and Motions to Tax Costs. ECF Nos. 233–236. Plaintiffs oppose only the portions of Defendants' claimed costs that are non-taxable in the Eleventh Circuit, that relate solely to the Plaintiffs' congressional district challenge (for which no judgment has issued), or that Defendants do not show they necessarily incurred for use in this case.

Plaintiffs object to $20,604.36 of the House's asserted costs: (1) $11,794.46 of copying costs for trial exhibits that are not taxable in the Eleventh Circuit; (2) $595.20 for the deposition of Plaintiff Diana Belbruno, who asserts only the congressional claim currently held in abeyance; (3) $1,304.00 for the deposition and subpoena of State Senator Annette Taddeo, who had knowledge of only the congressional map's development; (4) $5,409.50 of transcription costs for dozens of legislative and committee hearing transcripts that lack any itemization, most of which pertain only to the Congressional district, and were already in the House's possession at the time they were ordered; and (5) $1,501.20 in extraneous costs for unnecessary bonus deposition-related services. Of the Secretary's asserted costs, Plaintiffs dispute $1,255.30: (1) $465.30 for Ms. Belbruno's deposition transcript; and (2) $790.00 for Senator Taddeo's deposition and subpoena.

**LEGAL STANDARD**

Under Rule 54, prevailing parties are entitled to certain costs. The prevailing party on a claim is the "party in whose favor judgment is rendered by the Court." *Util. Automation 200, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (cleaned up). The

Court may only tax costs as authorized by statute. *EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The scope of authorized costs under § 1920 should be construed narrowly, *see West v. Zacharzewski*, No. 18-cv-14156, 2019 WL 2567665, at *1 (S.D. Fla. May 29, 2019), and the movant has the burden to show that the transcripts or copies for which it seeks to recover costs were "necessarily obtained for use in the case." *Bates v. U.S. Gen. Servs. Admin.*, 695 F. App'x 429, 435 (11th Cir. 2017). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O Inc.*, 213 F.3d at 620 (quotation omitted). The decision "whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013).

## ARGUMENT

### I. Trial exhibits are excluded from taxable printing costs.

According to the House, the entirety of the $11,794.46 invoice from Minit Print represents "printings of exhibits and demonstratives for use at trial" and more specifically "large, poster-sized maps" and "ten letter-size copies of the maps" used by Defendants' counsel at trial. ECF No. 234 at 3, 6–7; *see also* ECF No. 233-1 at 37.

Exhibit printing costs are not taxable in the Eleventh Circuit. *W&O Inc.*, 213 F.3d at 622–23 (11th Cir. 2000) ("[E]xhibit costs are not taxable because there is no statutory authorization."); *accord Bluegreen Vacations Unlim., Inc. v. Timeshare Lawyers, P.A.*, No. 20-cv-24681, 2024 WL 2749298, at *5 (S.D. Fla. May 8, 2024), *report & recommendation adopted*, 2024 WL 2747112 (S.D. Fla. May 29, 2024); *Bloch v. Beard Marine Air Cond. & Refrig., Inc.*, No. 18-cv-61821, 2020 WL 13555254, at *3 (S.D. Fla. Feb. 6, 2020). As such, the $11,794.46 in printing costs for trial exhibits and demonstratives are not taxable.

### II. Deposition and subpoena costs pertaining only to the congressional claim are not taxable at this time.

No party has prevailed on Count I, Plaintiffs' challenge to the congressional map. That claim remains in abeyance. The costs pertaining to the congressional claim cannot be taxed (to either side) until that claim is resolved.

The party seeking costs bears the burden of proving entitlement to those costs. *McDonald v. Hunter Warfield, Inc.*, No. 3:20-cv-971-MMH-LLL, 2022 WL 1095027, at *7 (M.D. Fla. Jan. 24, 2022) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). "The Eleventh Circuit has held that in order to be a prevailing party, there must be adjudication *on the merits* of the claim

at issue." *Larkon Grp. Servs., LLC v. Boardwalk Regency Corp.*, No. 13-cv-80149-RYSKAMP, 2014 WL 12603177, at *1 (S.D. Fla. June 23, 2014) (emphasis in original); *see also Tradespot Mkts. Inc. v. ICARO Media Grp. Inc.*, No. 21-cv-62295-RUIZ/STRAUSS, 2022 WL 5198661, at *2 (S.D. Fla. Sept. 12, 2022) ("[T]here must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed.") (quotation omitted). Courts in the Eleventh Circuit are sensitive to awarding costs when live issues remain that will affect determination of the prevailing party. *See Primer Prop. & Cas. Ins. Co. v. Kepali Grp., Inc.*, No. 21-cv-81787, 2023 WL 8873596, at *4 (S.D. Fla. Dec. 22, 2023); *Fernau v. Enchante Beauty Prods., Inc.*, No. 18-cv-20866, 2020 WL 9459137, at *1 (S.D. Fla. July 31, 2020); *Baggs v. City of S. Pasadena*, 958 F. Supp. 586, 588 (M.D. Fla. 1997); *see also Va. Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (W.D. Va. 1995), *aff'd*, 133 F.3d 860 (Fed. Cir. 1997).

Here, both the House and Secretary seek costs related solely to the congressional claim held in abeyance, on which no party has yet received judgment. The House seeks $595.20 in costs for Plaintiff Diana Belbruno's deposition transcript and the court reporter's appearance fee, but Ms. Belbruno challenged only the congressional map, not the State House districts for which Defendants received judgment. ECF No. 233-1 at 9, 12. The Secretary similarly seeks $465.30 for transcript costs related to Ms. Belbruno. ECF No. 235 at 7. This Court should therefore exclude those costs.

Likewise, the Court should exclude the costs Defendants seek related to the deposition and subpoenaing of State Senator Annette Taddeo. The House seeks $65.00 for a subpoena and $1,239.00 for deposition costs. ECF No. 233-1 at 7–8, 31. The Secretary seeks $65.00 for a subpoena and $725.00 for deposition costs. ECF No. 235 at 3–5, 10. But Defendants have consistently maintained throughout this case that the Florida Senate played no role in developing the State House plan challenged here, and Plaintiffs called Senator Taddeo at trial solely to testify to the development of the *congressional* plan. *See* Day 2 Trial Tr. 257:21–258:2; Day 3 Trial Tr. 55:20–56:1. Defendants' discovery into Senator Taddeo therefore was not "necessarily obtained" for use in Plaintiffs' challenge to the State House districts, for which they have received judgment. *See W&O Inc.*, 213 F.3d at 620.

### III. Transcripts of legislative proceedings are not taxable because many of them relate only to the congressional claim, and the House has not shown that all of them were "necessarily obtained for use in the case."

The House seeks costs of $5,409.50 for transcripts of legislative proceedings. ECF No.

233-1 at 2, 4. The House points to the fact that "the parties [] included 43 transcripts of legislative proceedings on their joint exhibit list," so "[c]learly, these transcripts were necessarily obtained for use in the House's defense against Plaintiffs' claims." ECF No. 234 at 6. But the vast majority of those transcripts relate exclusively to Plaintiffs' congressional claim. Of the 43 joint exhibit transcripts, 31 were meetings of the House Congressional Redistricting Subcommittee, meetings of the Senate which the House agrees "played no role" in developing the State House plan, or other meetings at which only congressional redistricting was considered, of which 13 took place *after* the Legislature adopted the State House plan altogether.[1] The House cannot recover costs for ordering these transcripts, which relate to a claim for which the Court has not issued judgment.

Furthermore, the House already had transcripts of many of these meetings in its possession or available to it before it ordered the transcripts for which it now seeks costs. The two invoices the House submits are dated July 1, 2024 and March 10, 2025. But in 2023, the House received transcripts of at least 12 legislative proceedings in *Common Cause v. Byrd*, the challenge to congressional districts filed in the Northern District. These transcripts—ordered by the parties in *Common Cause*—were the versions submitted as joint exhibits in this case.[2] Additionally, the Florida Senate created transcripts of many (if not all) of its redistricting proceedings during the redistricting process itself; 10 of those transcripts were exchanged in discovery in this very case.

Finally, by the time of the House's second invoice (March 10, 2025), the Plaintiffs had themselves ordered and produced transcripts of 31 legislative proceedings that had not been transcribed for *Common Cause*.[3] All of these transcripts (paid for by Plaintiffs) were included on the joint exhibit list. The House certainly cannot say that any duplicate transcripts of *those* proceedings—proceedings for which it had already received transcripts in discovery in this case—were "necessarily obtained for use in the case."[4]

---

[1] These are the meetings corresponding to Joint Exhibits 58, 61, 63, 66, 68, and 81–101.

[2] These are Joint Exhibits 72, 77, 78, 81–85, 87, 97, 98, and 101.

[3] These are Joint Exhibits 57–69, 73–76, 79–80, 86, 88–96, and 99–100.

[4] Unlike the July 1, 2024 non-itemized invoice for "House and Senate Committee Meetings," the March 10, 2025 invoice for "Audio Transcription" includes unexplained fees and surcharges that appear to reflect a $200.00 court reporter's attendance fee, a $164.25 media or tech surcharge, and two charges for "Original" and "Original – Transcription" for $985.50 and $1,149.75, respectively. "Defendant has not explained the meaning of these charges or their necessity," and cannot recover them. *Lankhorst v. Indep. Sav. Plan Co.*, No. 3:11-cv-390-MMH-JK, 2015 WL 5724369, at *7 (M.D. Fla. Sept. 28, 2015).

The House cannot recover the cost of transcribing proceedings for which it already had transcripts (or already had access to publicly available transcripts). If the House seeks to recoup the cost of transcribing meetings which were already transcribed for *Common Cause*, by Plaintiffs, or by the Senate, those transcripts were not "necessarily obtained for use in the case" and the House cannot recover those costs. *See W&O Inc.*, 213 F.3d at 620. Since the House has not shown that all the legislative transcripts it ordered meet § 1920's statutory authorization, the Court should exclude the $5,409.50 the House requests.

**IV. The House has failed to show that additional deposition-related fees were necessarily incurred for use in the case.**

Additionally, the House cannot tax various fees totaling $1,501.20 associated with the depositions of Carolyn Abott, Hannah Walker, Stephanie Puello, and Cory McCartan. These are the $175.00 "Load File (LEF | XMEF | PTZ | SBF)" charge and $95.00 "Planet Summary"[5] charge for the Abott, Walker, Puello, and McCartan depositions, and the $421.20 "Rough ASCII" charge for Puello. ECF No. 233-1 at 18, 23, 24, 28. These "extraneous items" "encompass items obtained merely for the convenience of counsel" and the House "has not explained the meaning of these charges or their necessity." *Lankhorst*, 2015 WL 5724369, at *7 (rejecting fees for ASCII formatting, video-conferencing, and other services besides court reporter's appearance and transcript copies); *accord W&O Inc.*, 213 F.3d at 620; *see also Cannioto v. Louisville Ladder, Inc.*, No. 8:09-cv-1892-JSM-TBM, 2011 WL 2473100, at *1 (M.D. Fla. June 22, 2011) (rejecting as "costs incurred for Defendants' convenience" various fees for ASCII disks and special formatting of deposition transcripts).[6]

## CONCLUSION

For the foregoing reasons, the Court should exclude $20,604.36 from the House's asserted costs and $1,255.30 from the Secretary's asserted costs. Plaintiffs do not object to taxation of the remaining asserted costs.

---

[5] According to Planet Depos, "Planet Summary™ uses AI to condense, highlight, and hyperlink key information from your transcript." *Planet Pro™ Suite*, Planet Depos, https://planetdepos.com/services/litigation-technology.

[6] Notably, the Secretary does not seek to recover the fees he incurred for the "Rough ASCII," "Planet Summary," "Smart Summary," or "Electronic Files" for Carolyn Abott's and Maria Mathews' depositions. ECF No. 235 at 5, 9, 11.

Respectfully submitted October 30, 2026,

Andrew Frackman*
**O'Melveny & Myers LLP**
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000
afrackman@omm.com

Brian P. Quinn*
Patrick J. Jones*
Emily Murphy*
Helena M. Li*
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20006
(202) 383-5300
bquinn@omm.com
pjones@omm.com
emurphy@omm.com
hli@omm.com

*/s/ Caroline A. McNamara*
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc.**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org
cmcnamara@aclufl.org

Jorge L. Vasquez, Jr.*
**Vasquez Attorneys at Law, PC**
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
jorge@vasquezpc.com

**Admitted pro hac vice*

*Counsel for Plaintiffs*